#30466 – Medical Arts Press 1-800-328-2179

Paul Nguyen
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708
Tel: (949) 923-0106
Mnapaul1@gmail.com

Plaintiff in Pro Per

**FILED**

MAR 12 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>MINH TUONG NGUYEN,<br><br>                    Debtor.<br><br>_____<br><br>PAUL NGUYEN,<br><br>                    Plaintiff,<br>     v.<br><br>MINH TUONG NGUYEN,<br>                    Defendant. | Case No.: 8:26-bk-10347-SC<br><br>**Chapter 7**<br><br>ADVERSARY NO.:<br><br><br>**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)** |

Paul Nguyen ("Plaintiff"), as assignee of the judgment creditor in the underlying

state court action, complains against Minh Tuong Nguyen ("Defendant" or "Debtor") as

follows:

### JURISDICTION AND VENUE

1.    This is an adversary proceeding pursuant to *Federal Rule of Bankruptcy Procedure*

7001(6) to determine the non-dischargeability of a debt under 11 U.S.C. §§

523(a)(2), 523(a)(4), and 523(a)(6).

Page 1

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER  11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I), as it is a core proceeding arising under Title 11 of the United States Code.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a), as this proceeding arises in or is related to the Debtor's Chapter 7 bankruptcy case pending in this Court, Case No. 8:26-bk-10347-SC.

4. This matter is timely filed within the deadline set forth in *Federal Rule of Bankruptcy Procedure* 4007(c).

## PARTIES

5. Plaintiff Paul Nguyen is an individual residing in Fountain Valley, California. Plaintiff is the assignee of record of the judgment entered against the Debtor in the Orange County Superior Court action entitled *Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.*, Case No. 30-2022-01253059-CU-OR-CJC (the "State Court Action"). As assignee, Plaintiff holds all rights, title, and interest in the judgment debt owed by the Debtor.

6. Defendant Minh Tuong Nguyen is the Debtor in the above-captioned Chapter 7 bankruptcy case, filed on February 4, 2026. Defendant resides in or has substantial connections to Orange County, California.

## FACTUAL ALLEGATIONS

7. On or about April 20, 2022, Ngoc Tuyet Lam ("Original Plaintiff") filed a complaint in the State Court Action against the Debtor and others, alleging causes of action including breach of fiduciary duty, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, actual fraud, constructive fraud, constructive trust, quiet title, conversion, accounting, money had and received, intentional infliction of emotional distress, and negligent infliction of emotional distress.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)

Page 2

8.   The claims in the State Court Action arose from the Debtor's fraudulent conduct involving real property transactions and financial dealings with the Original Plaintiff. Specifically:

9.   The Debtor misrepresented material facts regarding the ownership, value, and status of certain real properties, inducing the Original Plaintiff to enter into agreements and transfer funds or property under false pretenses.

10.  The Debtor concealed critical information, such as hidden encumbrances, undisclosed interests held by third parties, or the true nature of escrow arrangements, to deceive the Original Plaintiff and prevent her from discovering the fraud.

11.  The Debtor breached fiduciary duties arising from a confidential relationship with the Original Plaintiff, including duties of loyalty, good faith, and full disclosure, by prioritizing personal gain and misappropriating assets entrusted to him.

12.  The Debtor converted funds and property belonging to the Original Plaintiff, including but not limited to escrow deposits and proceeds from property sales, diverting them for personal use without authorization.

13.  The Debtor engaged in willful and malicious acts, such as forging documents, fabricating transaction records, and inflicting severe emotional distress through repeated deceptive communications, causing substantial harm to the Original Plaintiff.

14.  The Debtor was properly served with the summons and complaint in the State Court Action.

15.  On May 20, 2025, the Orange County Superior Court granted the Original Plaintiff's motion for terminating sanctions against the Debtor and co-defendant for misuse of the discovery process, including willful failure to respond to discovery and disobedience of court orders to provide discovery, pursuant to California Code

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER  11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)

of Civil Procedure § 2023.030. This order struck the Debtor's answer, effectively resolving the issues in favor of the Original Plaintiff.

16. As a result of the terminating sanctions and the striking of the Debtor's answer, the Debtor failed to defend the action on the merits, leading to entry of default.

17. On July 23, 2025, the Orange County Superior Court entered a default judgment against the Debtor in the State Court Action in the amount of $ 2,086,793.75, plus accruing interest and costs (the "Judgment").

18. The Judgment is final and non-appealable. It represents a debt owed by the Debtor to the Original Plaintiff, which has been assigned to Plaintiff Paul Nguyen.

19. On December 1, 2025, a Writ of Execution was issued in the State Court Action, and on December 2, 2025, a Notice of Levy was served, perfecting a levy lien on certain escrow funds in which the Debtor held an interest.

20. On February 4, 2026, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court, listing the Judgment debt in his schedules.

21. The nature of the Judgment debt, as established by the underlying claims in the State Court Action and the terminating sanctions for willful discovery misconduct, renders it non-dischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6).

## FIRST CAUSE OF ACTION

### (Non-Dischargeability Under 11 U.S.C. § 523(a)(2) – Fraud)

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 22 as if fully set forth herein.

23. The Judgment debt arises from money, property, or services obtained by the Debtor through false pretenses, false representations, or actual fraud.

24. Specifically, the Debtor made fraudulent misrepresentations and engaged in fraudulent concealment to induce the Original Plaintiff to part with money or

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)

property, as detailed in the First Amended Complaint in the State Court Action.

25. The Debtor knew these representations were false at the time they were made, or made them with reckless disregard for the truth, intending to deceive the Original Plaintiff.

26. The Original Plaintiff justifiably relied on the Debtor's representations, resulting in damages as reflected in the Judgment.

27. The terminating sanctions further evidence the Debtor's willful misconduct, supporting the fraudulent nature of the debt.

28. By reason of the foregoing, the Judgment debt is non-dischargeable under 11 U.S.C. § 523(a)(2).

## SECOND CAUSE OF ACTION

### (Non-Dischargeability Under 11 U.S.C. § 523(a)(4) – Fraud or Defalcation in Fiduciary Capacity, Embezzlement, or Larceny)

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. The Judgment debt arises from fraud or defalcation while the Debtor was acting in a fiduciary capacity, embezzlement, or larceny.

31. The Debtor owed fiduciary duties to the Original Plaintiff arising from a confidential relationship, as alleged in the State Court Action, and breached those duties through fraudulent conduct, conversion, and misappropriation of funds.

32. Such conduct constitutes defalcation, embezzlement, or larceny within the meaning of § 523(a)(4).

33. The terminating sanctions for willful discovery violations reinforce the Debtor's defalcation and breach of fiduciary obligations.

34. By reason of the foregoing, the Judgment debt is non-dischargeable under 11 U.S.C. § 523(a)(4).

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)

## THIRD CAUSE OF ACTION

**(Non-Disceargeability Under 11 U.S.C. § 523(a)(6) – Willful and Malicious Injury)**

35.  Plaintiff incorporates by reference the allegations in paragraphs 1 through 34 as if fully set forth herein.

36.  The Judgment debt arises from willful and malicious injury by the Debtor to the Original Plaintiff or her property.

37.  The Debtor's actions, including intentional fraud, conversion, and infliction of emotional distress, were willful, deliberate, and intended to cause harm, or were substantially certain to cause harm.

38.  Such conduct was malicious, as it was wrongful and without just cause or excuse.

39.  The court's imposition of terminating sanctions for deliberate and clear disobedience of discovery orders underscores the willful and malicious character of the Debtor's conduct.

40.  By reason of the foregoing, the Judgment debt is non-dischargeable under 11 U.S.C. § 523(a)(6).

//

//

//

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER  11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For a determination that the Judgment debt in the amount of $ 2,086,793.75, plus accrued interest and costs, is non-dischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6);

2. For costs of suit incurred herein;

3. For such other and further relief as the Court deems just and proper.

Dated: March 12, 2026

By: _____
Paul Nguyen
Plaintiff in Pro Per

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER  11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)

## VERIFICATION

I, Paul Nguyen, declare as follows:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 12, 2026, at Fountain Valley, California.

By: _____
Paul Nguyen

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2), 523(a)(4), AND 523(a)(6)