MINH TUONG NGUYEN
Mailing Address: c/o Directions Law
9140 Trask Ave, Suite 100
Garden Grove, CA 92844
Phone Number: (714) 515-1155
Email: minhnguyensteven@gmail.com

Defendant, In Pro Per

FILED

APR 13 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>MINH TUONG NGUYEN,<br><br>Debtor.<br><hr>PAUL NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>MINH TUONG NGUYEN<br><br>Defendant. | Case No.: 8:26-bk-10347-SC<br>Adv. No.: 8:26-ap-01027-SC<br><br>**DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**<br><br>[11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6)] |

Defendant Minh Tuong Nguyen ("Defendant"), appearing in pro per, answers Plaintiff Paul Nguyen's ("Plaintiff") Complaint to Determine Non-Dischargeability of Debt as follows:

## I.    PRELIMINARY STATEMENT

Plaintiff Paul Nguyen is not the original creditor in this matter. He is a purported assignee of a default judgment obtained in the underlying state court action (Orange County Superior Court, Case No. 30-2022-01253059-CU-OR-NJC). That default resulted not from any

1

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

misconduct by Defendant, but from the documented abandonment and medical incapacity of Defendant's prior counsel, Alex L. Benedict, Esq. A motion to set aside that default judgment is currently pending before the Orange County Superior Court (Case No. 30-2022-01253059-CU-OR-NJC, Reservation No. 74733159), and that motion has not been adjudicated on its merits. The hearing on the motion to vacate was continued to September 17, 2026, in part as a result of the filing of this bankruptcy proceeding. The judgment upon which this entire adversary proceeding is founded has never been litigated on the merits and remains subject to vacatur. Each of the three claims for non-dischargeability therefore fails at its foundation.

## II.    GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7008, Defendant denies each and every allegation contained in the Complaint, and the whole thereof, and denies that Plaintiff is entitled to any relief whatsoever. To the extent any allegation is not expressly admitted below, it is denied.

## III.    SPECIFIC RESPONSES TO ALLEGATIONS

**Jurisdiction and Venue (Paragraphs 1-4)**

1. Admitted.

2. Admitted that this Court has jurisdiction. Defendant reserves all rights regarding the scope of any eventual determination.

3. Admitted.

4. Defendant lacks sufficient knowledge or information to admit or deny whether the complaint was timely filed within the deadline set forth in Federal Rule of Bankruptcy Procedure 4007(c), and on that basis denies the same. Defendant denies that the complaint states valid claims for relief.

**Parties (Paragraphs 5-6)**

5. Defendant lacks sufficient knowledge or information to admit or deny that Plaintiff is the valid assignee of record of the judgment entered in the state court action. Defendant denies that any such assignment conveys standing to pursue fraud-based non-dischargeability claims that are

2

personal to the original injured party, Ngoc Tuyet Lam. Defendant admits the State Court Action exists.

6. Admitted.

**Factual Allegations (Paragraphs 7-21)**

7. Defendant lacks sufficient knowledge or information to admit or deny the specific date on which a complaint was filed in the State Court Action or the precise identity of the party who filed it, and on that basis denies the same. Defendant acknowledges that a state court action bearing Case No. 30-2022-01253059-CU-OR-NJC exists in the Orange County Superior Court. Defendant denies that the allegations in that complaint were true or that any causes of action alleged therein were meritorious.

8. Defendant denies the allegations of paragraph 8. Defendant denies engaging in any fraudulent conduct involving real property transactions or financial dealings with the Original Plaintiff.

9. Defendant denies the allegations of paragraph 9. Defendant denies making any material misrepresentations regarding the ownership, value, or status of any real property.

10. Defendant denies the allegations of paragraph 10. Defendant denies concealing any material information, including hidden encumbrances, undisclosed third-party interests, or the true nature of any escrow arrangements.

11. Defendant denies the allegations of paragraph 11. Defendant denies the existence of any fiduciary or confidential relationship giving rise to duties of loyalty or full disclosure as alleged, and denies any breach thereof.

12. Defendant denies the allegations of paragraph 12. Defendant denies converting any funds or property belonging to the Original Plaintiff, including any escrow deposits or proceeds from property sales.

13. Defendant denies the allegations of paragraph 13. Defendant denies forging documents, fabricating transaction records, or engaging in willful and malicious acts intended to cause harm.

3

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
OF DEBT

14. Defendant lacks sufficient knowledge or information to admit or deny the specific manner, method, date, or technical sufficiency of any purported service of the summons and complaint in the State Court Action, and on that basis denies the allegations of paragraph 14 as stated. Defendant does not deny having become aware of the existence of the State Court Action, but disputes that proper service was effectuated in compliance with all applicable requirements, and reserves all rights and defenses relating to service of process.

15. Defendant lacks sufficient knowledge or information to admit or deny the specific date on which any motion for terminating sanctions was granted or the precise procedural details of that ruling, as Defendant was not personally present in the state court proceedings and was not informed of these events by his prior counsel. On that basis, Defendant denies the specific allegations of paragraph 15 as stated. Defendant affirmatively states, however, that to the extent any terminating sanctions were issued, they were the direct and proximate result of the abandonment, medical incapacity, and failure to act by his prior counsel, Alex L. Benedict, Esq., and were not the product of any willful misconduct or deliberate refusal by Defendant to comply with his discovery obligations. A motion to set aside the default and default judgment is currently pending before the Orange County Superior Court (Reservation No. 74733159). The hearing on that motion was continued to September 17, 2026, in part as a result of the automatic stay arising from this bankruptcy filing.

16. Defendant lacks sufficient knowledge or information to admit or deny the specific circumstances by which he was allegedly prevented from defending the state court action, as Defendant was not informed by his prior counsel of the procedural posture, the risk of default, or the entry of any terminating sanctions, and on that basis denies the allegations of paragraph 16 as stated. Defendant affirmatively states that to the extent any default was entered, it did not result from any willful act or omission by Defendant, but rather from circumstances entirely beyond his control including the abandonment and incapacity of his prior counsel. Defendant denies that the entry of any default reflects any finding of liability on the merits of any claim.

4

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

17. Defendant lacks sufficient knowledge or information to admit or deny the specific amount or the specific date on which any default judgment may have been entered in the state court action, as Defendant was not informed of these events by his prior counsel and did not learn of any such judgment until enforcement efforts began. On that basis, Defendant denies the specific allegations of paragraph 17 as stated. Defendant affirmatively states that to the extent any default judgment was entered, it was obtained entirely by default and without any adjudication of the merits of any claim, and is the subject of a pending motion to set aside and vacate in the Orange County Superior Court.

18. Defendant denies that the judgment is final and non-appealable for purposes of this adversary proceeding, given the pending motion to vacate. Defendant denies that it represents a validly established debt arising from fraud or willful misconduct.

19. Defendant lacks sufficient knowledge or information to admit or deny whether a Writ of Execution was issued, the date of any such issuance, or the specific enforcement actions taken, as Defendant was not informed of these proceedings by his prior counsel. On that basis, Defendant denies the allegations of paragraph 19 as stated.

20. Defendant admits that he filed a voluntary Chapter 7 petition on February 4, 2026, due to legitimate financial distress and his inability to pay debts as they came due. Defendant denies that the filing was improper, in bad faith, or for any improper purpose.

21. Defendant denies the allegations of paragraph 21. Defendant denies that the judgment debt is non-dischargeable under any provision of 11 U.S.C. § 523.

**First Cause of Action - 11 U.S.C. § 523(a)(2) - Fraud (Paragraphs 22-28)**

22. Defendant incorporates by reference his responses to paragraphs 1 through 21.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24. Defendant denies making fraudulent misrepresentations or engaging in fraudulent concealment of any kind.

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

25. Defendant denies the allegations of paragraph 25. Defendant denies that any representation was false when made, or that Defendant acted with reckless disregard for the truth.

26. Defendant denies the allegations of paragraph 26. Defendant denies that the Original Plaintiff justifiably relied on any representation by Defendant, or that any such reliance caused the damages alleged.

27. Defendant denies the allegations of paragraph 27. The imposition of discovery sanctions does not constitute, and cannot substitute for, independent proof of the elements of fraud under 11 U.S.C. § 523(a)(2).

28. Defendant denies that the judgment debt is non-dischargeable under 11 U.S.C. § 523(a)(2).

**Second Cause of Action - 11 U.S.C. § 523(a)(4) - Fiduciary Fraud/Defalcation (Paragraphs 29-34)**

29. Defendant incorporates by reference his responses to paragraphs 1 through 28.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31. No fiduciary relationship existed between Defendant and the Original Plaintiff within the meaning of 11 U.S.C. § 523(a)(4), which requires a formal, pre-existing fiduciary relationship arising from an express or technical trust. A mere confidential or business relationship does not satisfy this statutory standard. *In re Hemmeter*, 242 F.3d 1186 (9th Cir. 2001).

32. Defendant denies the allegations of paragraph 32. Defendant denies that his conduct constitutes defalcation, embezzlement, or larceny. Defalcation under § 523(a)(4) requires proof of a culpable mental state beyond mere negligence. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013).

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies that the judgment debt is non-dischargeable under 11 U.S.C. § 523(a)(4).

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

**Third Cause of Action - 11 U.S.C. § 523(a)(6) - Willful and Malicious Injury (Paragraphs 35-40)**

35. Defendant incorporates by reference his responses to paragraphs 1 through 34.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37. Defendant denies that his actions were willful, deliberate, or intended to cause harm, or that they were substantially certain to cause harm, within the meaning of *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39. Discovery sanctions do not establish the subjective intent to harm required under 11 U.S.C. § 523(a)(6).

40. Defendant denies that the judgment debt is non-dischargeable under 11 U.S.C. § 523(a)(6).

## IV.    AFFIRMATIVE DEFENSES

Without admitting any liability, Defendant asserts the following affirmative defenses:

**1. Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted. Plaintiff has not pled, and cannot prove, the essential elements of non-dischargeability under 11 U.S.C. §§ 523(a)(2), (a)(4), or (a)(6) with the specificity required by Federal Rule of Civil Procedure 9(b).

**2. Default Judgment Does Not Establish Fraud**

The underlying state court judgment was obtained by default following terminating sanctions — a procedural remedy for discovery violations, not an adjudication on the merits. That judgment has no preclusive effect on the § 523 elements in this Court. Plaintiff must independently prove each element by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991).

**3. Contested and Potentially Void Default Judgment**

The default judgment that forms the entire predicate of this adversary proceeding is actively contested and subject to a pending motion to set aside and vacate in the Orange County

7

Superior Court (Case No. 30-2022-01253059-CU-OR-NJC, Reservation No. 74733159). That motion has not been adjudicated on its merits. The state court hearing on the motion to vacate was continued to September 17, 2026, in part due to the filing of this bankruptcy proceeding. Proceeding to adjudicate non-dischargeability based on a default judgment that was never litigated on the merits, that resulted from documented attorney abandonment, and that remains subject to vacatur would be fundamentally unjust and premature. A judgment that may ultimately be set aside cannot serve as the predicate for a permanent finding of non-dischargeability. Defendant respectfully requests that this Court stay or defer further proceedings in this adversary proceeding pending final resolution of the motion to vacate in state court.

**4. Attorney Abandonment and Extrinsic Neglect**

All procedural defaults underlying the state court judgment were caused by the abandonment, medical incapacity, and failure to communicate by Defendant's prior counsel, Alex L. Benedict, Esq., who suffered brain injuries in a car accident and continued to appear of record without disclosing his incapacity. Combined with Defendant's English language barrier and extraordinary personal circumstances, these facts constitute extrinsic neglect and attorney fault, not misconduct by Defendant.

**5. No Qualifying Fiduciary Relationship**

There was no fiduciary relationship between Defendant and the Original Plaintiff within the meaning of 11 U.S.C. § 523(a)(4). The statute requires a formal trust relationship from an express or technical trust, not a mere business or confidential relationship. *In re Hemmeter*, 242 F.3d 1186 (9th Cir. 2001).

**6. No Willful and Malicious Injury**

Defendant did not act with subjective intent to harm the Original Plaintiff, nor were his actions substantially certain to cause harm, as required by *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).

**7. Assignee Lacks Standing**

Plaintiff, as a mere assignee of the judgment debt, lacks standing to independently

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

establish the reliance and personal harm elements of § 523(a)(2), which are personal to the original creditor and cannot be transferred by assignment of a default judgment alone.

**8. Good Faith**

Defendant acted in good faith in all transactions and dealings with the Original Plaintiff. Any alleged harm resulted from disputed business dealings and differing interpretations of agreements, not fraudulent intent.

**9. Failure to Mitigate**

To the extent any damages were suffered, the Original Plaintiff and/or Plaintiff failed to take reasonable steps to mitigate those damages.

**10. Unclean Hands**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, based on the conduct of the Original Plaintiff and her counsel during the underlying litigation, including discovery gamesmanship that contributed to the procedural collapse of Defendant's defense.

**11. Reservation of Rights**

Defendant reserves the right to assert additional defenses as discovery and investigation proceed.

## V.    PRAYER FOR RELIEF

WHEREFORE, Defendant Minh Tuong Nguyen respectfully prays for judgment as follows:

1. That Plaintiff take nothing by way of this Complaint;

2. That the Court determine the subject debt is dischargeable under Chapter 7 of the Bankruptcy Code;

3. That the Court stay or defer further proceedings in this adversary proceeding pending the final resolution of the pending motion to set aside and vacate the default judgment in the Orange County Superior Court, currently set for September 17, 2026, so that the merits of any non-dischargeability claim may only be adjudicated based on a valid, final judgment;

4. For such costs as are permitted by applicable law; and

5. For such other and further relief as the Court deems just and proper

9

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
OF DEBT

Dated: April 13, 2026

Respectfully submitted,

By: _____

**MINH TUONG NGUYEN**

Defendant, In Pro Per

DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
OF DEBT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9140 Trask Ave, Suite 100, Garden Grove, CA 92844

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT MINH TUONG NGUYEN'S ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/13/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Leonard Pena, Esq. (Counsel for Debtor)
1003 Diamond Avenue Suite 202
South Pasadena, California 91030
Emails: lpena@penalaw.com, Reception@penalaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 04/13/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Plaintiff in Pro Per | Judge |
| Paul Nguyen | Scott Clarkson |
| 16027 Brookhurst Street, Suite I-104 | 411 West Fourth Street, Suite 2030 |
| Fountain Valley, CA 92708 | Santa Ana, CA 92701-4593 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/13/2026 | Brittney Le | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**