Paul Nguyen
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708
Tel: (949) 923-0106
Mnapaul1@gmail.com

Plaintiff in Pro Per



**FILED**

APR 15 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In Re:<br><br>    MINH TUONG NGUYEN;<br><br>                    Debtor. | Chapter 7<br><br>Bankruptcy Case No.  :  8:26-bk-10347-SC<br>Adversary Proceeding :  8:26-ap-01027-SC |
| PAUL NGUYEN;<br>                    Plaintiff,<br><br>                    Vs.<br><br>MINH TUONG NGUYEN,<br><br>                    Defendant. | PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION.<br><br>Date:    June 9, 2026<br><br>Time:    1:30 P.M.<br><br>Place:   Courtroom 5C |

Plaintiff PAUL NGUYEN ("PAUL") hereby seek summary judgment against MINH TUONG NGUYEN ("MINH" or "Defendant") pursuant to Rule 56 of the Federal *Rules of Civil Procedure* or in the alternative, summary adjudication of issues. Plaintiff seeks judgment for determination of his claim under Sections 523(a)(2)(A) and (a)(4), as follows:

## I.   INTRODUCTION

Defendant's answer attempts to recast this adversary proceeding as a mere dispute over a "procedural" default judgment that is still under attack in state court. That characterization cannot be reconciled with the record.

The judgment at issue did not result from Defendant's failure to appear. On the contrary, Defendant answered the state-court complaint, appeared through counsel, and litigated the action for over two years. Discovery was propounded and court orders were entered compelling compliance. When Defendant disregarded those orders, the state court—after multiple hearings and opportunities for defense counsel to explain—found the noncompliance "nothing less than 'willful'" and imposed a terminating sanction, striking Defendant's answer and entering default. (Minute Order dated 05/21/2025, p. 2.) The court then conducted a prove-up proceeding under California *Code of Civil Procedure* section 585(b), considered a detailed declaration with 129 pages of supporting exhibits, and entered judgment in the amount of $2,086,793.75.

The operative state-court First Amended Complaint expressly pleaded fraudulent misrepresentation, fraudulent concealment, actual fraud, and conversion—the very theories that underlie nondischargeability under 11 U.S.C. § 523(a)(2)(A). The prove-up submission presented those same fraud facts, supported by bank records, wire transfers, escrow statements, mortgage documents, text messages, and payment records, for the court's adjudication.

Plaintiff submits that this record provides a sufficient basis for collateral estoppel in nondischargeability proceedings under controlling Ninth Circuit legal authorities. Even if the Court determines that preclusion does not resolve every element of the § 523(a)(2)(A) inquiry, the undisputed facts independently establish each element by a preponderance of the evidence. At the very least, the record warrants partial adjudication of the standing, finality, and procedural predicates that Defendant's answer places in dispute.

## II.   UNDISPUTED MATERIAL FACTS

The facts set forth in Plaintiff's Statement of Uncontroverted Facts are incorporated by reference. The essential undisputed facts are as follows:

In the state-court action, Ngoc Tuyet Lam filed a First Amended Complaint alleging that Defendant induced her—a recent immigrant with limited English proficiency—to entrust him with substantial funds for the Teal and Flamingo real property transactions. The complaint alleged that Defendant falsely represented the transactions would be handled as all-cash purchases for Lam's benefit, while in reality he failed to deposit all of her funds into escrow, secretly obtained a mortgage on the Flamingo property, structured title and loan documents to include his wife as a co-borrower without Lam's knowledge, and diverted over one million dollars of Lam's funds to his own use.

Defendant answered the state-court complaint through counsel and litigated the action before entry of default. After protracted discovery disputes—including two court orders compelling compliance (issued 11/20/2024 and 12/4/2024), multiple ex parte hearings, and defense counsel's inability to explain the violations—the state court found the noncompliance willful, struck Defendant's answer, and entered default as a terminating sanction on May 21, 2025.

On July 23, 2025, the state court entered a court default judgment under CCP § 585(b) after expressly considering plaintiff's written declaration and evidence. The judgment awarded damages of $1,672,952.48, prejudgment interest of $389,515.94, and costs of $5,482.35, for a total of $2,086,793.75.

Plaintiff Paul Nguyen is the assignee of record of that judgment. No order vacating the judgment has been entered.

### III.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), incorporated by Fed. R. Bankr. P. 7056. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). Once that burden is met, the nonmoving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory allegations and bare denials, unsupported by specific facts in the record, are insufficient to defeat summary judgment. Fed. R. Civ. P. 56(c)(1)(A); *Anderson*, 477 U.S. at 256.

The creditor bears the burden of proving nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286–291 (1991).

To prevail under § 523(a)(2)(A), a creditor must establish five elements: (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of the statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor; and (5) damage to the creditor proximately caused by the reliance. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000); *see also Field v. Mans*, 516 U.S. 59, 70–75 (1995) (adopting "justifiable reliance" rather than "reasonable reliance" standard for § 523(a)(2)(A)).

A bankruptcy court may rely on collateral estoppel to establish these elements where they were actually litigated and necessarily decided in a prior proceeding. *Grogan*, 498 U.S. at 284–285 & n.11.

## IV.      PLAINTIFF HAS STANDING

Plaintiff is the assignee of record of the judgment debt, as reflected in the filed acknowledgment of assignment of judgment and Plaintiff's assignee-of-record status in the state-court docket.

An assignee of a judgment debt may prosecute a nondischargeability action under § 523(a). Pursuant to binding Ninth Circuit precedent, an assignee can step into the shoes of an assignor and assert a nondischargeability claim. *In re Boyajian*, 564 F.3d 1088, 1091 (9th Cir. 2009) ("[A]ssuming [the assignee] was indeed the recipient of a general

assignment of the original judgment, it can stand in the shoes of its assignor and pursue a non-dischargeability action under § 523(a)(2)(B).")). Defendant's seventh affirmative defense—challenging standing on the theory that reliance elements are "personal" to the original creditor—conflates the identity of the party who suffered the fraud with the identity of the party who holds the resulting claim. Assignment transfers the chose in action, including the right to invoke whatever preclusion doctrines apply to the underlying judgment.

## V.      THE PRECLUSION PREDICATES ARE SATISFIED

Issue preclusion applies in nondischargeability proceedings to bar the relitigation of factual issues that were determined in a prior state court action. *Grogan v. Garner*, 498 U.S. 279, 284–86 (1991). To determine the issue-preclusive effect of a California state court judgment, California preclusion law must be applied. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (the full faith and credit statute "directs a federal court to refer to the preclusion law of the State in which judgment was rendered"); *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995). Under California law, the party asserting issue preclusion has the burden of establishing the following threshold requirements:

(1) the issue sought to be precluded must be identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001).

Finally, the public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants

from harassment by vexatious litigation—must be considered to determine whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy. *People v. Ochoa*, 191 Cal. App. 4th 664, 668 (2011).

*Harmon* cautioned that a default judgment may have preclusive effect in a subsequent § 523 proceeding only where the record is sufficient to determine that the requisite issues were raised and decided. 250 F.3d at 1245–1247. The question is not whether the judgment automatically proves fraud, but whether the state-court record permits this Court to determine that the fraud issues were necessarily decided as essential elements of the relief granted.

## A.      The Fraud Issues Are Identical

The "identical issue" requirement addresses whether "identical factual allegations" are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same. *Lucido v. Superior Court*, 51 Cal. 3d 335, 342 (1990). Critically, "[t]he elements of fraud under § 523(a)(2)(A) match the elements of common law fraud and of actual fraud under California law." *In re Jung Sup Lee*, 335 B.R. 130, 136 (B.A.P. 9th Cir. 2005). Accordingly, where a California state court has found a defendant liable for fraud, the issues necessarily determined by that finding are identical to the issues that must be established for nondischargeability under § 523(a)(2)(A). *See Muegler v. Bening*, 413 F.3d 980, 983 (9th Cir. 2005).

The state-court First Amended Complaint expressly pleaded fraudulent misrepresentation (Second Cause of Action), fraudulent concealment (Third Cause of Action), actual fraud (Fifth Cause of Action), and conversion (Ninth Cause of Action). The complaint alleged each element of fraud with specificity: Defendant's false representations regarding all-cash purchases, his knowing concealment of the mortgage and co-borrower structure, Lam's justifiable reliance as a recent immigrant unfamiliar with American real

6

estate practices, and resulting damages exceeding one million dollars. The factual allegations in the state-court complaint are identical to the factual allegations underlying the nondischargeability claim in this adversary proceeding.

**B.      Defendant Had Actual Notice and a Full Opportunity to Litigate**

Defendant did not merely receive notice of the state-court action—he answered the complaint, appeared through retained counsel (the Law Offices of Alex L. Benedict & Associates, APLC), and participated in the litigation for approximately two years before the terminating sanction was imposed. Discovery was propounded. Court orders were entered on November 20, 2024, and December 4, 2024, compelling Defendant's compliance with his discovery obligations. Ex parte hearings were conducted on May 6 and 7, 2025, at which defense counsel appeared but was unable to explain the continued noncompliance. The state court's May 21, 2025 Minute Order documents this history in detail. The court found that "Defendants have failed to comply with this Court's 11/20/24 and 12/4/24 discovery orders" and that "[t]he failure to comply with the Court's discovery orders can be described as nothing less than '*willful*.'" (Minute Order dated 05/21/2025, p. 2.) Defense counsel was "*given every opportunity to explain the failure to comply with any of the Court's previous discovery orders*" but was "[u]nable to do so." (*Id.*) The court concluded that "*lesser sanctions would not be effective in compelling Defendants' compliance.*" (*Id.*)

That Defendant now blames his former attorney's purported medical incapacity does not undermine the preclusion analysis. The relevant inquiry under California collateral estoppel law is whether the party had a full and fair opportunity to litigate—and Defendant unquestionably did. He was represented by counsel who appeared in court, participated in discovery disputes, and attended multiple hearings. The consequences of counsel's performance in that litigation may be relevant to a motion to vacate in state court, but they

do not negate the jurisdictional and procedural predicates for issue preclusion.

**C.    The Fraud Issues Were Actually Submitted to the Court for Determination**

Under California law, an issue is "actually litigated" when it is properly raised by a party's pleadings or otherwise, when it is submitted to the court for determination, and when the court actually determines the issue. *In re Harmon*, 250 F.3d at 1247. California courts have also held that if an issue is determined to have been necessarily decided in a prior proceeding, it was actually litigated. *Id.* at 1248. An issue is "necessarily decided" when: (1) there are explicit findings of an issue made in a judgment or decision; or (2) the issue is a conclusion that must have been necessarily decided by the court. *In re Dason*, 588 B.R. 537, 544 (Bankr. C.D. Cal. 2018). "Whether an issue was 'necessarily decided' has been interpreted to mean that the issue was not 'entirely unnecessary' to the judgment in the prior proceeding." *Lucido*, 51 Cal. 3d at 342.

Unlike a bare clerk's default under CCP § 585(a)—where no judicial review of the evidence occurs—this judgment was entered under **CCP § 585(b)** as a court judgment after the judge expressly considered a written declaration and supporting evidence. The certified judgment form confirms that the court considered "plaintiff's written declaration" in entering judgment. To establish fraud under California law, a plaintiff must establish: "(a) a misrepresentation of material fact (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997). Because the elements required to establish nondischargeability under § 523(a)(2)(A) are the same as those required to establish fraud under California law, *In re Jung Sup Lee*, 335 B.R. at 136, a state court's determination of fraud on causes of action that specifically pleaded those elements necessarily decides the requirements for

§ 523(a)(2)(A) relief. *See Muegler*, 413 F.3d at 983.

The prove-up declaration detailed the specific misrepresentations Defendant made to Lam, the concealments he practiced, and the diversion of funds, with 129 pages of supporting exhibits including bank records, wire transfers, escrow statements, mortgage documents, text messages, and payment records. The state court entered a court judgment under CCP § 585(b) after reviewing a prove-up submission that presented the fraud causes of action and supporting evidence. Plaintiff submits that this record provides a sufficient basis for this Court to determine that the fraud issues were necessarily decided by the state court. The relevant question is not whether the judgment label alone implies fraud, but whether the state-court record is sufficient to reveal the controlling facts and permit this Court to determine that the fraud issues were raised, submitted for determination, and necessarily decided. *See Kelly v. Okoye* (*In re Kelly*), 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir. 1996); *Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240, 1246-47 (9th Cir. 2001). To the extent the Court finds any element of the preclusion analysis insufficient, Plaintiff has independently established the elements of § 523(a)(2)(A) through the undisputed facts set forth in Section VI below.

Defendant may argue that, because his answer was stricken as a terminating sanction, the resulting judgment is effectively a default that should not be given preclusive effect on the "actually litigated" element. The Ninth Circuit rejected such materially identical argument in *Muegler v. Bening*, 413 F.3d 980, 986 (9th Cir. 2005). In *Muegler*, the debtor contended that discovery and trial sanctions deprived him of a full and fair opportunity to litigate, rendering the judgment equivalent to a default. The Ninth Circuit held that "the relevant procedural opportunities are those available at the beginning of the case, not those lost due to the Debtor's abuse of the discovery process." *Id*. Because the debtor "filed an answer, thereby requiring proof of the matters not admitted in the pleadings, the resulting

judgment was on the merits." *Id.* Here, as in *Muegler*, Defendant answered the complaint, appeared through counsel for over two years, and lost his pleading only because of his own willful discovery abuse. Defendant's forfeiture of procedural opportunities through misconduct does not negate the preclusive effect of the resulting judgment.

### D.    The Judgment Is Final and Operative

Bankruptcy courts must look to state law to determine the finality of state court judgments. *In re Russell*, 76 F.3d 242, 244 (9th Cir. 1996); *In re Nourbakhsh*, 67 F.3d at 800; *see also* 28 U.S.C. § 1738. Under California law, a state judgment is final for collateral estoppel purposes when either (1) an appeal of the state judgment has been exhausted, or (2) the time to appeal the state judgment has expired. *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007); *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (2000).

Here, judgment was entered on July 23, 2025. Defendant did not file an appeal. The time to appeal under California Rules of Court, rule 8.104, has long since expired. The judgment is therefore final on the merits for purposes of collateral estoppel. That Defendant has filed a motion to vacate does not alter this analysis. A pending motion to vacate does not strip the judgment of its operative effect or its finality for preclusion purposes; unless and until the judgment is actually set aside, it remains a valid, enforceable judgment.

### E.    The Party Against Whom Preclusion Is Sought Is the Same

There is no dispute that Defendant Minh Tuong Nguyen is the same individual who was named as a defendant in the state-court action and against whom the judgment was entered. This element is satisfied.

### F.    The Public Policies Underlying Issue Preclusion Favor Its Application

The public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment

by vexatious litigation—weigh in favor of its application here. *People v. Ochoa*, 191 Cal. App. 4th 664, 668 (2011). Defendant had a full and fair opportunity to litigate the fraud allegations in state court. He appeared through counsel, participated in discovery, and was subject to multiple court orders. Rather than comply with those orders, Defendant engaged in conduct the state court characterized as **"nothing less than 'willful.'"** Permitting Defendant to relitigate the same fraud issues in this Court would undermine the integrity of the state-court proceedings, reward the very discovery misconduct the state court sanctioned, and impose unnecessary costs on Plaintiff and the judicial system.

### G.      This Case Is Distinguishable from Harmon

In *Harmon*, the Ninth Circuit declined to apply collateral estoppel from a no-show default judgment where the underlying complaint was not fraud-specific and the state court had no factual basis on which to determine the fraud issues. 250 F.3d at 1245–1247. The court emphasized that the preclusion inquiry turns on whether the state court either made an "express finding" on the issue or "necessarily decided" the issue because it was an essential element of the relief granted. Id. at 1247–48 (citing *In re Williams' Estate*, 36 Cal. 2d 289, 297 (1950)).

Here, unlike Harmon, Plaintiff offers: (1) a fraud-based First Amended Complaint that specifically pleaded each element of fraudulent misrepresentation, fraudulent concealment, and actual fraud as separate causes of action; (2) Defendant's answer and participation through counsel for over two years; (3) the May 21, 2025 terminating sanctions order containing an explicit finding of "willful" discovery noncompliance; (4) a detailed prove-up declaration supported by 129 pages of documentary exhibits; and (5) a CCP § 585(b) court judgment expressly based on the court's consideration of plaintiff's written declaration and evidence.

Plaintiff acknowledges that even with these distinguishing factors, the Court must

independently determine whether the state-court record is sufficient to establish that each element of § 523(a)(2)(A) was necessarily decided by the state court. Plaintiff does not contend that the judgment automatically proves fraud for nondischargeability purposes. Rather, Plaintiff submits that the combination of a specifically-pleaded fraud complaint, a judicial prove-up with extensive evidentiary submissions, and a court judgment entered under CCP § 585(b) provides this Court with a sufficient basis to determine that the fraud issues were necessarily decided. To the extent the Court finds the preclusion record insufficient as to any element, Plaintiff has independently established the elements of § 523(a)(2)(A) through the undisputed facts set forth in Section VI below.

## VI. THE DEBT IS NONDISCHARGEABLE UNDER § 523(a)(2)(A)

Regardless of whether the Court applies collateral estoppel, the undisputed facts in the state-court record independently establish each element of § 523(a)(2)(A) by a preponderance of the evidence. Plaintiff bears the burden of proof on each element, *Grogan*, 498 U.S. at 286–291, and submits that the following record evidence satisfies that burden.

**Misrepresentation and Concealment**. The state-court First Amended Complaint, the prove-up declaration, and the attached exhibits establish that Defendant represented to Lam that the Teal and Flamingo property transactions would be all-cash purchases, that her funds would be deposited into escrow, and that title would be held as represented. The evidence shows that in reality, Defendant failed to deposit all of Lam's funds into escrow, secretly obtained an $870,000 mortgage on the Flamingo property, arranged for his wife to be placed as a co-borrower on the mortgage without Lam's knowledge, and diverted over one million dollars of Lam's funds to his own use. Defendant's answer in this proceeding offers only bare denials without any supporting declaration or documentary evidence to contradict this record. These facts constitute affirmative misrepresentations and fraudulent

concealments within the meaning of § 523(a)(2)(A). *See In re Slyman*, 234 F.3d at 1085.

**Scienter and Intent to Deceive**. The deliberate nature of Defendant's scheme—diverting escrowed funds, concealing the mortgage, structuring co-borrower arrangements without the victim's knowledge—demonstrates knowledge of falsity and an intent to deceive. A debtor's scienter may be inferred from the totality of the circumstances, including a pattern of concealment and self-dealing. *In re Eashai*, 87 F.3d 1082, 1088 (9th Cir. 1996).

**Justifiable Reliance**. Lam was a recent immigrant to the United States with limited English proficiency who had no experience with American real estate transactions. She confided in Defendant, who represented himself as an experienced real estate investor with a $10 million revolving cash fund. Under the "justifiable reliance" standard adopted by the Supreme Court in *Field v. Mans*, 516 U.S. at 70–75, a plaintiff need not have investigated the truth of the defendant's representations; reliance is justifiable unless the plaintiff had knowledge of the falsity or the falsity was obvious. Lam's reliance on Defendant's representations, given her vulnerability and Defendant's cultivated relationship of trust, was plainly justifiable.

**Proximate Causation and Damage**. But for Defendant's misrepresentations and concealments, Lam would not have entrusted him with $1,546,000 for the Teal and Flamingo transactions. The resulting damages are fixed by the judgment at $2,086,793.75.

## VII.    ALTERNATIVELY, THE DEBT IS NONDISCHARGEABLE UNDER § 523(a)(4) AS EMBEZZLEMENT

Section 523(a)(4) excepts from discharge debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Plaintiff invokes the embezzlement prong, which does not require a formal or pre-existing fiduciary relationship. *In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991).

13

Embezzlement under § 523(a)(4) requires proof that the debtor appropriated funds for his own benefit that were entrusted to him by another, and that the appropriation was accomplished through fraud or was otherwise fraudulent. *In re Littleton*, 942 F.2d at 555; *In re Hashemi*, 104 F.3d 1122, 1124–1125 (9th Cir. 1996).

Here, the undisputed facts establish each element. Lam entrusted Defendant with a total of $1,546,000 for identified property transactions—$600,000 for the Teal property and $946,000 for the Flamingo property. Defendant lawfully received those funds for a specific, identified purpose: deposit into escrow for the purchase of real property on Lam's behalf. Instead, Defendant diverted $1,086,952.48 to his own use while affirmatively concealing the diversion and the mortgage. That conduct—receiving property lawfully, then converting it to one's own use with fraudulent intent—is the very definition of embezzlement. Defendant's Answer invokes *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013), but that case addresses the scienter requirement for defalcation while acting in a fiduciary capacity—not embezzlement. As the Supreme Court explained in *Bullock*, defalcation requires "a culpable state of mind . . . involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." 569 U.S. at 269. Plaintiff's claim here rests on the embezzlement prong, which requires intentional misappropriation—a standard that is amply satisfied by the deliberate diversion and concealment documented in the record.

## VIII.    THE PENDING VACATUR MOTION DOES NOT WARRANT A STAY OR ABSTENTION

Defendant's principal litigation strategy appears to be delay: he asks this Court to defer any determination of nondischargeability until the state court rules on his motion to vacate, which has not been set for hearing. Neither abstention nor a stay is warranted.

14

First, this Court has exclusive jurisdiction to determine the dischargeability of debts under 28 U.S.C. § 1334(b) and § 157(b)(2)(I). Nondischargeability is a core proceeding that cannot be adjudicated by the state court. The bankruptcy court is not required to wait for collateral state-court proceedings to conclude before exercising that jurisdiction.

Second, the mere pendency of a motion to vacate does not divest the state-court judgment of its operative effect. Unless and until the judgment is actually set aside, it remains a valid, enforceable judgment. Speculation about what the state court might do on a future date is not a basis for this Court to defer action.

Third, even if the state-court judgment were eventually vacated, this Court would retain jurisdiction to determine nondischargeability de novo on the underlying facts. A vacatur would remove the preclusion argument but would not eliminate Plaintiff's independent claims under §§ 523(a)(2), (a)(4), and (a)(6). There is no efficiency to be gained from delay.

## IX.   AT MINIMUM, PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY ADJUDICATION

Even if the Court determines that a final merits ruling on nondischargeability should await further proceedings, the Court should at minimum adjudicate the six discrete issues identified in the Notice of Motion. Each of those issues is established by documentary evidence that Defendant cannot genuinely dispute: the content of the First Amended Complaint, the fact of Defendant's answer and participation, the state court's explicit willfulness finding, the CCP § 585(b) judgment's basis, and the fixed amount of the judgment debt. Resolving those issues now will narrow the scope of any remaining proceedings and prevent Defendant from relitigating facts that are established beyond reasonable dispute by authenticated court records.

15

## X. DEFENDANT'S ANSWER DOES NOT CREATE A GENUINE DISPUTE OF MATERIAL FACT

A nonmovant may not rest on the allegations or denials of its pleadings to defeat summary judgment; it must produce affirmative evidence demonstrating a genuine issue for trial. *Anderson*, 477 U.S. at 256; Fed. R. Civ. P. 56(c)(1). Defendant's answer consists almost entirely of bare denials, unsupported by any declaration, exhibit, or specific factual proffer.

Defendant's affirmative defenses likewise fail to create triable issues on the present record.

**Attorney Abandonment**. Defendant's narrative that his former attorney's medical incapacity caused the default does not contradict the state court's finding that the noncompliance was "willful." The state court heard testimony from defense counsel's office at the May 6 and 7, 2025 ex parte hearings and made its finding with that information before it. Moreover, attorney misconduct, even if proven, does not negate the elements of the underlying fraud or the preclusive effect of the judgment on issues that were submitted to the state court for determination.

**Pending Vacatur Motion**. As addressed in Section VIII above, a pending motion does not nullify an operative judgment.

**Language Barrier**. Defendant's claim of an English language barrier does not create a triable issue. Defendant answered the complaint through retained counsel, appeared through counsel for over two years, and filed a detailed answer in this adversary proceeding. The "language barrier" narrative does not erase Defendant's answer, participation, discovery history, or the state court's explicit finding of willfulness.

**Unclean Hands and Failure to Mitigate**. These defenses are conclusory and unsupported by any factual proffer. They are insufficient to defeat summary judgment.

16

## XI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant partial summary judgment determining that the debt evidenced by the July 23, 2025 judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A). The state-court record—including the fraud-specific First Amended Complaint, the prove-up declaration with 129 pages of supporting exhibits, the CCP § 585(b) court judgment, and the unappealed finality of that judgment—provides a sufficient basis for this determination, whether through collateral estoppel or on the independently established merits.

Alternatively, Plaintiff requests partial summary judgment under 11 U.S.C. § 523(a)(4) on an embezzlement theory.

In the further alternative, Plaintiff requests partial summary adjudication of the standing, preclusion, finality, and judgment-amount issues set forth in the Notice of Motion.

Dated:  April 14, 2026                      Respectfully Submitted;

By: Paul Nguyen
Plaintiff In Pro Per

17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

16027 Brookhurst Street, Suite I-104, Fountain Valley, CA 92708

A true and correct copy of the foregoing document entitled (*specify*):

MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE PARTIAL SUMMARY ADJUDICATION

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/15/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
PERSONAL DELIVERY

1.  Minh Tuong Nguyen - c/o Directions Law, 9140 Trask Ave, Suite 100, Garden Grove, CA 92844
2.  Hon. Scott Clarkson - 411 West Fourth Street, Suite 5130 / Courtroom 5C, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/15/2026 | Paul Nguyen | |
|---|---|---|
| Date | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**