| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Minh Tuong Nguyen<br>840 Chateau Ct<br>Garden Grove, CA 92841<br>Email: minhnguyensteven@gmail.com<br><br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | **FILED**<br>**MAY 19 2026**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br>Minh Tuong Nguyen<br><br><br>Debtor(s). | CASE NO.:    8:26-bk-10347-SC<br><br>ADVERSARY NO.: 8:26-ap-01027-SC<br><br>CHAPTER:    7 |
|---|---|
| Paul Nguyen<br><br><br>Plaintiff(s).<br><br>vs.<br><br>Minh Tuong Nguyen<br><br><br>Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE:    06/02/2026<br>TIME:    1:30 PM<br>COURTROOM:    5C<br>ADDRESS:    411 W Fourth St., Santa Ana, CA 92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

A.  **PLEADINGS/SERVICE**:

1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?                        ☒ Yes  ☐ No

2.  Have all parties filed and served answers to the Claims Documents?              ☒ Yes  ☐ No

3.  Have all motions addressed to the Claims Documents been resolved?            ☐ Yes  ☒ No

4.  Have counsel met and conferred in compliance with LBR 7026-1?              ☐ Yes  ☒ No

    Please see Defendant's Attachment A to Joint Status Report.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

Please see attached Declaration of Minh Tuong Nguyen in Support of Defendant's Status Report Entries.

## B. <u>READINESS FOR TRIAL</u>:

1. When will you be ready for trial in this case?

<u>Plaintiff</u>

<u>Defendant</u>

September 2027. Please see Defendant's Attachment B to Joint Status Report.

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

<u>Plaintiff</u>

<u>Defendant</u>

Please see Defendant's Attachment B to Joint Status Report.

3. When do you expect to complete <u>your</u> discovery efforts?

<u>Plaintiff</u>

<u>Defendant</u>

September 2027

4. What additional discovery do you require to prepare for trial?

<u>Plaintiff</u>

<u>Defendant</u>

Please see Defendant's Attachment B to Joint Status Report.

## C. <u>TRIAL TIME</u>:

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

<u>Plaintiff</u>

<u>Defendant</u>

Approximately five to seven court days.

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

<u>Plaintiff</u>

<u>Defendant</u>

Approximately eight to twelve.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| | Approximately seventy-five to one hundred twenty-five. |

## D. PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☐ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: | Reasons: |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (date) _____ | (date) 06/15/2027 |

## E. SETTLEMENT:

1. What is the status of settlement efforts?

   Please see Defendant's Attachment C to Joint Status Report.

2. Has this dispute been formally mediated?     ☐ Yes   ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☐ Yes ☐ No | ☐ Yes ☒ No |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## F. FINAL JUDGMENT/ORDER:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

<table>
<tr><td align="center">Plaintiff</td><td align="center">Defendant</td></tr>
<tr><td>☐ I do consent</td><td>☐ I do consent</td></tr>
<tr><td>☐ I do not consent</td><td>☒ I do not consent</td></tr>
<tr><td>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td><td>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td></tr>
</table>

## G. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: (*Use additional page if necessary*)

Defendant respectfully notes the following matters relevant to the orderly progression of this adversary proceeding:
(1) Defendant is a Vietnamese-primary speaker currently residing in Vietnam and requires accommodations for language access, including Vietnamese interpretation at all hearings and additional time to obtain certified translations of Plaintiff's filings;
(2) Defendant only recently substituted to pro per status and is in the process of retaining limited-scope counsel; Defendant respectfully requests that the Court permit a reasonable transition period;
(3) The underlying state-court default judgment on which Plaintiff's nondischargeability claims rest is the subject of a pending Motion to Set Aside / Vacate Default Judgment under California Code of Civil Procedure section 473(b) (filed in Lam v. Nguyen, OCSC No. 30-2022-01253059-CU-OR-NJC, currently off calendar pending limited bankruptcy stay relief). If the state court grants vacatur, Plaintiff's collateral-estoppel theory in this adversary proceeding is eliminated and the adversary may be substantially or entirely mooted. Defendant respectfully suggests that scheduling, including any trial-readiness or discovery cut-off dates, should be set with that contingency in mind;
(4) Plaintiff has served Defendant with twenty-one interrogatories, twenty-eight requests for production of documents, and thirty-three requests for admission within the past month, and has separately demanded a Rule 2004 examination directed to main-case schedule and Statement of Financial Affairs issues that are not within the scope of this adversary proceeding. Defendant intends to file a Motion for Protective Order under Federal Rule of Civil Procedure 26(c).

Respectfully submitted,

Date: _____

_____
Printed name of law firm

_____
Signature

_____
Printed name

Attorney for: _____

Date: _05/19/2026_

MINH TUONG NGUYEN

_____
Printed name of law firm

_____
Signature

_Minh Tuong Nguyen, in pro per_____
Printed name

Attorney for: _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DEFENDANT'S ATTACHMENT A TO JOINT STATUS REPORT

### A. PLEADINGS/SERVICE

**Section 4.** As set forth in the accompanying Declaration of Minh Tuong Nguyen, Defendant has appeared in pro per in this adversary proceeding since the filing of the Answer on April 13, 2026, primarily speaks Vietnamese, primarily resides in Vietnam, where he provides care to a parent who was recently hospitalized in intensive care and has since been discharged but remains unwell, and has not had a meaningful opportunity to meet and confer because Plaintiff has communicated only in English and has served three sets of written discovery and a Rule 2004 demand within approximately thirty days. Defendant is transmitting today, contemporaneous with this filing, a written meet-and-confer communication to Plaintiff requesting (a) Vietnamese-language versions of all future communications, (b) clarification of the scope and case caption of Plaintiff's discovery, and (c) a sixty-day extension of all discovery-response deadlines. Defendant proposes that the meet-and-confer process be conducted in writing and completed within thirty days, and respectfully requests that any pretrial-conference or discovery cut-off dates be set with that schedule in mind.

1

DEFENDANT'S ATTACHMENT A TO JOINT STATUS REPORT

## DEFENDANT'S ATTACHMENT B TO JOINT STATUS REPORT

### B. READINESS FOR TRIAL

**Section 1.** Defendant will not be ready for trial within four months after the summons issued. Defendant requires the additional time set forth below to secure Vietnamese-language translations of Plaintiff's pleadings and discovery, gather records from third parties (including those held by Defendant's former state-court counsel Alex L. Benedict, Esq., who is currently the subject of a ninety-six-count felony indictment and a State Bar complaint), and respond to three sets of written discovery and a Rule 2004 demand served within approximately thirty days. Defendant's good-faith estimate is September 2027.

**Section 2.** Defendant is a Vietnamese-primary speaker whose primary residence is in Vietnam, where Defendant provides care to his mother (recently hospitalized in intensive care, now discharged but remaining unwell) and to his father (also unwell). Defendant has appeared in pro per in this adversary proceeding since the filing of the Answer on April 13, 2026; Mr. Pena, Defendant's bankruptcy counsel of record in the main case, did not file an answer or appear in this adversary proceeding. Plaintiff has, since the answer was filed approximately five weeks ago, served (a) a First Set of Interrogatories (21 interrogatories), (b) a First Set of Requests for Production of Documents (28 requests), (c) a First Set of Requests for Admission (33 requests), and (d) on May 17, 2026, a Local Bankruptcy Rule 2004-1 meet-and-confer letter demanding a Rule 2004 examination. Defendant requires a reasonable opportunity to obtain certified Vietnamese translations of these papers, gather responsive records held by third parties, and prepare verified responses under oath.

**Section 4.** All discovery permitted by Federal Rule of Bankruptcy Procedure 7026–7037, including without limitation: (a) written discovery of Plaintiff and the original creditor (Ngoc Tuyet Lam) regarding the underlying loan and co-investment agreements between Defendant and Ms. Lam, the title status and current value of the Flamingo Avenue and

1

Teal Circle properties, and Ms. Lam's post-transfer equity in those properties; (b) deposition of Ngoc Tuyet Lam regarding the underlying transactions; (c) deposition of Paul Nguyen regarding the assignment, his computation of damages, and his standing; (d) deposition or written discovery of Alex L. Benedict, Esq., regarding the discovery failures that resulted in the terminating sanction and the absence of any actual litigation of the fraud elements in state court; (e) document discovery from third parties regarding the disputed transactions; and (f) discovery directed to Plaintiff's standing as assignee, the validity and finality of the assignment, the existence and amount of any consideration paid for the assignment, and Plaintiff's good-faith basis for asserting nondischargeability claims based on a default judgment never adjudicated on the merits.

DEFENDANT'S ATTACHMENT B TO JOINT STATUS REPORT

## DEFENDANT'S ATTACHMENT C TO JOINT STATUS REPORT

**E.   SETTLEMENT**

**Section 1** - None. No settlement discussions have occurred. Defendant is open to discussions once Defendant has had a reasonable opportunity to retain counsel, review Plaintiff's papers in Vietnamese translation, and evaluate the basis for Plaintiff's claims. Defendant notes that the underlying state-court default judgment is presently being challenged by a motion to vacate under California Code of Civil Procedure section 473(b), and that the outcome of that motion will materially affect any meaningful settlement discussions.

**Section 3** - No at this time, without prejudice to revisiting after the pending Rule 12(c) motion, the Motion to Vacate in state court (*Lam v. Nguyen*, OCSC No. 30-2022-01253059-CU-OR-NJC), and the Motion for Limited Relief from Stay are resolved.

1

MINH TUONG NGUYEN
840 Chateau Ct
Garden Grove, CA 92841
Phone: (828) 666-3388
Email: minhnguyensteven@gmail.com

Defendant, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>MINH TUONG NGUYEN,<br><br><br>Debtor. | Case No. 8:26-bk-10347-SC<br>Adv. No.: 8:26-ap-01027-SC<br><br>**DECLARATION OF MINH TUONG NGUYEN IN SUPPORT OF DEFENDANT'S STATUS REPORT ENTRIES AND IN SUPPORT OF REQUEST FOR ADDITIONAL TIME** |
| PAUL NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>MINH TUONG NGUYEN<br><br>Defendant. | Status Conference: June 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5C<br>Address: 411 W. Fourth St.<br>          Santa Ana, CA 92701 |

## DECLARATION OF MINH TUONG NGUYEN

I, MINH TUONG NGUYEN, declare as follows:

1.     I am the Defendant in the above-captioned adversary proceeding and the Debtor in the above-captioned Chapter 7 bankruptcy case (the "Main Case"). I am over the age of eighteen years and competent to testify. I have personal knowledge of the matters set forth herein

and, if called as a witness, could and would testify competently thereto. As to those matters stated on information and belief, I believe them to be true.

2.    **Language**. My primary language is Vietnamese. My ability to read, write, and speak English is limited. I have requested a Vietnamese-language interpreter for the continued meeting of creditors under 11 U.S.C. § 341(a) presently set for May 27, 2026, at 11:00 a.m., and I will require Vietnamese-language interpretation at all hearings in this adversary proceeding. I am presently unable to read and fully understand legal pleadings or written discovery served in English without translation assistance.

3.    **Current residence**. I am a resident of Vietnam, where I primarily reside and provide care for my parents. My mother was recently hospitalized in intensive care and has since been discharged, but she remains unwell and requires ongoing care at home. My father is also unwell. I am the only family member presently available to care for my parents. My access to mail, original documents, and in-person meetings with United States–based counsel and service providers is materially limited as a result.

4.    **Recent change of representation**. I retained Leonard Pena, Esq., of Pena & Soma, APC, as my bankruptcy counsel of record in the Main Case. Mr. Pena assisted me in the preparation and filing of the petition, schedules, and Statement of Financial Affairs in the Main Case. Mr. Pena did not file an answer or appear as my counsel of record in this adversary proceeding. I am presently representing myself in pro per in this adversary proceeding.

5.    **Plaintiff's filings and discovery since April 13, 2026.** I have been informed by my bankruptcy counsel of record, and on that basis believe, that since I filed my Answer to the Complaint on April 13, 2026, Plaintiff Paul Nguyen has served the following on me and/or on my bankruptcy counsel, in English only:

a.    on April 15, 2026, a Motion for Partial Summary Judgment or, in the Alternative, Partial Summary Adjudication, set for hearing on June 9, 2026, supported by a memorandum of points and authorities, a declaration, a statement of uncontroverted facts, and approximately 260 pages including exhibits;

2

DECLARATION OF MINH TUONG NGUYEN

b.      on April 20, 2026, a First Set of Interrogatories (21 interrogatories), a First Set of Requests for Production of Documents (28 requests), and a First Set of Requests for Admission (33 requests), each represented to require a verified response under oath within thirty days of service;

c.      on May 17, 2026, at approximately 9:36 a.m., a written meet-and-confer letter under Local Bankruptcy Rule 2004-1 demanding a Rule 2004 examination of me concerning my Schedules, Statement of Financial Affairs, foreign bank account, foreign transfers, business entities, asset classifications, and Adore Escrow funds;

d.      on May 18, 2026, at approximately 2:33 p.m., a written email response from Plaintiff to my bankruptcy counsel's brief reply earlier that day, in which Plaintiff disagreed with my counsel's position that the pending adversary proceeding categorically bars a Rule 2004 examination, offered to narrow the scope of the requested examination to exclude § 523 merits issues reserved for adversary-proceeding discovery, and stated in writing that he "remain[ed] available by telephone at any time during the next seven days to meet and confer regarding date, time, place, and scope"; and

e.      on May 18, 2026, at approximately 7:21 p.m. Pacific Daylight Time — approximately five hours after Plaintiff's own written offer to meet and confer over "the next seven days" — the formal Notice of Motion and Motion by Creditor Paul Nguyen for Order Authorizing Rule 2004 Examination of Debtor Minh Tuong Nguyen and Production of Documents, supported by the Declaration of Paul Nguyen and accompanying exhibits totaling approximately five megabytes in volume, served by email through Mr. Allan Esparza on my bankruptcy counsel of record Leonard Pena, Esq. The Motion seeks an order requiring my examination under oath on June 18, 2026, and the production of documents by June 11, 2026, concerning my schedules, foreign bank accounts, foreign real property, Vietnam business operations, business interests, and related main-case issues.

6.      In aggregate, since April 13, 2026, Plaintiff Paul Nguyen has served me with eighty-two (82) written discovery requests requiring written responses within thirty days, twenty-

3

one of which (the Interrogatories) must be verified under oath by me personally, plus a dispositive motion supported by approximately 260 pages including exhibits, plus a Local Bankruptcy Rule 2004-1 meet-and-confer letter, a responsive email exchange, and a fully briefed Rule 2004 Motion served on my bankruptcy counsel on the evening of May 18, 2026, all in the English language only.

7. **English-language burden**. I cannot competently read Plaintiff's pleadings or respond to Plaintiff's discovery in English without the assistance of certified translation and counsel. I am attempting to obtain Vietnamese translations of Plaintiff's papers. Certified translation of the volume of material Plaintiff has served, including the approximately 260-page summary-judgment package, will take a substantial period of time and incur substantial cost.

8. **Plaintiff's English-only communications**. Plaintiff Paul Nguyen has communicated with me and with my bankruptcy counsel exclusively in English. I have not been provided any Vietnamese-language translations of Plaintiff's communications or filings. By this Declaration, I respectfully request that Plaintiff provide Vietnamese-language versions of all future communications and filings to me so that I may have a fair opportunity to read, understand, and respond to them.

9. **Communication discomfort**. I am uncomfortable communicating with Plaintiff Paul Nguyen orally in English, particularly without counsel present and without a Vietnamese-language interpreter. Plaintiff is a sophisticated party who has filed numerous proceedings against me in this Court and in the Orange County Superior Court, including two motions for relief from automatic stay, a motion to dismiss my Chapter 7 case, this adversary proceeding, a motion for partial summary judgment, a Notice of Bankruptcy Stay in the underlying state-court action, and several Notices of Lien against properties in collateral actions. I respectfully wish for all further communications with Plaintiff to be in writing only, so that I can have those communications accurately translated into Vietnamese before I respond, and so that there is a clear written record of any agreements between us.

10. **State-court vacatur proceeding**. The state-court default judgment on which Plaintiff's nondischargeability claims rest is the subject of a pending Motion to Set Aside /

4

DECLARATION OF MINH TUONG NGUYEN

Vacate Default Judgment under California Code of Civil Procedure section 473(b), filed in *Lam v. Nguyen, et al.*, OCSC No. 30-2022-01253059-CU-OR-NJC, Department N18, Hon. Scott A. Steiner presiding (the "State Court Action"). That motion was taken off calendar after Plaintiff filed a Notice of Bankruptcy Stay in the State Court Action on March 16, 2026.

11.     **Request for additional time**. For the reasons set forth above, I respectfully request that the Court take into consideration my pro per status, my limited English-language ability, my residence in Vietnam, and the volume of materials served by Plaintiff in the past five weeks, in setting any pretrial or discovery deadlines in this adversary proceeding. I respectfully request additional time to: (a) obtain certified Vietnamese translations of Plaintiff's pleadings and discovery, (b) gather documentary records from third parties and from my former state-court counsel Alex L. Benedict, Esq., (c) prepare verified responses to Plaintiff's discovery, and (d) prepare and file my contemplated Motion for Protective Order under Federal Rule of Civil Procedure 26(c) (made applicable by Federal Rule of Bankruptcy Procedure 7026).

12.     Reservation of rights; no admission. Nothing in this declaration is intended as, or shall be construed as, an admission, concession, or waiver of any fact, issue, defense, affirmative defense, counterclaim, or remedy. I expressly reserve all rights, defenses, counterclaims, and remedies in this adversary proceeding, in the Main Case, in the State Court Action, and in any other proceeding.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 19, 2026.

Minh Tuong Nguyen,
Defendant in Pro Per

DECLARATION OF MINH TUONG NGUYEN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9140 Trask Ave, Suite 100, Garden Grove, CA 92844

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/19/2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leonard Pena, Esq. (Counsel for Debtor)
1003 Diamond Avenue, Suite 202, South Pasadena, CA 91030
Emails: lpena@penalaw.com; Reception@penalaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 05/19/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott Clarkson
411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593

Plaintiff in Pro Per
Paul Nguyen
16027 Brookhurst Street, Suite I-104, Fountain Valley, CA 92708

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served**):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/19/2026 | Brittney Le | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.