Part 2 of 3

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
NORTH JUSTICE CENTER**

## MINUTE ORDER

DATE: 05/21/2025                    TIME: 10:00:00 AM        DEPT:  N18

JUDICIAL OFFICER PRESIDING: Scott A Steiner
CLERK: L. Chico
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: L. Diaz

CASE NO: **30-2022-01253059-CU-OR-NJC**    CASE INIT.DATE: 04/04/2022
CASE TITLE: **Lam vs. Nguyen**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other Real Property

---

EVENT ID/DOCUMENT ID: 74557320

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 05/05/2025

---

EVENT ID/DOCUMENT ID: 74557321

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Termination of Sanctions, 03/06/2025

---

EVENT ID/DOCUMENT ID: 74557322

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Termination of Sanctions, 03/06/2025
Additional events listed on last page.

---

**APPEARANCES**
Hai H. Lai, from Law Office of Hai H. Lai, present for Plaintiff(s) remotely.

Tentative ruling posted on the internet.

Hearing held, all participants appearing remotely.

In open court at 10:16 AM, there is no appearance on behalf of defendants.

The Court modifies the tentative ruling as follows:

Plaintiff Ngoc Lam's ("Plaintiff") motions for terminating and monetary sanctions, and to strike the answer of defendants Minh T. Nguyen and Ngan T. K. Tran (collectively, "Defendants"), are granted. (ROA 264, 268.)

CCP section 2023.030 outlines the various sanctions that may be imposed "against anyone engaging in conduct that is a misuse of the discovery process," including: monetary sanctions, issue sanctions, evidence sanctions, a terminating sanction, and a contempt sanction. These sanctions may be imposed

---

DATE: 05/21/2025                    MINUTE ORDER                         Page 1
DEPT: N18                                                        Calendar No.

CASE TITLE: Lam vs. Nguyen                                    CASE                                    NO:
                                                 **30-2022-01253059-CU-OR-NJC**

by the court, "after notice to any affected party, person, or attorney, and after opportunity for hearing." (Code Civ. Proc., § 2023.030.) Failure to respond to an authorized method of discovery is a misuse of the discovery process. (Code Civ. Proc. § 2023.010, subd. (d).) So, too, is disobeying "a court order to provide discovery." (Code Civ. Proc. § 2023.010, subd. (g).) "Once a party or witness has been ordered to attend a deposition, or to answer discovery, or to produce documents, more severe sanctions are available for continued refusal to make discovery." (Cal. Prac. Guide Civ. Pro. Before Trial at ¶ 8:2145, emphasis in original.)

Generally, terminating sanctions should be imposed only if the court has found a willful failure to comply (R.S. Creative, Inc. v. Creative Cotton, Ltd. (1999) 75 Cal.App.4th 486, 496); or, if it appears the "conduct was clear and deliberate, and "no lesser alternatives would remedy the situation" (Del Junco v. Hufnagel (2007) 150 Cal.App.4th 789, 799-800.) The burden of showing sanctions are not justified, i.e., that the responding party did not willfully fail to perform, lies with the responding party. (See Corns v. Miller (1986) 181 Cal.App.3d 195, 201.)

Here, Plaintiff has established that Defendants Tran and Nguyen have each failed to comply with this Court's 11/20/24 and 12/4/24 discovery orders. (ROA 264, 268.) Plaintiff's counsel attests that Defendants have not provided any of the court-ordered discovery responses (nor have Defendants paid any of the monetary sanctions). (Lai Decls. at ¶¶ 4-6.) This discovery encompassed basic information and documents Plaintiff would need to prosecute this action. For example, Plaintiff asked for documents that reflect deposits, transfers or withdrawal of the money that Plaintiff allegedly gave to Defendants. Despite Defendants' promises that supplemental responses would be served, or that documents would be produced, nothing further has been provided. (Lai Decls. at ¶ 4, Exh. 3.)

Further, Defendants' counsel was unable to explain to the court the reason for Defendants' discovery violations; and, Defendants have not provided any assurance that these violations would be cured. (ROA 306—Lai Supp. Decl. at ¶ 2.) As such, and based in part on the representations of defense counsel who appeared on the ex parte (ROA 290) hearings of May 6 and 7, 2025, the Court finds Defendants have failed to comply with their discovery obligations, and that their failure is unduly prejudicial to Plaintiff. Defense counsel appearing for counsel of record (Alex Benedict) at the ex parte of May 6 (Ryan Jackman) was given every opportunity to explain the failure to comply with any of the Court's previous discovery orders. Unable to do so, the Court ordered counsel of record (Mr. Benedict) to appear the next day. Without explanation, Mr. Benedict did not appear, however, despite this order. Counsel who did appear for Mr. Benedict on May 7 (John Hamilton, from Mr. Benedict's office) also had no adequate explanation, and conceded that in fact the Court's discovery orders had in fact been ignored. The Court was presented with some explanation that Mr. Benedict had been involved in a "car accident" and had "brain injuries." Incredibly, and in response to the Court's questions as to whether Mr. Benedict was unable to represent the defendants, Mr. Hamilton stated Mr. Benedict would be representing the defendants in the rapidly approaching jury trial. The failure to comply with the Court's discovery orders can be described as nothing less than "willful." Based on Defendants' actions (and inaction), it appears "lesser" sanctions would not be effective in compelling Defendants' compliance.

Thus, as set forth above, unless Defendants appear at the hearing and show their failure to comply with the discovery orders was not willful, the court intends to grant these motions and to order the Clerk to strike Defendants' answer and enter their defaults.

<u>Monetary Sanctions</u>
In connection with these motions, Plaintiff is awarded monetary sanctions in the amount of $1,860 against Defendant Tran, and monetary sanctions in the amount of $960 against Defendant Nguyen. The sanctions are payable within 30 days of the notice of ruling.

In light of the ruling, above, Plaintiff's second motion for terminating sanctions against Defendant Tran (ROA 290) is denied as moot.

---

CASE TITLE: Lam vs. Nguyen                          CASE                          NO:
                                        **30-2022-01253059-CU-OR-NJC**

The Jury Trial set for 06/09/25 at 9:00 AM in Department N18 is vacated.

The Order to Show Cause re: default prove-up is scheduled for July **24**, 2025, at 9:30AM in Department N18.

Plaintiff to give notice of the ruling.

Court orders Defendants' Answer filed on 02/27/2024 stricken.

The Court orders default entered as to defendants, Minh Tuong Nguyen, AKA Minh, Nguyen, Ngan Thi Kim Tran.

The Jury Trial set for 06/09/2025 at 09:00 AM in Department N18 is vacated.

Court orders clerk to give notice.

---

DATE: 05/21/2025                    MINUTE ORDER                        Page 3
DEPT: N18                                                              Calendar No.

## ADDITIONAL EVENTS:

EVENT ID/DOCUMENT ID: 74557324
**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 05/05/2025

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton , CA 92838 | |
|---|---|
| **SHORT TITLE:** Lam vs. Nguyen | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC<br>SERVICE** | CASE NUMBER:<br>**30-2022-01253059-CU-OR-NJC** |

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 05/21/25, was transmitted electronically by an Orange County Superior Court email server on May 27, 2025, at 1:48:26 PM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

JACKMAN LAW, P.C.
RYAN@JACKMAN.LAW

LAW OFFICE OF HAI H. LAI
ATTORNEY_LAI@YAHOO.COM


THE LAW OFFICES OF ALEX L. BENEDICT &
ASSOCIATES, APLC
ALEX@LAWALB.COM

THE LAW OFFICES OF ALEX L. BENEDICT &
ASSOCIATES, APLC
ALEXBENEDICT2000@YAHOO.COM


Clerk of the Court, by:

_____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                    Code of Civ. Procedure , § CCP1013(a)

# EXHIBIT C



**9:48** 🔇

**::!! 4G** 🔋

< 23   **Anh Alex @ Law USA**
lần thấy cuối: hôm nay lúc 6:17 SA   📹   📞

📄 Tentative Ruling for motion on
5-21-25.pdf
11 trang · 141 KB · pdf

You lost the case because Tuyet hasn't
notified her attorney about your
settlement yet and sanctioned you
4:27 SA

🚫 Bạn đã xoá tin nhắn này 6:42 SA

What was the result? 6:42 SA ✓✓

Can I go to America again? 6:42 SA ✓✓   ← Tuong Minh Nguyen
wanted to go to the U.S.
but Alex did not agree

🚫 Bạn đã xoá tin nhắn này 6:43 SA

Thank you, You tried so hard ! 6:43 SA ✓✓

You lost 10:43 SA

📞 Cuộc gọi thoại nhỡ
Nhấn để gọi lại   11:07 CH

**Th 4, 2 thg 7**

⌄

+   💬  📷  🎤

2

# EXHIBIT D

<table>
<tr><td colspan="2">

**ORANGE**

1275 N. Berkeley Ave
1275 N. Berkeley Ave
Fullerton CA 92838
North Justice Center
</td></tr>
</table>

| | |
|---|---|
| SHORT TITLE: Lam vs. Nguyen | |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2022-01253059-CU-OR-NJC |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of Orange. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Minh Nguyen |
| On Behalf of: | Minh Nguyen; CCMS ID: 79963261 |
| Transaction Number: | 11596438 |
| Court Received Date: | 12/19/2025 |
| Court Received Time: | 04:01:15 PM |
| Filed Date: | 12/19/2025 |
| Filed Time: | 04:01 PM |
| Fee Amount Assessed: | $60.00 |
| Case Number: | 30-2022-01253059-CU-OR-NJC |
| Case Title: | Lam vs. Nguyen |
| Location: | North Justice Center |
| Case Type: | Other Real Property |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

**Documents Electronically Filed/Received**        **Status**
Motion to Vacate                                             Accepted


**Court Generated Documents**
Payment Receipt

**Comments**
**Submitter's Comments:**

**Clerk's Comments:**

**Electronic Filing Service Provider Information**

Service Provider OneLegal
Email:              support@onelegal.com
Contact Person: Customer Support
Phone:             8009388815

Heidi Griffith (State Bar No. 333725)
DIRECTIONS LAW, INC.
9140 Trask Avenue, Suite 100
Garden Grove, CA 92844
Telephone: 714.515.1155
Email: heidi@directionslaw.com

Attorney for Defendant
Minh Tuong Nguyen

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, NORTH JUSTICE CENTER

| | |
|---|---|
| NGOC TUYET LAM,<br><br>Plaintiff,<br><br>vs.<br><br>MINH TUONG NGUYEN, (aka NGUYEN TUONG MINH), NGAN THI KIM TRAN, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 30-2022-01253059-CU-OR-NJC<br><br>**DEFENDANT MINH TUONG NGUYEN'S NOTICE OF MOTION AND MOTION TO SET ASIDE/VACATE DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MINH TUONG NGUYEN IN SUPPORT**<br><br>Date: April 22, 2026<br>Time: 10:00 AM<br>Dept: N18<br>Judge: Hon. Scott A. Steiner<br><br>**Reservation No. 74733159**<br><br>Action filed: April 4, 2022<br>Trial Date: None Set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 22, 2026 at 10: 00 AM or as soon thereafter as the matter may be heard in Department N18 of the above-entitled court, located at 1275 North Berkeley Ave, Fullerton, CA 92832-1258, Defendant Minh Tuong Nguyen ("Defendant") will and hereby

1

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

does move to set aside/vacate the default judgment entered against Defendant on July 23, 2025.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Minh Tuong Nguyen, and all other papers and pleadings on file in this action, as well as any oral argument presented at the hearing.

Dated: December 19, 2025                     Respectfully submitted,

                                             DIRECTIONS LAW

                                             By: /s/ Heidi Griffith
                                                 Heidi Griffith
                                                 Attorney for Defendant
                                                 Minh Tuong Nguyen

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This motion seeks to set aside and vacate the default judgment entered against defendant Minh Tuong Nguyen ("Defendant") on July 23, 2025, pursuant to Code of Civil Procedure section 473(b) and the Court's inherent equitable authority. The default judgment was not caused by any willful misconduct, bad faith, or disregard of Court orders by Defendant. Rather, it was the direct result of attorney abandonment, medical incapacity of prior counsel, failure to communicate, and extrinsic neglect, compounded by Defendant's language barrier and extraordinary personal circumstances.

As set forth in the accompanying Declaration of Minh Tuong Nguyen ("Nguyen Declaration"). Defendant, at the outset of this case, retained Alex L. Benedict, Esq., of the Law Offices of Alex L Benedict & Associates APC, to represent him in this action and reasonably relied on counsel to manage the litigation, including discovery, attending hearings on behalf of Defendant, communications regarding hearings and court orders, any deadlines, and to protect his interests in court. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.) Defendant repeatedly sought updates and guidance, directed opposing counsel to communicate through counsel of record, and made himself available for discovery and deposition, including international travel. (Nguyen Declaration, ¶ 13, Ex. 5.) Defendant was never informed that his pleadings were at risk of being stricken or that a default judgment could be entered and eventually entered against him.

Instead, Defendant's prior counsel continued representation while failing to perform basic professional duties, failed to explain proceedings to Defendant in a manner he could understand, failed to accommodate Defendant's known English language barrier, failed to appear before the court on behalf of Defendant, failed to respond to discovery motions, and failed to withdraw or associate competent assistance despite medical incapacity. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.) This conduct effectively deprived Defendant of a meaningful opportunity to participate in his own defense and constitutes classic *attorney fault and extrinsic neglect* warranting relief under section 473(b).

Defendant acted diligently once he learned of the default judgment and the aggressive post-judgment enforcement that followed. (Nguyen Declaration, ¶ 24.) Upon retaining new counsel, Defendant promptly undertook to reconstruct the procedural history, gather the documentary record, and seek relief. Defendant concurrently seeks interim relief by ex parte application to stay enforcement of the judgment so that this Court's determination of the present motion will be meaningful rather than rendered moot by ongoing enforcement.

3

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

California law strongly favors adjudication on the merits and requires that doubts be resolved in favor of granting relief where a default results from attorney fault rather than client misconduct. Because the record demonstrates attorney abandonment, excusable neglect, lack of willfulness by Defendant, and the absence of prejudice to Plaintiff, the default judgment should be set aside and this case restored to a posture where it may be fairly adjudicated on the merits.

## II.   ARGUMENT

### A.   LEGAL STANDARD UNDER CODE OF CIVIL PROCEDURE §473(b)

Code of Civil Procedure section 473(b) authorizes, and in cases of attorney fault, requires, the Court to grant relief from a default or default judgment taken against a party as a result of mistake, inadvertence, surprise, or excusable neglect. The statute must be liberally applied to advance California's strong public policy favoring resolution of cases on their merits rather than by procedural default. (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 855; *Berri v. Rogero* (1914) 168 Cal. 736, 740 ("the policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary").)

### 1.   Mandatory Relief for Attorney Fault.

When a default or default judgment is caused by attorney mistake, inadvertence, surprise, or neglect, relief is mandatory upon a timely application supported by an attorney affidavit or declaration establishing fault. In such circumstances, the client should not be penalized for counsel's failures, and doubts must be resolved in favor of granting relief. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.)

Attorney fault encompasses more than isolated negligence. Attorney abandonment, failure to communicate, failure to calendar or manage deadlines, failure to coordinate discovery or depositions, and continued representation despite incapacity constitute attorney fault within the meaning of section 473(b). Where attorney fault is the proximate cause of default, the Court lacks discretion to deny relief.

### 2.   Discretionary Relief for Excusable Neglect.

Even where mandatory relief does not apply, the Court retains *broad discretion* under section 473(b) to grant relief for excusable neglect. (*Berri v. Rogero* (1914) 168 Cal. 736, 740 (courts are allowed broad discretion in granting relief against default); *Maynard v. Brandon* (2005) 36 Cal.4th 364, 372 ("the law strongly favors trial and disposition on the merits, [and] any doubts in applying section 473 must be resolved in favor of the party seeking relief from default").)

4

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

Excusable neglect exists where a reasonably prudent person under similar circumstances might have made the same error. In evaluating excusable neglect, courts consider the totality of the circumstances, including the client's diligence, reliance on counsel, language barriers, and whether the client acted promptly upon discovering the default. (*Weitz, supra,* pp. 855-856.)

### 3. Equitable Relief for Extrinsic Mistake or Neglect

Independently of section 473(b), the Court possesses inherent **equitable authority** to set aside a default or default judgment obtained through extrinsic mistake or extrinsic neglect, i.e., circumstances that deprive a party of a meaningful opportunity to be heard. Attorney abandonment, failure to communicate material information, and circumstances that prevent a party from understanding or participating in the litigation (including language barriers and undisclosed incapacity of counsel) are classic grounds for equitable relief. (*Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89, 97; *Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1245-1246.)

### 4. Timeliness and Lack of Prejudice

A motion under section 473(b) must be brought within a reasonable time, not exceeding six months from entry of the default judgment. Courts assess timeliness in light of diligence after discovery of the default, not from the date of entry where the client lacked notice due to attorney fault. Prejudice sufficient to defeat relief requires more than delay; it must involve loss of evidence, unavailability of witnesses, or impairment of the opposing party's ability to proceed on the merits. Here, the default judgment was entered on July 23, 2025. Accordingly, Defendant's motion is well within six months from the entry of default judgment.

### 5. Policy Favoring Adjudication on the Merits

California courts consistently emphasize that defaults are disfavored and that section 473(b) should be applied to permit cases to be decided on their merits whenever reasonably possible. (*Weitz, supra,* p. 855.) Where, as here, the record demonstrates attorney fault, lack of willfulness by the client, diligence upon discovery, and absence of prejudice, relief is not only appropriate but compelled by statute and equity. (*Turner v. Allen* (1961) 189 Cal.App.2d 753, 759-760.)

### C. ATTORNEY ABANDONMENT AND FAULT

The default judgment entered against Defendant was the direct and proximate result of attorney abandonment and fault, not any willful misconduct or neglect by Defendant. The record establishes a sustained breakdown in representation that deprived Defendant of a meaningful opportunity to participate in the litigation and to protect his rights. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.)

5

**1.    Prior Counsel Failed to Communicate Material Information and Case Status.**

As detailed in the Nguyen Declaration, Defendant retained counsel early and reasonably relied on counsel to explain court orders, deadlines, discovery obligations, and risks. (Nguyen Declaration, ¶¶ 2-4.) Instead, prior counsel failed to respond to discovery motions, failed to appear on Defendant's behalf, and failed to provide basic, material communications, including notice that pleadings were at risk of being stricken, that sanctions were being pursued, or that a default judgment could be entered. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.) Repeated requests by Defendant for updates and explanations went unanswered or were met with curt, dismissive, or hostile responses. This failure to communicate material developments constitutes attorney fault under section 473(b).

**2.    Failure to Manage Discovery and Deposition Logistics Despite Defendant's Cooperation.**

Attorney abandonment is further demonstrated by prior counsel's failure to manage discovery and deposition scheduling. The correspondence between Defendant's prior counsel and Plaintiff's counsel shows Defendant's willingness to comply, including international travel from Vietnam to appear in person. (Nguyen Declaration, ¶¶ 13-14, Ex. 5.) Delays and noncompliance cited by Plaintiff were not caused by Defendant's refusal or obstruction, but by Defendant's prior counsel's failure to coordinate dates, confirm logistics, and follow through on obligations and by Plaintiff's counsel's discovery gamesmanship. Where counsel's inaction is the cause of default, relief is mandatory.

**3.    Continued Representation Despite Incapacity and Without Associating Competent Assistance.**

The record reflects that prior counsel continued as counsel of record in this matter, despite medical incapacity and a deteriorating ability to manage the case. Counsel neither withdrew nor associated competent assistance to ensure continuity of representation. (Nguyen Declaration, ¶ 11, Ex. 4.) Continuing to appear while unable to perform fundamental duties, communications, calendaring, coordination, and compliance, constitutes abandonment and extrinsic neglect, warranting relief under section 473(b) and equity. (*Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290.)

**4.    Language Barrier Exacerbated Counsel's Failures and Deprived Defendant of Understanding.**

Defendant is Vietnamese and has trouble understanding written or spoken English. (Nguyen Declaration, ¶ 3.) Effective representation required clear explanation in Vietnamese or reliable

6

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

translation. Counsel failed to accommodate this known language barrier and associated non-Vietnamese-speaking staff without clarifying roles or ensuring comprehension. (Nguyen Declaration, ¶¶ 4-5.) As a result, Defendant was left unaware of critical procedural risks and consequences. Courts recognize that attorney failures combined with a language barrier can constitute extrinsic neglect where the client is prevented from understanding or participating in the case.

### 5.   Defendant's Reliance Was Reasonable; Fault Rests with Counsel.

Throughout the litigation, Defendant acted as a reasonably prudent client. Defendant directed opposing counsel to communicate with his attorney, sought guidance, and relied on counsel to handle discovery, related motions and procedural matters. He did not knowingly disregard court orders or discovery obligations. The defaults occurred because prior counsel failed to act, not because Defendant chose not to. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.) Under section 473(b), clients should not be punished for their attorneys' abandonment or failures.

### 6.   Attorney Abandonment Compels Relief.

California law is clear that when attorney abandonment or fault is the proximate cause of a default or default judgment, relief is required. The circumstances here, i.e., failure to communicate material risks, mismanagement of discovery and depositions, continuation of representation despite incapacity, and failure to address a language barrier, collectively establish attorney abandonment. Because the default resulted from counsel's conduct rather than Defendant's willfulness, the default and default judgment must be set aside. (*Moghaddam, supra,* p. 290; *Turner, supra,* pp. 759-760.)

## D.   DEFENDANT'S DILIGENCE AND LACK OF WILLFUL MISCONDUCT

The record affirmatively demonstrates that Defendant acted with diligence and good faith throughout this matter and that the default and default judgment were *not* the product of willful misconduct, bad faith, or conscious disregard of Court orders.

### 1.   Defendant Acted Reasonably and Relied in Good Faith on Counsel.

As previously discussed, Defendant retained counsel early and reasonably relied on his attorney to manage discovery, calendar deadlines, coordinate deposition logistics, and communicate material developments. When opposing counsel contacted Defendant directly, Defendant directed them to communicate with counsel of record. Defendant repeatedly sought updates and explanations from his attorney and relied on counsel's assurances that the case was being handled. This conduct reflects diligence and reasonable reliance—not indifference or avoidance.

### 2.   Defendant Was Willing to Comply With Discovery and Appear for Deposition.

7

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

Contrary to any suggestion of obstruction, Defendant made himself available to comply with discovery and to appear for deposition. The email exchange between Defendant's prior counsel and Plaintiff's counsel shows that Defendant was willing to and did travel internationally from Vietnam to the United States to attend an in-person deposition. (Nguyen Declaration, ¶¶ 13-14, Ex. 5.) Indeed, any failures to finalize dates or complete deposition logistics stemmed from prior counsel's mismanagement and lack of follow-through as well as Plaintiff's counsel' discovery gamesmanship and not from Defendant's refusal to participate. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.)

3.     **Language Barrier and Counsel's Conduct Prevented Meaningful Understanding.**

Defendant is Vietnamese and has trouble understanding written or spoken English. (Nguyen Declaration, ¶ 3.) Effective participation required clear explanations in Vietnamese or reliable translation. Counsel failed to accommodate this known language barrier and did not ensure that Defendant understood court orders, deadlines, or the risk of default. (Nguyen Declaration, ¶¶ 4-5.) As a result, Defendant was deprived of meaningful notice and understanding—circumstances that negate willfulness and support excusable neglect and equitable relief.

4.     **Extraordinary Personal Circumstances Further Explain Timing.**

During the period when the case deteriorated, Defendant was also confronting extraordinary personal hardship, including a contentious divorce and the unlawful removal of his minor child, which required urgent attention and caused severe financial and emotional distress. (Nguyen Declaration, ¶¶ 17-23.) These circumstances reasonably affected Defendant's ability to discover the procedural collapse sooner and further explain the timing of his response—without attributing fault or bad faith to Defendant.

5.     **Defendant Acted Promptly Upon Discovering the Default.**

Defendant did not learn that a default judgment had been entered until enforcement efforts began. Upon discovering the default and the aggressive post-judgment enforcement that followed, Defendant acted promptly to retain new counsel. Since substitution, Defendant has cooperated fully, gathered and produced records, and moved expeditiously to seek relief. This prompt action upon discovery satisfies the diligence requirement under section 473(b).

6.     **The Absence of Willfulness Compels Relief.**

California courts distinguish sharply between parties who deliberately ignore the judicial process and those who are misled, uninformed, or abandoned by counsel. This case falls squarely in the latter category. As discussed above, Defendant's conduct throughout reflects diligence,

8

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

cooperation, and good-faith reliance on counsel. Because the default and default judgment did not result from willful misconduct by Defendant, relief under section 473(b) and equity is warranted.

**E.    ABSENCE OF PREJUDICE TO PLAINTIFF**

Granting relief from default and default judgment will not unfairly prejudice Plaintiff Ngoc Tuyet Lam ("Plaintiff"). Under California law, prejudice means more than delay or loss of a tactical advantage; it requires a showing that evidence has been lost, witnesses are unavailable, or Plaintiff's ability to prosecute the case on the merits has been materially impaired. (*Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 574 (delay is not sufficient to show prejudice).) No such showing exists here.

**1.    Mere Delay Does Not Constitute Prejudice.**

Any delay resulting from setting aside the default is insufficient to establish prejudice. Courts consistently hold that the passage of time, standing alone, does not justify denial of relief under Code of Civil Procedure section 473(b), particularly where the default resulted from attorney fault rather than client misconduct. (*Quach, supra,* p. 574.) Plaintiff remains fully able to litigate the merits of her claims.

**2.    No Evidence Has Been Lost and No Witnesses Are Unavailable.**

Plaintiff has not identified, nor can she, that any evidence has been destroyed, any documents have become unavailable, or any witnesses have disappeared as a result of Defendant's default. Discovery disputes and deposition scheduling issues were known to both sides during the litigation, and the record reflects that Defendant was willing to participate. Setting aside the default will simply restore the parties to a posture where discovery can proceed in an orderly manner.

**3.    Plaintiff Will Retain All Substantive Rights and Remedies.**

Vacating the default and default judgment will not deprive Plaintiff of any substantive rights. Plaintiff will retain the ability to pursue her claims, conduct discovery, seek appropriate relief, and, if warranted, obtain judgment on the merits. The requested relief does not adjudicate the merits in Defendant's favor; it merely ensures that the case is decided through the adversarial process rather than by procedural collapse.

**4.    Any Claimed Prejudice Is Outweighed by the Injustice of Enforcing a Default Caused by Attorney Abandonment.**

Even if Plaintiff could articulate some inconvenience associated with reopening the case, such considerations are outweighed by the fundamental unfairness of enforcing a substantial judgment entered as a result of attorney abandonment, failure to communicate, and extrinsic neglect.

9

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

California's strong public policy favors resolution on the merits, especially where the client acted diligently and without willfulness.

### 5. Equity Favors Restoring the Case to the Merits.

The equities favor setting aside the default where, as here, Defendant promptly sought relief upon learning of the default, has demonstrated diligence and good faith, and presents a meritorious basis for relief under section 473(b). Denying relief would confer an unwarranted windfall on Plaintiff and permanently deprive Defendant of his day in court based on circumstances beyond his control.

## F. MERITORIOUS DEFENSE

Defendant has a meritorious defense to Plaintiff's claims. For purposes of relief under Code of Civil Procedure section 473(b), Defendant need not prove he will ultimately prevail; he must only show facts indicating a substantial defense on the merits if the case is restored to the adversarial process. That standard is readily met here.

### 1. Plaintiff's Claims Are Disputed on Core Factual Grounds.

The underlying dispute arises from contested real-estate and financial transactions. Defendant disputes Plaintiff's characterization of those transactions and denies the essential elements of Plaintiff's claims, including misrepresentation, intent, reliance, and damages. Defendant contends that the transactions were undertaken openly, with documentation, and with Plaintiff's knowledge and participation, and that Plaintiff's claims are based on disputed interpretations of those dealings rather than fraud or misconduct.

### 2. Defenses Based on Consent, Knowledge, and Lack of Fraudulent Intent.

Defendant contends that Plaintiff consented to and understood the transactions at issue and that Defendant lacked any fraudulent intent. Plaintiff's allegations of deception and concealment are contradicted by communications, documents, and the parties' course of dealing. Defendant will present evidence showing transparency, mutual understanding, and the absence of any scheme to defraud.

### 3. Defenses Based on Causation and Damages.

Defendant further disputes that Plaintiff suffered the damages alleged or that any damages were proximately caused by Defendant's conduct. To the extent Plaintiff claims losses, Defendant contends those losses were caused by market conditions, Plaintiff's own decisions, or intervening factors unrelated to any actionable wrongdoing by Defendant.

### 4. Procedural and Equitable Defenses.

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

Defendant also asserts procedural and equitable defenses, including waiver, estoppel, unclean hands, and failure to mitigate damages. Defendant contends Plaintiff's conduct during the transactions and litigation, including discovery disputes and strategic enforcement following default, further undermines the equitable basis for Plaintiff's claims.

**5.    The Meritorious Defense Showing Supports Relief.**

Defendant's defenses are fact-based, plausible, and supported by evidence that can be developed through discovery and presented at trial. Setting aside the default will permit these defenses to be adjudicated on their merits. Enforcing a default judgment in the face of substantial, disputed defenses would contravene California's strong policy favoring decisions on the merits and would work a manifest injustice where the default resulted from attorney abandonment rather than client misconduct.

## III.    CONCLUSION

The default judgment entered against Defendant was not the product of willful misconduct, bad faith, or disregard of Court orders by Defendant. Rather, the record demonstrates that they resulted from attorney abandonment, failure to communicate, medical incapacity of prior counsel, and extrinsic neglect, compounded by Defendant's language barrier, Plaintiff's counsel's discovery gamesmanship, and extraordinary personal circumstances.

Defendant acted reasonably and in good faith by retaining counsel, relying on his counsel to manage the litigation, and making himself available to participate in discovery and deposition. Once Defendant learned of the default judgment and the aggressive enforcement actions that followed, he acted promptly to retain new counsel and seek relief. Defendant has demonstrated diligence, lack of willfulness, absence of prejudice to Plaintiff, and the existence of meritorious defenses sufficient to warrant relief under Code of Civil Procedure section 473(b) and the Court's equitable powers.

For these reasons, Defendant respectfully requests that the Court grant this motion, set aside the default and default judgment, and restore this action to a posture in which it may be fairly adjudicated on the merits.

Dated: December 19, 2025                    DIRECTIONS LAW

                                            By: /s/ Heidi Griffith
                                            Heidi Griffith,
                                            Attorney for Defendant
                                            Minh Tuong Nguyen

11

## DECLARATION OF MINH TUONG NGUYEN

I, Minh Tuong Nguyen, declare as follows:

1.    I am a Defendant in this action. I make this declaration in support of the above Motion to Set Aside/Vacate Default and Default Judgment. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2.    At the outset of this case, I retained Alex L. Benedict, Esq., of the Law Offices of Alex L Benedict & Associates APC, to represent me. I reasonably relied on him and his office to manage the litigation, respond to discovery, monitor calendar deadlines, coordinate depositions, and explain hearings, court orders, and risks.

3.    I am Vietnamese and have trouble understanding written or spoken English.

4.    When I retained Mr. Benedict, who I had known for about 4 years, to represent me in this matter, I believed that he, being fluent in Vietnamese, would be able to do so competently, appear in court on my behalf to present my defenses, and also be able to communicate with me in Vietnamese, due to my English language barrier, to ensure that information about my case would be explained to me in a manner I could understand and participate in meaningfully. This belief was a significant reason I retained Mr. Benedict.

5.    I later learned that Mr. Benedict assigned staff and contracted and associated with other attorneys who did not speak Vietnamese, including Ryan E. Jackman, Esq., of Jackman Law, P.C. and John Hamilton, Esq., of Hamilton Law Offices. A true and correct copy of Mr. Jackman's Notice of Association of Counsel is attached hereto as Exhibit 1.

6.    I was not informed of who was handling my case at any given time during the course of the litigation, who was responsible for handling which part of the case, or how I should communicate with them. Most of the time, I did not know who was responsible for my matter, at all.

7.    Throughout the case, I repeatedly contacted my attorney, Mr. Benedict, and his office seeking updates, explanations of court orders, and guidance on what I needed to do. Many of my inquiries went unanswered.

8.    When I did receive responses, they were often brief, unclear, or dismissive, and did not explain the seriousness of the situation. A true and correct copy of Mr. Benedict's text messages with me is attached hereto as Exhibit 2. On several occasions, Mr. Benedict raised his voice at me or told me not to ask questions. This made me feel scared and intimidated. Mr. Benedict's demeanor towards me discouraged me from asking further questions about my case.

9.    At no time did Mr. Benedict or anyone from his office clearly explain to me— in Vietnamese or otherwise—that my pleadings were at risk of being stricken, that sanctions were

12

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

being imposed, or that a default judgment could be entered against me.

10.     Mr. Benedict, as my attorney of record, failed to assist me with discovery responses and failed to explain to the court the reasons for any discovery violations, which were completely unknown to me. He also failed to respond to Plaintiff Ngoc Tuyet Lam's ("Plaintiff") discovery motions. He did not inform me of Plaintiff's Motion to Deem Facts Admitted nor did he inform me of Plaintiff's Motion to Compel Production. He also failed to assist me in filing responses before the November 20, 2024 hearing date for these motions and failed to file any response or opposition to these motions, at all. A true and correct copy of Plaintiff's Notice of Non-Opposition to Plaintiff's Motion to Deem Facts Admitted and Motions to Compel Productions is attached hereto as Exhibit 3.

11.     Worse yet, Mr. Benedict, as my attorney of record, failed to appear on my behalf, without explanation, for important hearings which I was never informed of, such as the hearing for Plaintiff's Motion for Terminating Sanctions. He did not appear before the court on my behalf nor did he explain to the court why the failure to comply with discovery orders was not willful. He completely abandoned me, even though he was my attorney of record. A true and correct copy of the court's 5/21/2025 Minute Order is attached hereto as Exhibit 4.

12.     I never attempted to avoid discovery or court proceedings. When opposing counsel contacted me directly, I directed them to communicate with my attorney of record because I believed that he was competently handling the case for me.

13.     I was willing and prepared to appear for my deposition and to cooperate with discovery. I made myself available for deposition dates and was willing to travel internationally, from Vietnam to the United States on multiple occasions. A true and correct copy of correspondences between Plaintiff's attorney, Hai H. Lai and Mr. Hamilton regarding my willingness to appear for deposition is attached hereto as Exhibit 5.

14.     In December 2024, I flew over from Vietnam to attend my deposition, scheduled for December 19, 2024, a dated agreed upon by Plaintiff and her attorney. (Exhibit 5, p. 3.) After Plaintiff's counsel refused to take my deposition on that date as agreed, I proposed additional dates in December and also dates in January for remote deposition. Plaintiff's counsel, however, rejected all of these these dates. I then offered more dates in January to appear in person, but Plaintiff's counsel again rejected those dates. (Exhibit 5, pp. 1-3.)

15.     Any delays or failures in finalizing deposition dates or complying with discovery were not caused by me. They resulted from Plaintiff's attorney Hai H. Lai's discovery gamesmanship, miscommunication, and lack of follow-through by my prior attorney of record and the attorneys he contracted and associated with.

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

16. I later learned that Mr. Benedict had suffered brain injuries because of a car accident. Mr. Benedict, however, did not inform me that he would be unable to competently represent me nor did he withdraw. He continued to be my attorney of record and never informed me that my case was not being competently handled.

17. Additionally, in late 2024, I was also going through a contentious divorce, which caused significant emotional and financial strain.

18. During this period, I reasonably believed my civil attorney, Mr. Benedict, was handling this case and was competently representing me. I did not know that my case was in danger of default or that a default judgment had been entered.

19. I did not have actual notice that a default judgment had been entered against me until after post-judgment enforcement efforts began.

20. The divorce proceedings continued into mid-2025, and was finalized in or about July 2025, overlapping with the period during which this civil case deteriorated without my knowledge.

21. According to the Marital Settlement Agreement, I would have joint legal and physical custody of my 3-year-old son, Tue Tuong Gia Nguyen. However, in late 2025, my son was unlawfully taken from me by his mother and concealed in Vietnam.

22. I devoted substantial time and effort in locating my son and seeking court and consular assistance to protect my parental rights. This situation required urgent attention and caused me severe emotional distress. A true and correct copy of the U.S. Consulate General's email acknowledged receipt of my complaint and confirmed that it could assist in locating a missing U.S. citizen child is attached as Exhibit 6.

23. I also sought help from the local authorities in Ho Chi Minh City, Vietnam, to assist me in locating my son. A true and correct copy of the Working Minutes for this matter regarding my son, dated October 17, 2025, is attached hereto as Exhibit 7.

24. When I learned of the default judgment and the seriousness of the situation, I acted promptly to retain new counsel.

25. In November 2025, I retained Heidi Griffith, Esq., and immediately began working with her to reconstruct the case history and gather documents showing my communications with prior counsel and my efforts to stay informed and compliant. A true and correct copy of the Substitution of attorney for this matter signed by me on November 21, 2025, and filed on November 25, 2025 is attached hereto as Exhibit 8.

26. Since retaining new counsel, I have been cooperative and diligent in providing records, emails, messages, and information necessary to support this motion.

14

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

27. The default judgment against me was not caused by any willful misconduct, bad faith, or intent to evade the Court on my part. They were caused by my prior attorney's abandonment, failure to communicate, and circumstances beyond my control.

28. I respectfully ask the Court to set aside the default judgment so that I may present my defenses and have this case decided on its merits. I am ready and willing to comply with all court orders, participate in discovery, and proceed with this litigation in good faith.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 19th day of December, 2025 at Garden Grove, California.

Minh Tuong Nguyen

15
MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

# EXHIBIT 1

Case 8:26-ap-01027-SC    Doc 19-1    Filed 05/27/26    Entered 05/27/26 10:40:51    Desc
Electronically Filed by Superior Court of California, County of Orange, 11/25/2025 03:25:00 PM.
30-2022-01253059-CU-OR-NJC - ROA # 414 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

**MC–050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Heidi Griffith (State Bar No. 333725)<br>DIRECTIONS LAW, INC.<br>9972 Bolsa Avenue, Suite 100<br>Westminster, CA 92683<br>TELEPHONE NO.: 714.515.1155    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: heidi@directionslaw.com<br>ATTORNEY FOR *(Name)*: Defendant Minh Tuong Nguyen | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 1275 North Berkeley Avenue
MAILING ADDRESS: 1275 North Berkeley Avenue
CITY AND ZIP CODE: Fullerton, CA 92832-1258
BRANCH NAME: North Justice Center

CASE NAME:
Ngoc Tuyet Lam v. Minh Tuong Nguyen

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>30-2022-01253059-CU-OR-NJC |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Minh Tuong Nguyen    makes the following substitution:

1. Former legal representative ☐ Party represented self ☑ Attorney *(name)*: Alex L. Benedict
2. New legal representative ☐ Party is representing self* ☑ Attorney
   a. Name: Heidi Griffith    b. State Bar No. *(if applicable)*: 333725
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
      DIRECTIONS LAW, INC.
      9972 Bolsa Avenue, Suite 100, Westminster, CA 92683
   d. Telephone No. *(include area code)*: (714) 515-1155
3. The party making this substitution is a ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☐ other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 11/21/2025
   Minh Tuong Nguyen
   _____
   (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 11/25/2025
   Alex L. Benedict, Esq.
   _____
   (TYPE OR PRINT NAME)                          (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: 11/21/2025
   Heidi Griffith, Esq.
   _____
   (TYPE OR PRINT NAME)                          (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                          Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1352<br>www.courtinfo.ca.gov |
|---|---|---|

Doc ID: bb1faf420aea4b0432974a2bbf43257e925f4c49

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Ngoc Tuyet Lam v. Minh Tuong Nguyen | 30-2022-01253059-CU-OR-NJC |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An unsigned copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

   9972 Bolsa Avenue, Suite 100, Westminster, CA 92683

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: 11/25/2025       (2) Place of mailing *(city and state)*: Westminster, California

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/25/2025

Huyen Tran

_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Hai H. Lai, Esq.
   b. Address *(number, street, city, and ZIP)*:

   9550 Warner Ave., Ste 250
   Fountain Valley, CA 92708-2842

   c. Name of person served: Ngan Thi Kim Tran
   d. Address *(number, street, city, and ZIP)*:

   1718 W Bowling St
   Anaheim, CA 92804

   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:


   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:


   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:


☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]          **SUBSTITUTION OF ATTORNEY—CIVIL**          Page 2 of 2
**(Without Court Order)**

Doc ID: bb1faf420aea4b0432974a2bbf43257e925f4c49

# EXHIBIT 2



Tuong Minh Nguyen's call to Alex with no answer



9:48

‹ 23  Anh Alex @ Law USA
lần thấy cuối: hôm nay lúc 6:17 SA

**Tentative Ruling for motion on 5-21-25.pdf**
11 trang · 141 KB · pdf

You lost the case because Tuyet hasn't notified her attorney about your settlement yet and sanctioned you

4:27 SA

◌ Bạn đã xoá tin nhắn này. 6:42 SA

What was the result?  6:42 SA ✓✓

Can I go to America again?  6:42 SA ✓✓  ← Tuong Minh Nguyen wanted to go to the U.S. but Alex did not agree

◌ Bạn đã xoá tin nhắn này. 6:43 SA

Thank you, You tried so hard !  6:4...SA ✓✓

You lost  10:43 SA

📞 Cuộc gọi thoại nhỡ
Nhấn để gọi lại      11:07 CH

**Th 4, 2 thg 7**

+          ☺  📷  🎤





9:48   ::!! 4G

< 23 Anh Alex @ Law USA

lần thấy cuối: hôm nay lúc 6:17 SA

Where is your receipt  8:00 SA

Yesterday, 1 billions VND, equivalent to 38.461 USD

8:01 SA ✓✓



Chuyển tiền thành công!

### 499.999.999 VND

Bốn trăm chín mươi chín triệu chín trăm chín mươi chín nghìn chín trăm chín mươi chín đồng

| | |
|---|---|
| Từ | **NGUYEN TUONG MINH** |
| | •••••99 |
| Đến | **LAM NGOC TUYET** |
| | VIETCOMBANK - NH TMCP NGOAI THUONG |
| | 0071001291637 |
| Chuyển lúc | **04/02/2025, 16:52:54** |
| Phí | **Miễn phí** |
| Mã giao dịch | **5115** |

Nội dung

CHUYEN TIEN THEO DE NGHI BA LAM NGOC TUYET LAN 1-040225-16:52:53 945710

 A©B | PRIVILEGE BANKING

Chuyển tiền thành công!

### 300.000.000 VND

Ba trăm triệu đồng

| | |
|---|---|
| Từ | **NGUYEN TUONG MINH** |
| | •••••99 |
| Đến | **LAM NGOC TUYET** ˅ |
| | VIETCOMBANK - NH TMCP NGOAI THUONG |

\+

# EXHIBIT 3

Hai H. Lai
State Bar No. 193357
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
Telephone (714) 593-5800
Facsimile (714) 200-0221
attorney_lai@yahoo.com

Attorney for Plaintiff NGOC TUYET LAM

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, NORTH JUSTICE CENTER

| | |
|---|---|
| NGOC TUYET LAM, | Case No.: 30-2022-01253059-CU-OR-NJC |
| Plaintiff, | NOTICE OF NON-OPPOSITION TO PLAINTIFF NGOC TUYET LAM'S |
| vs. | MOTION TO DEEM FACTS ADMITTED AND MOTIONS TO COMPEL |
| MINH TUONG NGUYEN, (aka NGUYEN TUONG MINH), NGAN THI KIM TRAN, and DOES 1-20, inclusive, | PRODUCTION |
| | Hearing Date: November 20, 2024 |
| | Hearing Time: 10:00 a.m. |
| Defendants. | Dept.: N18 |
| | Judge: Hon. Scott A. Steiner |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 20, 2024, at 10:00 a.m. in Department N18 of the above-entitled Court, located at 1275 North Berkeley Avenue, Fullerton, CA 92832, plaintiff NGOC TUYET LAM will move this Court for an Order Finding Genuineness of Documents Specified in Requests For Admissions, Set Two, Be Deemed Admitted against defendant MINH TUONG NGUYEN. Plaintiff NGOC TUYET LAM will also move this Court for Orders, compelling defendants MINH TUONG NGUYEN and NGAN THI KIM TRAN to

1

**NOTICE OF NON-OPPOSITION**

provide further responses and produce documents pursuant to the Motions for Compel Further Responses to the Demand For Production of Documents, Set Two.

NOTICE is also given that since the filing of the motions, NO OPPOSITION has been filed nor served by either defendant MINH TUONG NGUYEN or NGAN THI KIM TRAN in this matter. California Code of Civil Procedure Section 1015 (b) requires in pertinent parts:

"All papers opposing a motion so noticed shall be filed with the court and a copy served on each party at least nine court days, and all reply papers at least five court days before the hearing".

Having received no Opposition from neither defendant MINH TUONG NGUYEN nor NGAN THI KIM TRAN, plaintiff NGOC TUYET LAM respectfully requests that the relief requested in the original Motions be granted.

Dated: November 13, 2024

By: _____
Hai H. Lai
Attorney for Plaintiff
NGOC TUYET LAM

2

**NOTICE OF NON-OPPOSITION**

Case Name:   **Lam v. Nguyen, et al.**
Case No.:    **30-2022-01253059-CU-OR-NJC**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9550 Warner Avenue, Suite 250, Fountain Valley, CA 92708.

On 11/13/2024, I served the foregoing document described as: Notice of Non-Opposition in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Mr. Alex L. Benedict               Mr. Ryan Jackman
Alex L. Benedict & Associates      Jackman Law P.C.
10055 Slater Avenue, Ste 263       25152 Springfield Court, Ste 390
Fountain Valley, CA 92708          Valencia, CA 91355

( )   by overnight delivery via Federal Express pursuant to Code of Civil Procedure Section 1013.

( )   by Facsimile. I faxed said document(s) pursuant to Rules of Court Rule 2008, on _____, at approximately   p.m. from my facsimile telephone number 714-200-0221. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine. A copy of the transmission report is attached to this proof of service.

( )   by electronic delivery to:

(X)   by mail as follows: I am "readily familiar" with the form's practice of collecting and processing correspondence for mailing. Under such practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully paid at Fountain Valley, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

(X)   (STATE)   I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 11/13/2024 at Fountain Valley, California.

By:   _____

HAI H. LAI

3

**NOTICE OF NON-OPPOSITION**

# EXHIBIT 4

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton , CA 92838 | |
|---|---|
| **SHORT TITLE:** Lam vs. Nguyen | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2022-01253059-CU-OR-NJC** |

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 05/21/25, was transmitted electronically by an Orange County Superior Court email server on May 27, 2025, at 1:48:26 PM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

JACKMAN LAW, P.C.
RYAN@JACKMAN.LAW

LAW OFFICE OF HAI H. LAI
ATTORNEY_LAI@YAHOO.COM

THE LAW OFFICES OF ALEX L. BENEDICT &
ASSOCIATES, APLC
ALEX@LAWALB.COM

THE LAW OFFICES OF ALEX L. BENEDICT &
ASSOCIATES, APLC
ALEXBENEDICT2000@YAHOO.COM

Clerk of the Court, by: _____

_____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                      Code of Civ. Procedure , § CCP1013(a)

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## NORTH JUSTICE CENTER

## MINUTE ORDER

DATE: 05/21/2025                    TIME: 10:00:00 AM        DEPT: N18

JUDICIAL OFFICER PRESIDING: Scott A Steiner
CLERK: L. Chico
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: L. Diaz

CASE NO: **30-2022-01253059-CU-OR-NJC**   CASE INIT.DATE: 04/04/2022
CASE TITLE: **Lam vs. Nguyen**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other Real Property

---

EVENT ID/DOCUMENT ID: 74557320

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 05/05/2025

---

EVENT ID/DOCUMENT ID: 74557321

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Termination of Sanctions, 03/06/2025

---

EVENT ID/DOCUMENT ID: 74557322

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Termination of Sanctions, 03/06/2025
Additional events listed on last page.

---

**APPEARANCES**
Hai H. Lai, from Law Office of Hai H. Lai, present for Plaintiff(s) remotely.

---

Tentative ruling posted on the internet.

Hearing held, all participants appearing remotely.

In open court at 10:16 AM, there is no appearance on behalf of defendants.

The Court modifies the tentative ruling as follows:

Plaintiff Ngoc Lam's ("Plaintiff") motions for terminating and monetary sanctions, and to strike the answer of defendants Minh T. Nguyen and Ngan T. K. Tran (collectively, "Defendants"), are granted. (ROA 264, 268.)

CCP section 2023.030 outlines the various sanctions that may be imposed "against anyone engaging in conduct that is a misuse of the discovery process," including: monetary sanctions, issue sanctions, evidence sanctions, a terminating sanction, and a contempt sanction. These sanctions may be imposed

---

DATE: 05/21/2025                    MINUTE ORDER                              Page 1
DEPT: N18                                                              Calendar No.

by the court, "after notice to any affected party, person, or attorney, and after opportunity for hearing." (Code Civ. Proc., § 2023.030.) Failure to respond to an authorized method of discovery is a misuse of the discovery process. (Code Civ. Proc. § 2023.010, subd. (d).) So, too, is disobeying "a court order to provide discovery." (Code Civ. Proc. § 2023.010, subd. (g).) "Once a party or witness has been ordered to attend a deposition, or to answer discovery, or to produce documents, more severe sanctions are available for continued refusal to make discovery." (Cal. Prac. Guide Civ. Pro. Before Trial at ¶ 8:2145, emphasis in original.)

Generally, terminating sanctions should be imposed only if the court has found a willful failure to comply (R.S. Creative, Inc. v. Creative Cotton, Ltd. (1999) 75 Cal.App.4th 486, 496); or, if it appears the "conduct was clear and deliberate, and "no lesser alternatives would remedy the situation" (Del Junco v. Hufnagel (2007) 150 Cal.App.4th 789, 799-800.) The burden of showing sanctions are not justified, i.e., that the responding party did not willfully fail to perform, lies with the responding party. (See Corns v. Miller (1986) 181 Cal.App.3d 195, 201.)

Here, Plaintiff has established that Defendants Tran and Nguyen have each failed to comply with this Court's 11/20/24 and 12/4/24 discovery orders. (ROA 264, 268.) Plaintiff's counsel attests that Defendants have not provided any of the court-ordered discovery responses (nor have Defendants paid any of the monetary sanctions). (Lai Decls. at ¶¶ 4-6.) This discovery encompassed basic information and documents Plaintiff would need to prosecute this action. For example, Plaintiff asked for documents that reflect deposits, transfers or withdrawal of the money that Plaintiff allegedly gave to Defendants. Despite Defendants' promises that supplemental responses would be served, or that documents would be produced, nothing further has been provided. (Lai Decls. at ¶ 4, Exh. 3.)

Further, Defendants' counsel was unable to explain to the court the reason for Defendants' discovery violations; and, Defendants have not provided any assurance that these violations would be cured. (ROA 306—Lai Supp. Decl. at ¶ 2.) As such, and based in part on the representations of defense counsel who appeared on the ex parte (ROA 290) hearings of May 6 and 7, 2025, the Court finds Defendants have failed to comply with their discovery obligations, and that their failure is unduly prejudicial to Plaintiff. Defense counsel appearing for counsel of record (Alex Benedict) at the ex parte of May 6 (Ryan Jackman) was given every opportunity to explain the failure to comply with any of the Court's previous discovery orders. Unable to do so, the Court ordered counsel of record (Mr. Benedict) to appear the next day. Without explanation, Mr. Benedict did not appear, however, despite this order. Counsel who did appear for Mr. Benedict on May 7 (John Hamilton, from Mr. Benedict's office) also had no adequate explanation, and conceded that in fact the Court's discovery orders had in fact been ignored. The Court was presented with some explanation that Mr. Benedict had been involved in a "car accident" and had "brain injuries." Incredibly, and in response to the Court's questions as to whether Mr. Benedict was unable to represent the defendants, Mr. Hamilton stated Mr. Benedict would be representing the defendants in the rapidly approaching jury trial. The failure to comply with the Court's discovery orders can be described as nothing less than "willful." Based on Defendants' actions (and inaction), it appears "lesser" sanctions would not be effective in compelling Defendants' compliance.

Thus, as set forth above, unless Defendants appear at the hearing and show their failure to comply with the discovery orders was not willful, the court intends to grant these motions and to order the Clerk to strike Defendants' answer and enter their defaults.

Monetary Sanctions
In connection with these motions, Plaintiff is awarded monetary sanctions in the amount of $1,860 against Defendant Tran, and monetary sanctions in the amount of $960 against Defendant Nguyen. The sanctions are payable within 30 days of the notice of ruling.

In light of the ruling, above, Plaintiff's second motion for terminating sanctions against Defendant Tran (ROA 290) is denied as moot.

CASE TITLE: Lam vs. Nguyen                              CASE                              NO:
                                          **30-2022-01253059-CU-OR-NJC**

The Jury Trial set for 06/09/25 at 9:00 AM in Department N18 is vacated.

The Order to Show Cause re: default prove-up is scheduled for July 24, 2025, at 9:30AM in Department N18.

Plaintiff to give notice of the ruling.

Court orders Defendants' Answer filed on 02/27/2024 stricken.

The Court orders default entered as to defendants, Minh Tuong Nguyen, AKA Minh, Nguyen, Ngan Thi Kim Tran.

The Jury Trial set for 06/09/2025 at 09:00 AM in Department N18 is vacated.

Court orders clerk to give notice.

---

DATE: 05/21/2025                         MINUTE ORDER                         Page 3
DEPT: N18                                                            Calendar No.

ADDITIONAL EVENTS:

EVENT ID/DOCUMENT ID: 74557324
**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 05/05/2025

# EXHIBIT 5

**From:** Hai Lai <attorney_lai@yahoo.com>
**Date:** March 7, 2025 at 10:23:31 AM PST
**To:** Ryan Jackman <ryan@jackman.law>, "Alex.business Lawyer" <alex@lawalb.com>, John Hamilton <jm_hamilton15@yahoo.com>
**Subject: Fw: Deposition of Minh Tuong Nguyen**
**Reply-To:** Hai Lai <attorney_lai@yahoo.com>


Dear Counsels,

I am following up on proposed dates for the deposition of defendant Minh Tuong Nguyen. I need dates for April 2025. Please confer with your client and provide me with the proposed dates at your earliest convenience.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221


----- Forwarded Message -----
**From:** Hai Lai <attorney_lai@yahoo.com>
**To:** John Hamilton <jm_hamilton15@yahoo.com>
**Cc:** Alex.business Lawyer <alex@lawalb.com>; Ryan Jackman <ryan@jackman.law>; Esq. Alex Benedict <alexbenedict2000@yahoo.com>
**Sent:** Saturday, January 18, 2025 at 01:28:12 PM PST
**Subject:** Re: Deposition of Minh Tuong Nguyen

Thank you for getting back on the deposition dates. Unfortunately, I am not available this coming week due to court appearances. Please give me dates at least two weeks in advance for the deposition notice and arrangements for the deposition.

Right now, the week of February 3rd is workable for me. In particular, February 4th, 5th and 7th. Please advise as soon as possible which day will work for the parties and counsels. If that does not work, please let me know if any days on the week of February 10th will work. Thank you.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221


On Monday, January 13, 2025 at 03:15:58 PM PST, John Hamilton <jm_hamilton15@yahoo.com> wrote:

1

Dear Hai,

Mr. Nguyen is currently in Vietnam. However, he has indicated that he can fly back for his deposition on January 21, 22, 23, or 24th. Please pick the date that is convenient for you, and I will inform Mr. Nguyen, so he can travel to the US and attend his deposition. Thank you for your anticipated cooperation.

Best,

John Hamilton

On Thursday, December 19, 2024 at 02:23:30 PM PST, Hai Lai <attorney_lai@yahoo.com> wrote:

Dear Mr. Hamilton,

First of all, if you are representing defendant Nguyen, then you will need to enter your appearance on the record. Even Mr. Jackman entered his appearance as "of counsel" on this matter as Mr. Benedict is the counsel of record for defendant Nguyen. .

Secondly, your disappointment is far less than mine in seeking the deposition of defendant Nguyen. As you may not be aware, defendant Nguyen has gone out of his way to deny plaintiff her right to conduct discovery in this matter. The court ordered that defendant Nguyen appear in person for his deposition within sixty days. On 10/23/24, we communicated with Mr. Jackman that we need available deposition dates for defendant Minh. Mr. Jackman blew us off for nearly 30 days. On 11/21/24, we again contacted Mr. Jackman for deposition dates, but he never responded.

The deposition dates I offered to you as it was available on my calendar at the time. You took too long to respond and those dates offered are no longer workable. We are trying to comply with the court's orders just like defendant Nguyen. However, I am unable to take defendant Nguyen's deposition on neither 12/18 nor 12/19 as I had matters to tend to, including dealing with the illness and death of a family member yesterday. In any event, I again offered new dates to you and defendant Nguyen that would work right now for my calendar. The court already determined that defendant Nguyen's residence is in Orange County, California. Whether defendant Nguyen chooses to vacation and/or reside in Vietnam is his choice. However, he will need to appear in person for his deposition as ordered by the court.

I will await for defendant Nguyen's response. If I do not hear from you, Mr. Benedict or Mr. Jackman, plaintiff will have no other recourse than to seek the assistance of the court again. Thank you.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221

On Wednesday, December 18, 2024 at 11:32:09 AM PST, John Hamilton <jm_hamilton15@yahoo.com> wrote:

2

Dear Hai,

I am disappointed that you cannot take our client's deposition on the agreed date i.e, December 19th. We agreed to this date on Dec. 3rd. As you know, our client was ordered to appear for a deposition within 60 days. Accordingly, he flew over from Vietnam and assumed you would take his deposition. I provided you with dates in December and apparently you have conflicts for the entire month. Our client cannot stay until the second week in January for his deposition. If you cannot take his deposition on December 19th, then my client and I are available December 23 or 24th. If you are unavailable on these dates, my client will be unable to attend his deposition in person and we can take his deposition on either Jan. 7th or 8th remotely. Please email me if you want to take his deposition on the dates next week.

If you want to discuss the matter further, please call me.

Best,

John

On Monday, December 16, 2024 at 01:51:35 PM PST, Hai Lai <attorney_lai@yahoo.com> wrote:


I am unavailable for both dates now. I am available for 1/7/25 & 1/8/25. Please let me know asap if these dates will work for your client. I understand that your client will need a Vietnamese interpreter.

Please have your client produce documents as requested in the previous deposition notices. Otherwise, if documents are not produced as requested, plaintiff will be forced to file another motion to compel which will require your client to return for another deposition.

Your immediate response is greatly appreciated.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221


On Tuesday, December 3, 2024 at 04:10:16 PM PST, Binh Le <binh.lawalb@gmail.com> wrote:


Dear Counsel,

Our client and Mr. Hamilton are available for the deposition on **December 19, 2024**. Please note that our client will require a Vietnamese interpreter.

Please confirm your availability.

Thank you

On Wed, Nov 27, 2024 at 11:50 AM John Hamilton <jm_hamilton15@yahoo.com> wrote:

Hi attorney Lai,

December 8th is a Sunday. Did you mean Dec. 9th and 10th? I am free on the 10th.

Thanks,

John

3

----- Forwarded Message -----
**From:** Hai Lai <attorney_lai@yahoo.com>
**To:** John Hamilton <jm_hamilton15@yahoo.com>
**Sent:** Wednesday, November 27, 2024 at 11:38:42 AM PST
**Subject:** Re: Deposition of Minh Tuong Nguyen

Hello Mr. Hamilton,

I am not available for 12/11/24 due to a calendar conflict. The week of December 9th will not work for me. I am available on 12/8/24 or 12/9/24. Please let me know which day is better for you and your client. As for the production of documents, has your client obtained and secured any of the documents requested to be produce, as contained in the previous deposition notices?

By the way, I served my notice of unavailability to counsels Alex Benedict and Ryan Jackman earlier. I am attaching a copy for your file. Thank you.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221


On Wednesday, November 27, 2024 at 11:14:42 AM PST, John Hamilton <jm_hamilton15@yahoo.com> wrote:


Dear attorney Lai,

I am assisting Mr. Benedict's firm with the deposition of Minh Tuong Nguyen. I checked my calendar and I will be available on December 11th. The client is also available. Please confirm that this date is acceptable to you.

If not, please call me at the number below, so we can pick another date during that week.

Best,

John Hamilton

Hamilton Law Offices
5757 W. Century Blvd., Suite 700
Los Angeles, CA 90045

Tel: 424-419-4028


--
**Binh Le**
**Legal Assistant**

Alex L. Benedict & Associates
10055 Slater Ave, Suite 263 Fountain Valley, CA 92708
Off: (714) 916-9796
Fax: (714) 487-5105

4

# EXHIBIT 6

---------- Thư đã chuyển tiếp ----------
Từ: **HCMC ACS Mail** <hcmcacsmail@state.gov>
Ngày: Th 6, 17 thg 10, 2025 lúc 1:36 CH
Tiêu đề: Regarding NGUYEN TUONG GIA TUE (04-JAN-2022)
Đến: minhnguyensteven@gmail.com <minhnguyensteven@gmail.com>

Dear Mr. Gia Minh Nguyen,

Greetings from the American Citizen Services Unit, the U.S. Consulate General in Ho Chi Minh City, Vietnam.

Thank you for for speaking to our office today about your concerns. The U.S. Consulate can assist in locating a U.S. citizen in Vietnam in cases of parental child abduction.

American Citizens Services can use information provided by the family or friends of a missing person to locate the individual. In addition, we can check with local authorities in Vietnam. The more information that you can provide, the better the chances are that we can find the missing U.S. citizen.

Please note that the Privacy Act of 1974 (https://vn.usembassy.gov/the-privacy-act-of-1974/) limits what ACS can tell you about our interaction with any U.S. citizen. The Privacy Act prohibits the U.S. Consulate General from releasing any information about a U.S. citizen's situation without his or her express permission. Without this permission we can only take steps to notify the individual of your concern and suggest that they contact you directly.

In order to assist us in locating the U.S. citizen abroad, please provide as much of the following information as possible:

- Name of the U.S. citizen abroad
- Date and place of birth
- Passport number (if known)
- Last known address and phone number
- Reason for travel/residence abroad
- Date of last contact

1

- Other contacts abroad (friends, business associates, hotel, etc.)
- The reason for your concern

If your U.S. citizen child has been abducted or is being held in violation of your custodial rights, please follow the instructions at https://vn.usembassy.gov/international-parental-child-abduction/.

- If you are concerned about your child's travel without your authorization, please review the information related to the Children's Passport Issuance Alert Program in the united States, located here: https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/prevention/passport-issuance-alert-program.html. This program is meant to help prevent international parental child abduction. Our Office of Children's Issues can provide more information on how to enroll in this program so you are notified of passport applications for your child.

- In order to prevent your child from leaving Vietnam, you may contact the appropriate Vietnamese immigration office to report the case. Please refer to the information on this page: https://vn.usembassy.gov/vietnamese-visas-and-entry-exit/.

- Unfortunately, the American Citizens Services Unit does not have jurisdiction and cannot assist directly in litigating this matter. You should continue to work through legal channels and contact the appropriate local authorities directly for official instructions. If you need legal representation, you may consult our list of attorneys in the Ho Chi Minh City area, who may be able to provide you with more assistance regarding these issues in Vietnam, at the following link: https://vn.usembassy.gov/legal-assistance/.

If you have any questions or updates, please feel free to let us know.

American Citizen Services Unit

U.S. Consulate General in Ho Chi Minh City

Consular Section

+84 28 3520 4200

 UNITED STATES of AMERICA

TTT

SBU - PRIVACY OR PII

3

# EXHIBIT 7

| | |
|---|---|
| **From:** | Nguyễn Steven <minhnguyensteven@gmail.com> |
| **Sent:** | Friday, October 24, 2025 8:30 AM |
| **To:** | staff@directionslaw.com; heidi@directionslaw.com |
| **Subject:** | CERTIFIED TRANSLATION OF POLICE STATION |

CERTIFIED TRANSLATION

I, the undersigned, hereby certify that I am competent to translate from Vietnamese into English and that the foregoing is a true and accurate translation of the original document.

Document: "Biên bản làm việc" issued by Nha Be Commune Police, Ho Chi Minh City, Vietnam

Date of document: October 17, 2025

[Full English translation as em đã dịch cho Anh ở trên]

SOCIALIST REPUBLIC OF VIETNAM

Independence – Freedom – Happiness

---

WORKING MINUTES

Subject (1): Guidance provided to citizen Nguyen Tuong Minh (Date of birth: 1984, Permanent address: 450 Nguyen Thi Minh Khai Street, Ban Co Ward, Ho Chi Minh City; Current residence: 109 Tan My Street, Tan Thuan Ward, Ho Chi Minh City).

At 21:40 on October 17, 2025, at Nha Be Commune Police Station, Ho Chi Minh City.

Participants:

- Mr. Duong Van Tho – Legal officer: Clerk

  Affiliation: Nha Be Commune Police, Ho Chi Minh City.

1

- Mr. Nguyen Tuong Minh (Date of birth: 1984, Permanent address: 450 Nguyen Thi Minh Khai Street, Ban Co Ward, Ho Chi Minh City; Current residence: 109 Tan My Street, Tan Thuan Ward, Ho Chi Minh City) is the person receiving guidance.

The working session was conducted on the following matter (1): Guidance for citizen Nguyen Tuong Minh.

---

## RESULTS OF WORKING SESSION:

At around 20:30 on October 17, 2025, Nha Be Commune Police received information from Mr. Nguyen Tuong Minh with the following content:

On February 28, 2024, Mr. Minh and his wife, Ms. Tran Thi Kim Ngan (born 1994), executed a written agreement and commitment to entrust their child, Nguyen Tuong Gia Tue (date of birth: January 4, 2022), to Ms. Truong Thi Thanh Phuong (born 1964, permanent residence: B15.10, Block B1, Jamona Heights Apartment, Tan Thuan Dong Ward, District 7), who is the maternal grandmother of the child. She was granted full authority to manage, care for, and raise the child during the period when both Mr. Minh and Ms. Ngan were absent from Vietnam.

At present, Mr. Minh and Ms. Ngan have arranged a civil agreement on personal matters under U.S. family law. At this time, Mr. Minh has returned to Vietnam and wishes to directly take care of his son, Nguyen Tuong Gia Tue.

However, his request to take back the child from Ms. Tran Thi Kim Ngan (who is currently living in the United States) and the maternal grandmother, Ms. Truong Thi Thanh Phuong, was denied. Ms. Phuong has also cut off all contact with Mr. Minh.

It was observed that the matter constitutes a civil dispute between Mr. Minh and Ms. Ngan, which arose within the jurisdiction of Tan Thuan Ward, Ho Chi Minh City. Therefore, Nha Be Commune Police advised Mr. Minh to file his petition with the People's Court of Judicial District 6, Ho Chi Minh City, for further instructions and procedures in accordance with the law.

The working minutes concluded at 22:10 on October 17, 2025.

PERSON RECEIVING GUIDANCE

(Signature & full name)

Nguyen Tuong Minh


CLERK

(Signature & full name)

Duong Van Tho

Tel: 0373339567


Translator's Certification:

I hereby declare under penalty of perjury that the foregoing translation is true and correct to the best of my knowledge and ability.


Date: []

Place: []


Signature: _____

Name: [Translator's Name]