United States Bankruptcy Court

Central District of California

Nguyen,

    Plaintiff

Nguyen,

    Defendant

Adv. Proc. No. 26-01027-SC

# CERTIFICATE OF NOTICE

District/off: 0973-8                User: admin                Page 1 of 1

Date Rcvd: May 28, 2026            Form ID: pdf031            Total Noticed: 2

The following symbols are used throughout this certificate:

**Symbol**        **Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 30, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Minh Tuong Nguyen, c/o Directions Law, 9140 Trask Ave Ste 100, Garden Grove, CA 92844-2202 |
| pla | + | Paul Nguyen, 16027 Brookhurst St Ste I-104, Fountain Valley, CA 92708-1551 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 30, 2026            Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 28, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jeffrey I Golden (TR) | lwerner@go2.law  kadele@go2.law;C205@ecfcbis.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 2

FILED & ENTERED

MAY 28 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><div align="right">Debtor(s).</div> | CHAPTER 7<br><br>Case No.:  8:26-bk-10347-SC<br>Adv. No.:  8:26-ap-01027-SC<br><br>**ORDER CONTINUING STATUS CONFERENCE AND RESETTING CASE-MANAGEMENT REQUIREMENTS** |
| Paul Nguyen,<br><br><div align="right">Plaintiff(s),</div>    v.<br><br>Minh Tuong Nguyen,<br><br><div align="right">Defendant(s).</div> | <u>Vacated Hearing:</u><br>Date:      June 2, 2026<br>Time:      1:30 PM<br>Courtroom:  5C<br><br><u>Continued Hearing:</u><br>Date:      July 28, 2026<br>Time:      1:30 PM<br>Courtroom:  5C |

The Court has reviewed the status conference materials filed by Plaintiff Paul Nguyen and Defendant Minh Tuong Nguyen. The filings reflect that the parties have not completed the required Rule 26(f) conference and have not submitted a *joint* status report.

-1-

Plaintiff documents several attempts to schedule the Rule 26(f) conference using the contact information listed in Defendant's Answer. Defendant did not respond to those attempts before Plaintiff filed his first unilateral status report [Dk. 14]. Defendant has since filed a status report [Dk. 15] and declaration raising language-access issues, residence in Vietnam, pro se status, and concerns regarding the volume and timing of Plaintiff's discovery.

The Court does not make any finding of fraud, bad faith, or sanctionable misconduct based on Defendant's filing of a status report using the Court's mandatory status-report form. Defendant's May 19, 2026 status report [Dk. 15] shall be treated as Defendant's unilateral status report.

Good cause appearing, IT IS ORDERED as follows:

1. The status conference currently set for June 2, 2026, at 1:30 p.m. is CONTINUED to July 28, 2026, at 1:30 p.m. in Courtroom 5C.

2. The parties must complete the Rule 26(f) conference no later than July 7, 2026. The conference may be conducted by telephone, video, or written exchange. Both parties must participate in good faith.

3. Within seven days after entry of this Order, Plaintiff must send Defendant a written request proposing at least three dates and times for the Rule 26(f) conference. The request must be sent to Defendant's email address and mailing address listed in Defendant's most recent filing, unless Defendant provides updated contact information before that time.

4. Within seven days after entry of this Order, Defendant must provide Plaintiff with current direct contact information for this adversary proceeding, including a mailing address, email address, and telephone number. Defendant must also state whether service by email is acceptable for case-management communications.

5. Plaintiff's written discovery served before completion of the Rule 26(f) conference was premature under Fed. R. Civ. P. 26(d), incorporated by Fed. R. Bankr. P. 7026. However, the Court recognizes Plaintiff's documented efforts to schedule the

-2-

Rule 26(f) conference and Defendant's failure to respond. The discovery previously served by Plaintiff is therefore not stricken. Instead, it is held in abeyance and shall be deemed served on the earlier of:

> a. the date the parties complete the Rule 26(f) conference; or

> b. July 8, 2026, if Defendant fails to participate in a Rule 26(f) conference after Plaintiff makes the good-faith written request required by this Order.

6. Defendant's response deadlines to Plaintiff's previously served written discovery shall run from the deemed-service date set forth in paragraph 5.

7. Until the Rule 26(f) conference is completed, or until July 8, 2026 if Defendant fails to participate after Plaintiff's good-faith written request, no party may serve new or additional discovery beyond the discovery already served by Plaintiff, absent stipulation or further order of the Court.

8. Each party that has not served initial disclosures under Fed. R. Civ. P. 26(a)(1), incorporated by Fed. R. Bankr. P. 7026, must do so within 14 days after the Rule 26(f) conference is completed. If Defendant fails to participate in the Rule 26(f) conference after Plaintiff's good-faith written request, Defendant must serve initial disclosures no later than July 22, 2026.

9. The parties must file a joint status report no later than July 14, 2026. The joint status report must address proposed discovery deadlines, dispositive-motion deadlines, pretrial and trial dates, settlement efforts, and whether either party contends that any pending state-court or bankruptcy matter affects scheduling in this adversary proceeding.

10. If the parties are unable to file a joint status report despite good-faith efforts, any unilateral status report must be accompanied by a declaration describing the efforts made to obtain the other party's cooperation.

///

-3-

11.     If Defendant requires Vietnamese interpreter assistance for the continued status conference, Defendant must notify the courtroom deputy no later than July 14, 2026. Nothing in this Order requires either party to translate pleadings, discovery, or meet-and-confer communications into a language other than English.

12.     Nothing in this Order adjudicates any discovery objection, any request for protective order, or any Rule 2004 request or motion filed in the main bankruptcy case. Any discovery dispute must be presented in compliance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the Court Manual.

**IT IS SO ORDERED.**

Date: May 28, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-4-