| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MINH TUONG NGUYEN<br>840 Chateau Ct<br>Garden Grove, CA 92841<br>Phone: (828) 666-3388<br>Email: stevenminhnguyen2626@gmail.com<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | <br>**FILED**<br>JUN 0 2 2026<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:            Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>MINH TUONG NGUYEN<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:26-bk-10347-SC, Adv. No.: 8:26-ap-01027-SC<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br><br><br>*(Specify name of Motion)*<br><br>DATE: 07/28/2026<br>TIME: 1:30 pm<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street<br>            Santa Ana, California 92701 |

1.  TO *(specify name)*:  Plaintiff Paul Nguyen

2.  NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.  **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  06/02/2026

Printed name of law firm

_____
Signature

Minh Tuong Nguyen, in pro per
Printed name of attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                     Page 2                              F 9013-1.1.HEARING.NOTICE

MINH TUONG NGUYEN
840 Chateau Ct
Garden Grove, CA 92841
Phone: (828) 666-3388
Email: stevenminhnguyen2626@gmail.com

Defendant, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>MINH TUONG NGUYEN,<br><br><br>Debtor. | Case No. 8:26-bk-10347-SC<br>Adv. No.: 8:26-ap-01027-SC<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| PAUL NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>MINH TUONG NGUYEN<br><br>Defendant. | Date: July 28, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5C |

**TO THE COURT, THE CHAPTER 7 TRUSTEE, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on July 28, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5C of the United States Bankruptcy Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701, before the Honorable Scott C. Clarkson, Defendant Minh Tuong Nguyen ("Defendant") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(c), incorporated by Federal

1

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND
AUTHORITIES

Rule of Bankruptcy Procedure 7012(b), for judgment on the pleadings in Defendant's favor as to all causes of action asserted in Plaintiff Paul Nguyen's ("Plaintiff") Complaint to Determine Non-Dischargeability of Debt (the "Complaint").

This Motion is made on the grounds that the Complaint fails to plead sufficient facts to state a plausible claim for relief under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), or 523(a)(6), and instead relies upon conclusory allegations, formulaic recitations of statutory elements, and generalized references to a state-court default judgment entered following terminating sanctions.

Specifically, Defendant moves for judgment on the pleadings on the following grounds:

1. First Cause of Action — 11 U.S.C. § 523(a)(2)(A): The Complaint fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b), as incorporated by Federal Rule of Bankruptcy Procedure 7009, because it identifies no specific misrepresentation, omission, fraudulent communication, act of reliance, or facts plausibly connecting the alleged conduct to the debt Plaintiff seeks to except from discharge.

2. Second Cause of Action — 11 U.S.C. § 523(a)(4): The Complaint fails to plead sufficient facts supporting any theory of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, including facts establishing a qualifying fiduciary relationship, entrusted property, wrongful appropriation, or the factual predicates necessary to support nondischargeability under § 523(a)(4).

3. Third Cause of Action — 11 U.S.C. § 523(a)(6): The Complaint fails to plead sufficient nonconclusory facts establishing that Defendant acted with the subjective intent to injure or subjective belief that injury was substantially certain to occur, or otherwise plausibly allege the separate willfulness and maliciousness requirements necessary for nondischargeability under § 523(a)(6).

4. State-Court Default Judgment: Plaintiff's reliance on the state-court default judgment and terminating sanctions does not cure the Complaint's pleading deficiencies or substitute for factual allegations sufficient to state a claim for nondischargeability under §§ 523(a)(2)(A), 523(a)(4), or 523(a)(6).

5. Leave to Amend: Leave to amend should be denied because amendment would be

2

futile in whole or in part or, alternatively, strictly limited to curing the specific pleading deficiencies identified in the Motion and in compliance with the applicable pleading standards, including Federal Rule of Civil Procedure 9(b).

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers on file in this adversary proceeding and in Defendant's bankruptcy case (Case No. 8:26-bk-10347-SC); all matters of which the Court may take judicial notice; and such further evidence and argument as may be presented at or before the hearing.

Pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to this Motion must be filed and served not later than fourteen (14) days before the hearing date. Failure to timely oppose this Motion may be deemed consent to the relief requested pursuant to Local Bankruptcy Rule 9013-1(h).

Respectfully submitted,

Dated: June 2, 2026

By: _____
Minh Tuong Nguyen,
Defendant In Pro Per

3

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

## **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................6

II.  RELEVANT PROCEDURAL BACKGROUND ..................................................7

III. LEGAL STANDARD ...........................................................................................8

IV.  ARGUMENT..........................................................................................................8

   A.   The First Cause of Action Under § 523(a)(2)(A) Fails Because the Complaint Does Not Plead Fraud With the Particularity Rule 9(b) Requires. ...............................................................9

   B.   The Second Cause of Action Under § 523(a)(4) Fails Because the Complaint Does Not Plead Facts Supporting Fiduciary Fraud or Defalcation, Embezzlement, or Larceny. .............12

   C.   The Third Cause of Action Under § 523(a)(6) Fails Because the Complaint Does Not Plead Facts Showing a Deliberate Intent to Injure and Malice. ...............................................16

   D.   Plaintiff's Reliance on the State-Court Default Judgment Does Not Cure the Complaint's Pleading Deficiencies. ...............................................................................................19

   E.   Leave to Amend Should Be Denied as Futile or, Alternatively, Strictly Limited to Cure the Pleading Deficiencies Identified Above. ...........................................................................21

V.   CONCLUSION ...................................................................................................23

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF AUTHORITIES

**Cases**

*Bly-Magee v. California* 236 F.3d 1014, 1018 (9th Cir. 2001) ....................................................9

*Bullock v. BankChampaign, N.A.* 569 U.S. 267, 273–74 (2013) ..........................................13, 22

*Cal-Micro, Inc. v. Cantrell (In re Cantrell),* 329 F.3d 1119, 1125 (9th Cir. 2003) ..........12, 13, 15

*Carrillo v. Su (In re Su)* 290 F.3d 1140, 1142 (9th Cir. 2002)......................................17, 18, 23

*Chavez v. United States* 683 F.3d 1102, 1108 (9th Cir. 2012) ...................................8, 11, 20, 22

*Ebeid v. Lungwitz* 616 F.3d 993, 998 (9th Cir. 2010) .................................................9, 11, 20, 22

*Harmon v. Kobrin (In re Harmon)* 250 F.3d 1240, 1245, 1247–48 (9th Cir. 2001) .....................20

*In re Littleton* 942 F.2d 551, 555 (9th Cir. 1991)........................................................................14

*Kawaauhau v. Geiger* 523 U.S. 57, 61 (1998) ................................................................16, 18, 23

*Moore v. Kayport Package Express* 885 F.2d 531, 540 (9th Cir. 1989) ........................................8

*Novak v. United States* 795 F.3d 1012, 1020 (9th Cir. 2015).....................................................21

*Ormsby v. First Am. Title Co. (In re Ormsby)* 591 F.3d 1199, 1205 (9th Cir. 2010)...................14

*Plyam v. Precision Dev., LLC (In re Plyam)* 530 B.R. 456, 463 (B.A.P. 9th Cir. 2015).............17

*Runnion v. Pedrazzini (In re Pedrazzini)* 644 F.2d 756, 759 (9th Cir. 1981) .............................12

*Turtle Rock Meadows Homeowners Assn. v. Slyman (In re Slyman)* 234 F.3d 1081, 1085 (9th
   Cir. 2000)...................................................................................................................9, 11

**Statutes**

11 U.S.C. § 523(a)(2)(A).................................................................................................2, 7, 9, 22

11 U.S.C. § 523(a)(4) ...................................................................................................... passim

11 U.S.C. § 523(a)(6) ...................................................................................................... passim

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND
AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Paul Nguyen ("Plaintiff"), as assignee of a California state-court default judgment, commenced this adversary proceeding seeking a determination that an alleged debt of $2,086,793.75 is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). Yet despite invoking multiple theories of nondischargeability, the Complaint suffers from the same fundamental defect throughout: it pleads legal conclusions and formulaic recitations of statutory elements while omitting the concrete factual allegations necessary to state a plausible claim for relief.

The First Cause of Action under § 523(a)(2)(A) sounds in fraud and therefore must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). It does not. The Complaint identifies no specific misrepresentation or omission, no date, communication, or circumstance in which any fraudulent statement allegedly occurred, no facts establishing justifiable reliance, and no nonconclusory allegations plausibly connecting any identified conduct to the debt Plaintiff seeks to except from discharge. Instead, it offers only generalized allegations of fraudulent conduct untethered to the "who, what, when, where, and how" Rule 9(b) requires.

The Second Cause of Action under § 523(a)(4) fares no better. Plaintiff invokes fraud or defalcation while acting in a fiduciary capacity, embezzlement, and larceny, yet pleads no facts establishing the threshold fiduciary relationship § 523(a)(4) requires, no identified trust property or qualifying trust relationship, and no specific factual allegations supporting embezzlement or larceny. Rather, the Complaint characterizes the parties' dealings as arising from "real property transactions and financial dealings" and a purported "confidential relationship," allegations that do not establish the narrow fiduciary capacity cognizable under controlling Ninth Circuit authority and do not substitute for factual pleading of the statutory elements Plaintiff invokes.

The Third Cause of Action under § 523(a)(6) similarly fails because the Complaint pleads no nonconclusory facts establishing that Defendant acted with the subjective intent to injure or the subjective belief that injury was substantially certain to occur, as controlling

6

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

authority requires. Instead, Plaintiff merely recites the statutory labels of "willful" and "malicious" conduct while describing the underlying dispute as arising from financial dealings and real property transactions, without factual allegations supporting a plausible inference of deliberate injury.

Nor are these pleading deficiencies cured by Plaintiff's repeated reliance on the state-court default judgment entered following terminating sanctions. Plaintiff's own pleading alleges that the judgment resulted from discovery sanctions, not from litigation or adjudication of the specific nondischargeability elements asserted here. Whatever significance that judgment may ultimately bear, it does not relieve Plaintiff of the obligation to plead sufficient nonconclusory facts establishing a plausible claim for relief in this adversary proceeding.

Because the Complaint fails to plead facts sufficient to state a claim under §§ 523(a)(2)(A), 523(a)(4), or 523(a)(6), judgment on the pleadings should be entered in Defendant Minh Tuong Nguyen's ("Defendant") favor.

## II.    RELEVANT PROCEDURAL BACKGROUND

Defendant filed a voluntary petition for relief under Chapter 7 on February 4, 2026, commencing Case No. 8:26-bk-10347-SC in this Court. (Complaint, ¶ 20.) Plaintiff, acting as assignee of a California state-court judgment, thereafter commenced this adversary proceeding by filing a complaint on March 12, 2026, asserting three causes of action seeking a determination of non-dischargeability under: (a) 11 U.S.C. § 523(a)(2)(A) (fraud); (b) 11 U.S.C. § 523(a)(4) (fiduciary fraud, defalcation, embezzlement, or larceny); and (c) 11 U.S.C. § 523(a)(6) (willful and malicious injury). (Complaint ¶¶ 1,5.) Plaintiff alleges that the asserted debt arises from a judgment in the action entitled *Ngoc Tuyet Lam v. Minh Tuong Nguyen*, et al., Superior Court of California, County of Orange, Case No. 30-2022-01253059-CU-OR-NJC as a result of terminating sanctions entered against Defendant, in the amount of $2,086,793.75. (Complaint, ¶¶ 16–21.) Because Plaintiff holds the Judgment solely as the assignee of a default judgment entered as a terminating sanction for discovery misconduct, no court has ever made a litigated finding that Defendant committed fraud, defalcation, embezzlement, larceny, or any willful and malicious injury; the elements of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) have never

7

been actually litigated or necessarily decided against Defendant in any forum.

On April 13, 2026, Defendant timely filed his Answer denying the material allegations of the Complaint and asserting affirmative defenses. The pleadings are now closed for purposes of Federal Rule of Civil Procedure 12(c). (See Fed. R. Civ. P. 7(a) [identifying pleadings]; Fed. R. Civ. P. 12(c) [motion may be made "after the pleadings are closed"].) This Motion follows.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), incorporated by Federal Rule of Bankruptcy Procedure 7012(b), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." (Fed. R. Civ. P. 12(c).) The standard governing a motion for judgment on the pleadings under Rule 12(c) is substantially identical to the standard governing dismissal under Rule 12(b)(6), because under both rules the Court determines whether the complaint alleges facts sufficient to state a legally cognizable claim for relief. (*Chavez v. United States* 683 F.3d 1102, 1108 (9th Cir. 2012).)

To survive a motion under Rule 12(c), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (*Chavez,* 683 F.3d at 1108.) Mere conclusory statements and "formulaic recitation[s] of the elements of a cause of action" are insufficient. (*Id.*) Likewise, "mere conclusory allegations of fraud are insufficient." (*Moore v. Kayport Package Express* 885 F.2d 531, 540 (9th Cir. 1989).) Because conclusory allegations are "not entitled to the presumption of truth," the Court discounts them before determining whether the remaining factual allegations plausibly state a claim for relief. (*Chavez,* 683 F.3d at 1108.)

### IV.   ARGUMENT

The Complaint seeks to except a state-court default judgment from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), yet pleads only conclusory allegations and generalized characterizations of wrongdoing untethered to specific factual allegations. Although Plaintiff repeatedly invokes fraud, fiduciary misconduct, embezzlement, larceny, and intentional injury, the Complaint does not allege facts sufficient to plausibly establish the statutory elements of any asserted theory and, where fraud is alleged, fails to satisfy Rule 9(b)'s heightened

8

pleading requirements. Because conclusory allegations are not entitled to a presumption of truth and Plaintiff's reliance on a state-court judgment entered following terminating sanctions does not excuse compliance with federal pleading standards, judgment on the pleadings should be entered in Defendant's favor.

## A. The First Cause of Action Under § 523(a)(2)(A) Fails Because the Complaint Does Not Plead Fraud With the Particularity Rule 9(b) Requires.

To state a claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A), a plaintiff must allege facts establishing: "(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of the debtor's statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct." (*Turtle Rock Meadows Homeowners Assn. v. Slyman (In re Slyman)* 234 F.3d 1081, 1085 (9th Cir. 2000).)

Because a claim under § 523(a)(2)(A) sounds in fraud, it must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud," including the "who, what, when, where, and how" of the misconduct charged. (*Ebeid v. Lungwitz* 616 F.3d 993, 998 (9th Cir. 2010) [internal quotation marks omitted].) Rule 9(b) requires more than generalized accusations or conclusory assertions of fraud; rather, the circumstances constituting the alleged fraud must be pleaded with particularity. (*Bly-Magee v. California* 236 F.3d 1014, 1018 (9th Cir. 2001).) The heightened pleading requirement serves, among other purposes, "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." (*Id.* at 1018.)

### 1.    The Complaint Pleads No Particularized Misrepresentation or Fraudulent Omission.

Paragraph 9 alleges that "[t]he Debtor misrepresented material facts regarding the

9

ownership, value, and status of certain real properties." (Complaint, ¶ 9.) Paragraph 24 similarly alleges that Defendant "made fraudulent misrepresentations and engaged in fraudulent concealment to induce the Original Plaintiff to part with money or property," while Paragraph 25 asserts that Defendant "knew these representations were false at the time they were made." (Complaint, ¶¶ 24, 25.)

These allegations are insufficient under Rule 9(b). The Complaint identifies no specific statement, omission, or deceptive act; no date or time; no place, communication medium, or context; no person to whom any statement was made; and no facts explaining why any specific representation was false when made. In short, the Complaint pleads none of the "who, what, when, where, and how" required to plead fraud with particularity. (*Ebeid*, 616 F.3d at 998.)

At most, the Complaint alleges that Defendant misrepresented unspecified facts concerning the "ownership, value, and status" of unidentified real property. Such allegations merely invoke fraud in generalized terms and amount to little more than conclusory labels and formulaic recitations untethered to concrete factual allegations. But "mere conclusory allegations of fraud are insufficient." (*Moore*, 885 F.2d at 540; *Chavez*, 683 F.3d at 1108.) Likewise, conclusory allegations are "not entitled to the presumption of truth" and must be discounted when determining whether a complaint plausibly states a claim for relief. (*Chavez*, 683 F.3d at 1108.)

Paragraph 24's generalized reference to allegations purportedly "detailed in the First Amended Complaint in the State Court Action" does not cure these defects. (Complaint, ¶ 24.) Rule 9(b) requires particularized allegations identifying the "who, what, when, where, and how" of the alleged fraud. (*Ebeid*, 616 F.3d at 998.) Yet Paragraph 24 identifies no specific statement, omission, transaction, or factual allegation allegedly contained in the prior pleading and instead relies on an unspecified reference to another proceeding. The First Amended Complaint is neither attached to nor incorporated into the pleadings before this Court. A generalized cross-reference to allegations in another action does not substitute for pleading fraud with particularity in this adversary proceeding or cure the absence of factual allegations Rule 9(b) requires. (*Ebeid*, 616 F.3d at 998; *Bly-Magee*, 236 F.3d at 1018.)

10

Paragraph 10 suffers from the same defect. It alleges that Defendant concealed "critical information, such as hidden encumbrances, undisclosed interests held by third parties, or the true nature of escrow arrangements." Yet "such as" introduces examples, not facts. The Complaint identifies no specific encumbrance, no particular third-party interest, no escrow transaction, and no circumstances surrounding the alleged concealment. Nor does it allege when any omission occurred, how Defendant concealed the information, why the omission was material, or how the alleged concealment induced action by the Original Plaintiff. Such generalized allegations do not satisfy Rule 9(b). (*Ebeid*, 616 F.3d at 998; *Moore*, 885 F.2d at 540; *Chavez*, 683 F.3d at 1108.)

**2.      The Complaint Pleads No Particularized Facts Establishing Justifiable Reliance or Proximate Causation.**

Justifiable reliance and damages proximately caused by the alleged fraud are independent elements of a § 523(a)(2)(A) claim. (*Turtle Rock Meadows Homeowners Assn.*, 234 F.3d at 1085.) Yet Paragraph 26 alleges only, in conclusory fashion, that "[t]he Original Plaintiff justifiably relied on the Debtor's representations, resulting in damages as reflected in the Judgment."

That allegation merely recites legal elements and supplies no supporting factual content. The Complaint does not identify which specific representation or omission the original plaintiff, Ngoc Tuyet Lam, allegedly relied upon, what action she took in reliance, when she acted, what funds or property she transferred, to whom any transfer was made, what circumstances rendered the reliance justifiable, or how the alleged misrepresentation proximately caused the claimed injury. (*Chavez*, 683 F.3d at 1108; *Ebeid*, 616 F.3d at 998.)

Nor does the existence of a state-court judgment cure these deficiencies. A judgment may establish the existence or amount of an alleged debt; it does not establish, or substitute for pleading, the factual causal chain necessary to state a fraud claim under § 523(a)(2)(A). Without factual allegations identifying the specific misrepresentation or omission, the particular reliance, and the resulting injury, the Complaint fails to state a claim under § 523(a)(2)(A) and fails to satisfy Rule 9(b)'s heightened pleading standard. The First Cause of Action should therefore be dismissed.

11

## B. The Second Cause of Action Under § 523(a)(4) Fails Because the Complaint Does Not Plead Facts Supporting Fiduciary Fraud or Defalcation, Embezzlement, or Larceny.

Section 523(a)(4) excepts from discharge debts arising from: (1) "fraud or defalcation while acting in a fiduciary capacity," (2) embezzlement, or (3) larceny. (11 U.S.C. § 523(a)(4).) Plaintiff invokes all three theories. (Complaint, ¶¶ 30–32.) Each fails on the face of the Complaint.

### 1.    The Fraud or Defalcation While Acting in a Fiduciary Capacity Allegations Are Legally Insufficient.

To state a nondischargeability claim under 11 U.S.C. § 523(a)(4) for "fraud or defalcation while acting in a fiduciary capacity," a plaintiff must plausibly allege both: (1) that the debtor was acting in a qualifying fiduciary capacity at the time of the alleged misconduct; and (2) facts establishing fraud or defalcation committed within that fiduciary relationship. (*Honkanen v. Hopper (In re Honkanen)* 446 B.R. 373, 378 (B.A.P. 9th Cir. 2011).) Plaintiff invokes both fraud and defalcation. (Complaint, ¶¶ 30, 32, 33.) The Complaint fails to plead either.

Whether a debtor acted in a qualifying "fiduciary capacity" under § 523(a)(4) is a question of federal law, though state law is consulted to determine whether the requisite trust relationship exists. *(Cal-Micro, Inc. v. Cantrell (In re Cantrell),* 329 F.3d 1119, 1125 (9th Cir. 2003); *Honkanen,* 446 B.R. at 379.) For a fiduciary relationship cognizable under § 523(a)(4), the applicable state law must clearly define fiduciary duties and identify trust property. (*Honkanen,* 446 B.R. at 379, citing *Runnion v. Pedrazzini (In re Pedrazzini)* 644 F.2d 756, 759 (9th Cir. 1981).) Thus, the fiduciary relationship must arise from an express, technical, or qualifying statutory trust existing before, and independent of, the alleged wrongdoing; remedial trusts implied because of misconduct — including constructive or resulting trusts — are excluded. (*Cal-Micro, Inc.,* 329 F.3d at 1125; *Honkanen,* 446 B.R. at 379.) Nor does the mere existence of a fiduciary-like relationship under state law suffice for purposes of § 523(a)(4). (*Cal-Micro, Inc.,* 329 F.3d at 1128; *Honkanen,* 446 B.R. at 379.)

The Complaint fails to plead such a fiduciary relationship. Rather than alleging an

12

express or technical trust, Paragraph 8 describes the parties' dealings as nothing more than "real property transactions and financial dealings." (Complaint, ¶ 8.) A commercial relationship involving real property transactions and financial dealings does not, without more, establish the type of preexisting express or technical trust § 523(a)(4) requires. The Complaint's only further characterization of the relationship appears in paragraphs 11 and 31, which allege that Defendant breached duties arising from a purported "confidential relationship," including generalized duties of loyalty, good faith, and disclosure. (Complaint, ¶¶ 11, 31.) But generalized fiduciary obligations, standing alone, are insufficient under § 523(a)(4). As the Ninth Circuit explained, allegations of fiduciary duties under state law do not establish the narrow fiduciary capacity required for nondischargeability, and even a complaint alleging breach of fiduciary duty fails where it does not establish the requisite express or technical trust. (*Cal-Micro, Inc.*, 329 F.3d at 1127–28; *Honkanen,* 446 B.R. at 379.)

Independently, the Complaint fails to plead sufficient facts establishing either fiduciary fraud or defalcation. To the extent Plaintiff proceeds on a fraud-based theory, Rule 9(b) applies and requires the Complaint to plead with particularity the "who, what, when, where, and how" of the alleged misconduct. (*Ebeid,* 616 F.3d at 998.) The Complaint identifies no specific misrepresentation, concealment, or omission occurring within any fiduciary context; no date, place, or communication; no facts showing knowledge of falsity or intent to induce reliance; no specific act of reliance; and no facts plausibly connecting any alleged misconduct to the damages claimed. Mere conclusory allegations are insufficient and are not entitled to the presumption of truth. (*Chavez,* 683 F.3d at 1108.)

To the extent Plaintiff proceeds on a defalcation theory, the Complaint fares no better. Defalcation under § 523(a)(4) requires a culpable state of mind involving knowledge of, or gross recklessness with respect to, improper fiduciary conduct. (*Bullock v. BankChampaign, N.A.* 569 U.S. 267, 273–74 (2013).) Yet the Complaint alleges no specific entrusted property, no fiduciary account or trust res, no identified misuse or misappropriation of entrusted funds, and no facts plausibly showing conscious misconduct or gross recklessness in the handling of property while acting in a qualifying fiduciary capacity. Instead, the allegations remain generalized and

13

conclusory.

Because the Complaint fails to plead a qualifying fiduciary relationship and independently fails to allege sufficient facts supporting either fiduciary fraud or defalcation, the claim for fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4) fails as a matter of law.

### 2.      The Embezzlement and Larceny Theories Fail for Lack of Basic Factual Predicates.

Section 523(a)(4) also excepts from discharge debts arising from embezzlement or larceny, neither of which requires a fiduciary relationship. (*Bullock,* 569 U.S. at 275.) However, both theories require factual allegations that are entirely absent from the Complaint.

Embezzlement in the context of nondischargeability is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." (*In re Littleton* 942 F.2d 551, 555 (9th Cir. 1991).) To establish embezzlement under § 523(a)(4), a plaintiff must prove: (1) property rightfully in the possession of a nonowner; (2) the nonowner's appropriation of the property to a use other than that for which it was entrusted; and (3) circumstances indicating fraud. (*Id.*) As for scienter, embezzlement requires "a showing of wrongful or felonious intent." (*Bullock,* 569 U.S. at 274.)

Larceny is the "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." (*Ormsby v. First Am. Title Co. (In re Ormsby)* 591 F.3d 1199, 1205 (9th Cir. 2010).) "Felonious" is defined as "proceeding from an evil heart or purpose; malicious; villainous . . . wrongful; (of an act) done without excuse or color of right." (*Id.* at 1205 n.4.) The Supreme Court has distinguished larceny from embezzlement in that larceny requires a taking and carrying away of property, while embezzlement requires conversion of property that came into the perpetrator's possession lawfully. (*Bullock,* , 569 U.S. at 274.)

The Complaint pleads none of the factual predicates that either theory requires. With respect to embezzlement, the Complaint does not identify any specific property that was rightfully in Defendant's possession, does not allege the terms or purpose of any entrustment, does not identify any specific act of misappropriation inconsistent with those terms, and does not

14

allege circumstances indicating fraud with the particularity Rule 9(b) requires. With respect to larceny, the Complaint does not identify any specific personal property that was taken, does not allege facts establishing that the taking was felonious — that is, proceeding from an evil heart or purpose and done without excuse or color of right — and does not allege specific facts establishing the requisite intent to convert or permanently deprive. Paragraph 12's generic reference to "escrow deposits and proceeds from property sales, including but not limited to" is, by its own terms, a deliberate refusal to commit to specific facts, and is insufficient to plead either theory. Whether the theory is embezzlement or larceny turns on whether Defendant initially had a right to possess the property at issue — yet the Complaint identifies no specific property, making it impossible to evaluate which theory applies or whether either is plausible. That foundational ambiguity alone defeats both claims on the pleadings.

**3. The Terminating Sanctions Pleaded in Paragraphs 15 and 16 Do Not Supply the Missing Allegations.**

Plaintiff expressly relies on the state court's imposition of terminating sanctions for willful discovery misconduct and the resulting default judgment as support for the § 523(a)(4) claims. (Complaint, ¶¶ 15–16.) That reliance fails across all three theories.

As to the claim for fraud or defalcation while acting in a fiduciary capacity, the Complaint itself alleges that the state court default judgment was entered as a result of terminating sanctions for discovery misconduct — not after any trial or litigation on the merits of the underlying claims. (Complaint, ¶¶ 15–16.) A judgment entered by sanction for discovery misconduct, as Plaintiff's own pleading describes, is not a judgment on the merits and cannot supply through inference the express or technical trust relationship that § 523(a)(4) demands, nor can it establish that Defendant made any specific misrepresentation, possessed knowledge of falsity, or intended to induce the Original Plaintiff's reliance. (*Cal-Micro, Inc.*, , 329 F.3d at 1125, 1128.)

As to the embezzlement and larceny theories, the terminating sanctions pleaded in paragraphs 15 and 16 establish only that Defendant did not participate in discovery — they do not establish that any specific property was rightfully in Defendant's possession, the terms or

15

purpose of any entrustment, the manner or timing of any alleged misappropriation, or the felonious intent that both offenses require. (*Ormsby*, , 591 F.3d at 1205; *Bullock*, , 569 U.S. at 274.) A judgment entered by sanction for discovery misconduct, as Plaintiff's own pleading describes, is not a judgment on the merits and cannot supply through inference what the Complaint fails to plead through facts. (*Cal-Micro, Inc.*, , 329 F.3d at 1125, 1128.)

Because the claim for fraud or defalcation while acting in a fiduciary capacity sounds in fraud and alleges intentional misconduct, Rule 9(b)'s heightened pleading requirements apply to that theory, and the Complaint's conclusory allegations are insufficient to satisfy that standard. (*Chavez*, 683 F.3d at 1108; *Ebeid*, 616 F.3d at 998.) Because the Complaint does not plead sufficient nonconclusory facts to support any theory under § 523(a)(4), judgment on the pleadings should be entered for Defendant on the Second Cause of Action.

**C. The Third Cause of Action Under § 523(a)(6) Fails Because the Complaint Does Not Plead Facts Showing a Deliberate Intent to Injure and Malice.**

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." (11 U.S.C. § 523(a)(6).) Plaintiff invokes this provision based on allegations of intentional fraud, conversion, forgery, fabrication of records, and infliction of emotional distress. (Complaint, ¶¶ 13, 36–39.) The Complaint fails to state a claim under § 523(a)(6) because it pleads none of the required elements with the specificity the law demands.

**1.    Section 523(a)(6) Requires a Subjective Intent to Injure, Not Merely Intentional Conduct That Results in Injury.**

The Supreme Court has made clear that § 523(a)(6) is limited to debts arising from a deliberate or intentional injury, "not merely a deliberate or intentional act that leads to injury." (*Kawaauhau v. Geiger* 523 U.S. 57, 61 (1998).) The statute therefore reaches only conduct falling within the category of intentional torts, which require intent as to the consequences of an act — not merely the act itself. (*Id.* at 61–62.) Debts arising from negligent or reckless conduct, even where injury foreseeably results, fall outside § 523(a)(6). (*Id.* at 64.) Conversion alone, without specific pleading of subjective intent to injure rather than merely intent to appropriate,

16

does not satisfy § 523(a)(6)'s willfulness requirement. (*Id.* at 64.)

Applying *Kawaauhau*, the Ninth Circuit has held that § 523(a)(6)'s willfulness requirement is satisfied only where "the debtor had a subjective motive to inflict injury or . . . believed that injury was substantially certain to occur as a result of his conduct." (*Carrillo v. Su (In re Su)* 290 F.3d 1140, 1142 (9th Cir. 2002).) The inquiry is strictly subjective and turns on the debtor's actual state of mind; objective foreseeability, recklessness, or conduct merely likely to result in injury is insufficient. (*Id.* at 1144–46.) Courts have therefore described § 523(a)(6)'s willfulness requirement as an "exacting requirement," satisfied only where the debtor harbors "either a subjective intent to harm, or a subjective belief that harm is substantially certain." (*Plyam v. Precision Dev., LLC (In re Plyam)* 530 B.R. 456, 463 (B.A.P. 9th Cir. 2015).)

The maliciousness requirement is separate and independently necessary. Under Ninth Circuit authority, a malicious injury consists of "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." (*Carrillo,* 290 F.3d at 1146–47.) Plaintiff must adequately plead both willfulness and malice; failure to plead either independently defeats the § 523(a)(6) claim.

2.      **The Complaint Pleads Only Conclusory Labels and Formulaic Recitations– Not Facts Supporting a Plausible Inference of Willfulness or Malice.**

The Complaint does not plead facts showing that Defendant subjectively intended to injure the Original Plaintiff or subjectively believed injury was substantially certain to occur. Instead, paragraph 37 merely alleges that Defendant's conduct "was willful, deliberate, and intended to cause harm, or was substantially certain to cause harm." (Complaint, ¶ 37.) Paragraph 38 similarly alleges, without factual elaboration, that the conduct was "malicious" because it was "wrongful and without just cause or excuse." (Complaint, ¶ 38.) These allegations merely recite legal standards in conclusory form. They do not identify any specific act undertaken with a subjective intent to injure, any facts demonstrating that Defendant actually believed injury was substantially certain to occur, or any factual basis from which the Court could plausibly infer maliciousness as defined by the four-element test of *Carrillo*. Such "[m]ere conclusory statements" and "formulaic recitation[s] of the elements of a cause of action" are

17

insufficient and are not entitled to a presumption of truth. (*Chavez,* 683 F.3d at 1108.)

The deficiency is compounded and independently confirmed by Plaintiff's own characterization of the underlying dispute. Paragraph 8 describes the alleged misconduct as "fraudulent conduct involving real property transactions and financial dealings with the Original Plaintiff." (Complaint, ¶ 8.) That characterization describes a financial or commercial dispute — not conduct undertaken with a subjective purpose to inflict injury. Under *Kawaauhau,* intentional participation in conduct that ultimately causes financial harm does not establish § 523(a)(6) willfulness absent facts showing that the debtor's specific intent was to cause the injury itself rather than to obtain a financial benefit. (*Kawaauhau,* 523 U.S. at 61–62.) A plaintiff cannot characterize the underlying conduct as financial dealings in paragraph 8 and then conclude in paragraph 37 that the same conduct constituted a deliberate intentional injury without pleading specific facts that bridge that gap. The Complaint provides no such bridging facts.

The Complaint also fails to identify the alleged injury-causing conduct with factual specificity. It does not plead what Defendant specifically did, when he allegedly did it, how the conduct necessarily caused injury, or what facts permit a plausible inference that Defendant subjectively intended injury rather than merely intended to engage in the underlying financial dealings. Likewise, the Complaint pleads no facts supporting the independent malice requirement beyond the conclusory assertion in paragraph 38 that Defendant acted "wrongful[ly] and without just cause or excuse." That bare legal conclusion fails each of the four elements that *Carrillo* requires. (*Carrillo,* 290 F.3d at 1146–47.)

Most notably, paragraph 37 alleges in the disjunctive that Defendant acted with intent to harm "or" that the conduct was "substantially certain to cause harm." (Complaint, ¶ 37.) But under § 523(a)(6), substantial certainty is not an objective inquiry into whether harm might foreseeably result from conduct. Rather, the Ninth Circuit requires a showing that the debtor subjectively believed injury was substantially certain to occur — a strictly internal, mental-state inquiry. (*Carrillo,* 290 F.3d at 1144–46.) The Ninth Circuit expressly rejected objective approaches to the substantial certainty inquiry precisely because doing so would impermissibly expand § 523(a)(6) beyond intentional injuries into conduct sounding in recklessness or

18

negligence. (*Id.* at 1145–46; *Plyam,* 530 B.R. at 463.) The Complaint pleads no facts about Defendant's actual state of mind, no facts permitting an inference that Defendant subjectively intended to cause injury, and no facts showing Defendant subjectively believed injury was substantially certain to result from any specifically identified conduct. Stripped of its conclusory labels, paragraph 37 pleads nothing that satisfies the exacting standard that *Kawaauhau,* *Carrillo*, and *Plyam* require.

### 3. The Terminating Sanctions Pleaded in Paragraphs 15, 16, and 39 Do Not Cure the Pleading Defect.

Plaintiff expressly relies on the terminating sanctions and resulting default judgment entered in the underlying state court proceeding as support for the § 523(a)(6) claim. (Complaint, ¶¶ 15–16, 39.) That reliance fails. Plaintiff's own pleading alleges only that the judgment resulted from discovery terminating sanctions — not from any litigation or adjudication of Defendant's subjective intent to injure. (Complaint, ¶¶ 15–16.) A judgment entered by sanction for discovery misconduct, as Plaintiff's own pleading describes, is not a judgment on the merits and cannot supply through inference the subjective intent to injure that § 523(a)(6) requires. Discovery misconduct establishes that a party did not participate in litigation — it does not plausibly establish that the same party acted with a subjective intent to cause the specific injury underlying the debt, or that the party subjectively believed such injury was substantially certain to result from any identified conduct. (*Kawaauhau,* 523 U.S. at 61–64; *Carrillo,* 290 F.3d at 1145–47.)

Because the Complaint pleads no nonconclusory facts establishing either the willfulness or maliciousness elements required under § 523(a)(6), and because Plaintiff's own characterization of the underlying conduct as financial dealings in paragraph 8 affirmatively undercuts any inference of deliberate intent to injure, the Third Cause of Action fails as a matter of law and judgment on the pleadings should be entered in Defendant's favor.

### D. Plaintiff's Reliance on the State-Court Default Judgment Does Not Cure the Complaint's Pleading Deficiencies.

Plaintiff repeatedly relies on the state-court default judgment and the terminating

19

sanctions that preceded it as support for the nondischargeability claims asserted under §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). (Complaint, ¶¶ 15–16, 21–22, 27, 33, 39.) But whatever significance the state-court judgment may ultimately bear, it does not relieve Plaintiff of the obligation to plead sufficient facts establishing a plausible claim for relief in this adversary proceeding. At the Rule 12(c) stage, Plaintiff must still plead factual allegations that, accepted as true, state a legally cognizable claim and satisfy the applicable pleading standards. (*Chavez*, 683 F.3d at 1108.)

Nor does the Complaint plausibly allege that the state-court proceedings themselves establish the elements required under § 523(a). Plaintiff's own pleading alleges that the default judgment resulted from terminating sanctions imposed for Defendant's failure to comply with discovery obligations and court orders. (Complaint, ¶¶ 15–16.) As pleaded, those allegations concern litigation conduct — not findings that Defendant made a specific misrepresentation, acted in a qualifying fiduciary capacity, embezzled property, committed larceny, intended to deceive, justifiably induced reliance, or acted with the subjective intent to injure required under § 523(a)(6). The Complaint therefore must still allege sufficient nonconclusory facts supporting those statutory elements. (*Chavez*, 683 F.3d at 1108; *Ebeid*, 616 F.3d at 998.)

To the extent Plaintiff contends that the state-court default judgment conclusively establishes the elements of nondischargeability through issue preclusion, such reliance is misplaced. The Ninth Circuit has explained that issue preclusion applies only where an issue was, among other things, "actually litigated" and "necessarily decided" in the prior proceeding. (*Harmon v. Kobrin (In re Harmon)* 250 F.3d 1240, 1245, 1247–48 (9th Cir. 2001).) Plaintiff's own allegations describe a judgment entered following terminating sanctions rather than a merits adjudication of the nondischargeability-related issues asserted here. (Complaint, ¶¶ 15–16.) In any event, even assuming Plaintiff may later attempt to invoke issue preclusion, the existence of a state-court judgment does not excuse compliance with the federal pleading requirements governing this adversary proceeding. Plaintiff still must plead facts — not conclusions — sufficient to state a plausible claim for nondischargeability under §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). (*Chavez*, 683 F.3d at 1108.)

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

**E. Leave to Amend Should Be Denied as Futile or, Alternatively, Strictly Limited to Cure the Pleading Deficiencies Identified Above.**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be "freely give[n] when justice so requires." (Fed. R. Civ. P. 15(a)(2).) The policy favoring amendment reflects a preference for resolving disputes on their merits rather than through pleading deficiencies alone. (*Novak v. United States* 795 F.3d 1012, 1020 (9th Cir. 2015).) Nevertheless, leave to amend is not automatic and may properly be denied where amendment would be futile — that is, where the amended pleading would remain subject to dismissal as a matter of law. (*Id.* at 1020–21.) Futility alone justifies denial of leave to amend. (*Id.*)

As to the First Cause of Action under § 523(a)(2)(A), leave to amend should be denied or, at minimum, narrowly limited because Plaintiff has already had access to the allegations underlying the state-court action and the resulting judgment, yet still failed to plead fraud with the particularity Rule 9(b) requires. Although the Complaint repeatedly invokes alleged misrepresentations, concealment, reliance, and damages, it identifies no specific misrepresentation or omission; no date, time, or context in which any statement was made; no communication or transaction in which the alleged fraud occurred; no facts establishing what money or property was transferred in reliance; and no factual allegations plausibly connecting any particular conduct to the debt Plaintiff seeks to except from discharge. (Complaint, ¶¶ 7–13, 22–27.)

Instead, the Complaint offers only generalized allegations that Defendant misrepresented material facts, concealed unspecified information, and induced the Original Plaintiff to part with money or property — precisely the sort of conclusory allegations and formulaic recitations that fail under Rule 9(b) and cannot survive scrutiny under Rules 12(c) and 12(b)(6). (*Ebeid,* 616 F.3d at 998; *Chavez,* 683 F.3d at 1108; *Bly-Magee,* 236 F.3d at 1018.) The deficiency is particularly significant because Plaintiff commenced this adversary proceeding with the benefit of the underlying state-court allegations and judgment and nevertheless failed to plead the "who, what, when, where, and how" of the alleged fraud. (*Ebeid,* 616 F.3d at 998.) Under these circumstances, further amendment appears unlikely to cure the defects identified above. At

21

minimum, any leave to amend should be strictly limited to pleading nonconclusory facts establishing each element of § 523(a)(2)(A), including the specific misrepresentation or omission, scienter, justifiable reliance, and proximate causation, with the particularity Rule 9(b) requires. (*Chavez*, 683 F.3d at 1108; *Ebeid*, 616 F.3d at 998.)

As to the Second Cause of Action under § 523(a)(4), amendment would be futile to the extent Plaintiff proceeds on a theory of fraud or defalcation while acting in a fiduciary capacity. The Complaint affirmatively characterizes the parties' relationship as arising from "real property transactions and financial dealings" and a purported "confidential relationship." (Complaint, ¶¶ 8, 11, 31.) Those allegations do not describe the express or technical trust relationship required for nondischargeability under § 523(a)(4). Whether a fiduciary relationship exists for purposes of § 523(a)(4) is governed by federal law, and the requisite trust relationship must arise from an express or technical trust imposed prior to and independent of the alleged wrongdoing. (*Honkanen*, 446 B.R. at 378–79; *Cal-Micro, Inc.*, 329 F.3d at 1125.) The mere existence of a confidential, commercial, or fiduciary-like relationship under state law is insufficient. (*Honkanen*, 446 B.R. at 379.) Because Plaintiff's own allegations characterize the relationship as arising from commercial dealings and a purported confidential relationship rather than a preexisting express or technical trust, amendment of the fiduciary-capacity theory would be futile absent materially different facts establishing a qualifying trust relationship.

To the extent Plaintiff proceeds under § 523(a)(4) on theories of embezzlement or larceny, the Complaint likewise fails to plead the necessary factual predicates. It identifies no specific property allegedly entrusted to Defendant, no factual basis establishing lawful possession followed by fraudulent appropriation, no specific taking of personal property, and no facts supporting the wrongful or felonious intent those theories require. (*Bullock*, 569 U.S. at 274–75; *In re Littleton*, 942 F.2d at 555; *Ormsby*, 591 F.3d at 1205.) Although these deficiencies may ultimately prove curable through amendment, any leave to amend should be strictly limited to nonconclusory factual allegations sufficient to establish each required element of the particular § 523(a)(4) theory asserted.

As to the Third Cause of Action under § 523(a)(6), amendment likewise appears futile.

22

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's own Complaint characterizes the underlying conduct as arising from "real property transactions and financial dealings." (Complaint, ¶ 8.) Yet § 523(a)(6) requires factual allegations establishing that Defendant either subjectively intended to injure the Original Plaintiff or subjectively believed injury was substantially certain to occur as a result of his conduct. (*Carrillo*, 290 F.3d at 1144–46; *Kawaauhau*, 523 U.S. at 61–62.) The Complaint alleges no such facts. Instead, it offers only generalized allegations of misconduct and conclusory invocations of "willful and malicious" conduct arising from a commercial dispute involving real property and financial dealings. Plaintiff's own characterization of the underlying conduct affirmatively undermines any plausible inference of the deliberate injury § 523(a)(6) requires. Absent materially different factual allegations establishing Defendant's subjective intent to injure or subjective belief that injury was substantially certain to occur, amendment would be futile. At minimum, any leave to amend should be strictly limited to nonconclusory factual allegations establishing the distinct willfulness and maliciousness requirements recognized under § 523(a)(6).

Accordingly, because Plaintiff has failed to plead sufficient facts to support any cause of action and because several defects appear incurable as a matter of law, leave to amend should be denied. Alternatively, any leave granted should be narrowly confined to curing the specific deficiencies identified above and should require full compliance with Rule 9(b) and the applicable substantive pleading standards governing §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).

## V.    CONCLUSION

For all the foregoing reasons, Plaintiff Paul Nguyen's Complaint fails to plead sufficient nonconclusory facts to state a plausible claim for nondischargeability under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), or 523(a)(6). Instead of particularized factual allegations supporting the statutory elements required for relief, the Complaint relies upon conclusory assertions, formulaic recitations of legal standards, and generalized reliance on a state-court default judgment entered following terminating sanctions. Those allegations are insufficient to survive scrutiny under Federal Rule of Civil Procedure 12(c), and, where fraud is alleged, fail to satisfy the heightened pleading requirements of Rule 9(b).

23

Accordingly, Defendant Minh Tuong Nguyen respectfully requests that the Court grant judgment on the pleadings in Defendant's favor as to the First, Second, and Third Causes of Action of the Complaint. Defendant further requests that leave to amend be denied as futile or, alternatively, strictly limited to curing the specific pleading deficiencies identified herein and conditioned upon full compliance with the applicable pleading standards, including Rule 9(b).

Respectfully submitted,

Dated: June 2, 2026

Minh Tuong Nguyen,
Defendant in Pro Per

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
840 Chateau Ct, Garden Grove, California 92841

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
 JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _06/02/2026_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Paul Nguyen (Plaintiff), 16027 Brookhurst Street, Suite 1-104, Fountain Valley, CA 92708

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _06/02/2026_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson, 411 West Fourth Street, Santa Ana, CA 92701 (by drop off at court box)
Jeffrey I. Golden, 3070 Bristol Street, Suite 640, Costa Mesa, CA 92626 (by email: jgolden@go2law.com)
Eric P. Israel, 2818 La Cienega Ave, Los Angeles, CA 90034 (by email: epi@lnbyg.com)
Leonard Pena, 1003 Diamond Ave., Suite 202, South Pasadena, California 91030 (by email: lpena@penalaw.com)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/02/2026 | Bui Gia Bao | |
| --- | --- | --- |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.