

FILED & ENTERED

JUN 08 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Minh Tuong Nguyen, | Case No.:  8:26-bk-10347-SC<br>Adv. No.:  8:26-ap-01027-SC |
| | **ORDER (1) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION AND (2) VACATING HEARING** |
| Debtor. | |
| Paul Nguyen, | Date:        June 9, 2026<br>Time:        1:30 p.m.<br>Courtroom: 5C |
| Plaintiff,<br>     v. | |
| Minh Tuong Nguyen, | |
| Defendant. | |

The Court has considered the Motion for Partial Summary Judgment or, in the Alternative, Partial Summary Adjudication filed April 15, 2026 [Dk. 6] ("Motion") by Paul Nguyen ("Plaintiff"), together with the Notice of Motion [Dk. 7], Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law [Dk. 8], the Declaration of Paul Nguyen [Dk. 9], the Notice of Lodgment and exhibits filed in support of the Motion [Dk. 10],

-1-

Plaintiff's Complaint [Dk. 1], and Minh Tuong Nguyen's ("Defendant") Answer [Dk. 5], and finds this matter appropriate for disposition without a hearing.[1] For the reasons stated below, the Motion is DENIED. The hearing set for June 9, 2026, at 1:30 p.m. is VACATED.

### I. Background

Plaintiff commenced this adversary proceeding seeking a determination that a state-court judgment debt is nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6). The present Motion, however, seeks summary judgment only under § 523(a)(2)(A), or alternatively under § 523(a)(4) on an embezzlement theory. In the further alternative, Plaintiff seeks partial summary adjudication of discrete issues identified in the Notice of Motion.

The judgment at issue was entered on July 23, 2025, in *Lam v. Nguyen*, Case No. 30-2022-01253059-CU-OR-NJC, in the Orange County Superior Court. The judgment was entered after the state court struck Defendant's answer and entered default as a terminating sanction. The state-court First Amended Complaint asserted multiple claims, including fraud-based claims and non-fraud claims. The judgment itself does not identify the specific cause or causes of action on which judgment was entered, does not contain express findings regarding fraud or embezzlement, and does not adopt a statement of decision.

Plaintiff relies principally on issue preclusion.  Plaintiff has submitted the Lam prove-up declaration as part of the state-court record supporting his issue-preclusion

---

[1] Defendant filed an opposition to the Motion on May 27, 2026 [Dk. 19]. Plaintiff objected that the opposition was untimely, was filed after Plaintiff's reply deadline, and was not accompanied by the separate Statement of Genuine Issues required by LBR 7056-1 [Dk. 20]. The objection is well taken. The Court does not rely on Defendant's late-filed opposition in ruling on the Motion. In any event, even if the opposition were considered, it would not alter the disposition. Plaintiff, as the moving party, has not established that the state-court judgment actually and necessarily decided the elements required for nondischargeability under 11 U.S.C. §§ 523(a)(2)(A) or 523(a)(4). Plaintiff also filed a pleading entitled Plaintiff's Reply in Support of Motion for Partial Summary Judgment or, in the Alternative, Partial Summary Adjudication [Dk. 18] ("Reply"). The Court has reviewed the Reply and, even if it were considered, it would not alter the disposition set forth herein. The filing repeats and expands Plaintiff's argument that the state-court judgment has preclusive effect and that the Rule 56 record is unrebutted, but it does not establish that the state court actually and necessarily decided the elements required for nondischargeability under §§ 523(a)(2)(A) or 523(a)(4).

argument. For purposes of this Motion, the Court considers the declaration for that limited purpose. The declaration shows what was submitted to the state court, but it does not establish what the state court actually and necessarily decided. Because the Motion principally seeks preclusion based on the state-court judgment, the declaration cannot substitute for express findings or for a showing that the relevant issues were necessarily decided.

Nothing in the Motion addresses Plaintiff's § 523(a)(6) claim, which is similarly not addressed herein.

**II. Legal Standards**

Summary judgment may be granted if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), incorporated by Fed. R. Bankr. P. 7056; *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008). An issue is genuine if a reasonable fact finder, looking at the evidence, could find for the nonmoving party, and a dispute is material if it could affect the outcome under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party meets its initial burden, the opposing party must identify specific facts showing a genuine issue for trial. *Id.* at 250. A party may not avoid summary judgment by relying solely on conclusory allegations unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

A creditor bears the burden of proving nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286-91 (1991).

To prevail under § 523(a)(2)(A), a creditor must establish: (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of the statement or conduct; (3) intent to deceive; (4) justifiable reliance; and (5) damage proximately caused by the reliance. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000); *Field v. Mans*, 516 U.S. 59, 70-75 (1995).

To prevail under § 523(a)(4) on an embezzlement theory, a creditor must establish: (1) property rightfully in the possession of a nonowner; (2) appropriation of the property by the nonowner to a use other than that for which it was entrusted; and (3) circumstances indicating fraud. *Transamerica Commercial Finance Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir. 1991). Embezzlement also requires wrongful intent. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 274 (2013); *Newman v. Lee (In re Newman)*, 2022 Bankr. LEXIS 1634, 2022 WL 2100905, at *7-*8 (B.A.P. 9th Cir. June 10, 2022).

**III. Issue Preclusion**

Collateral estoppel, or issue preclusion, may apply in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. at 284-85 n.11. In determining the preclusive effect of a state-court judgment, the bankruptcy court applies the preclusion law of the state that rendered the judgment. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995).

Under California law, issue preclusion applies only if: (1) the issue sought to be precluded is identical to the issue decided in the former proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the prior decision is final and on the merits; and (5) the party against whom preclusion is asserted was the same as, or in privity with, a party to the prior adjudication. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990); *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001). The Court must also consider whether application of issue preclusion is fair and consistent with the policies underlying the doctrine. *Lucido v. Superior Court*, 51 Cal. 3d at 342-43.

The party asserting issue preclusion bears the burden of proving each requirement. To satisfy that burden, the party must provide a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. Any reasonable doubt as to what was decided in the prior proceeding is resolved against

preclusion. *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (B.A.P. 9th Cir. 1995), aff'd, 100 F.3d 110 (9th Cir. 1996).

California default judgments may have issue-preclusive effect, but a default judgment is not preclusive merely because it exists. In the default-judgment context, the record must show that the defendant had notice and a full and fair opportunity to litigate, and must show either an express finding on the issue for which preclusion is sought or that the issue was necessarily decided in the prior proceeding. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d at 1247-49; *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1123-25 (9th Cir. 2003).

Where a default judgment specifically grants relief on a fraud cause of action, the fraud elements may be treated as necessarily decided because they were essential to the specific cause of action on which judgment was entered. See *Macaluso v. RJC Funding, LLC (In re Macaluso)*, 2021 Bankr. LEXIS 3132, 2021 WL 5276368, at *6-*8 (B.A.P. 9th Cir. Nov. 9, 2021). But where the prior judgment does not identify the theory on which judgment was entered, or where the judgment could have been entered without deciding the nondischargeability elements, issue preclusion does not apply. See *Harmon v. Kobrin (In re Harmon)*, 250 F.3d at 1248; *Kelly v. Okoye (In re Kelly)*, 182 B.R. at 258-61.

**IV. Discussion**

    **A.  Plaintiff Has Not Established That the State-Court Judgment Necessarily Decided the § 523(a)(2)(A) Elements**

Plaintiff's § 523(a)(2)(A) theory depends on the proposition that the state-court judgment necessarily decided the same fraud issues required for nondischargeability. The record submitted does not establish that proposition with the clarity required at summary judgment.

The state-court First Amended Complaint included fraud-based claims. But it also included non-fraud claims. The judgment does not specify the cause of action on which judgment was entered. It does not state that judgment was entered on a fraud claim. It

does not contain express findings as to misrepresentation, knowledge of falsity, intent to deceive, justifiable reliance, or proximate cause. It also does not incorporate a statement of decision containing such findings.

Plaintiff relies on the Lam prove-up declaration submitted in state court. The Court may consider that declaration as part of the state-court record for the limited purpose of identifying what was submitted to the state court. But the declaration does not itself show what the state court actually and necessarily decided. The judgment states that the court considered written materials, but it does not adopt the declaration as findings, does not identify which factual assertions were accepted, and does not identify fraud as the basis for the judgment.

That distinction matters. For issue preclusion, it is not enough that evidence or allegations were presented to the prior court. The relevant question is whether the issue was decided and whether that decision was necessary to the judgment. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d at 1248 & n.9. The recent decision in *Kim v. Kim (In re Kim)* is persuasive on this point. There, the BAP reversed summary judgment where the bankruptcy court treated state-court admissions as issues actually litigated and necessarily decided, even though the state-court judgment did not identify which admissions were relied upon. *Kim v. Kim (In re Kim)*, 2025 Bankr. LEXIS 3265, 2025 WL 3654696, at *4-*7 (B.A.P. 9th Cir. Dec. 17, 2025). The BAP explained that, for issue-preclusion purposes, it is not enough that facts were admitted into evidence; the question is whether those facts were used in litigating and deciding the issues relevant to the judgment. *Id.* at *5-*6.

The same problem is present here. The state-court judgment may establish the existence and amount of the judgment debt, but Plaintiff has not shown that the judgment could not have been entered without deciding the fraud elements required under § 523(a)(2)(A). Because reasonable doubt remains as to what issues were necessarily decided, issue preclusion cannot support summary judgment under § 523(a)(2)(A). *Kelly v. Okoye (In re Kelly)*, 182 B.R. at 258

**B. Plaintiff Has Not Established Nondischargeability Under § 523(a)(4)**

Plaintiff alternatively seeks summary judgment under § 523(a)(4) on an embezzlement theory. Plaintiff has not shown that the state-court judgment necessarily decided the federal embezzlement elements.

Embezzlement requires more than diversion or wrongful dominion over property. It requires that property came rightfully into the possession of a nonowner, that the nonowner appropriated the property to a use other than that for which it was entrusted, and that circumstances indicate fraud. *Transamerica Commercial Finance Corp. v. Littleton (In re Littleton)*, 942 F.2d at 555. Embezzlement also requires wrongful intent. *Bullock v. BankChampaign, N.A.*, 569 U.S. at 274; *Newman v. Lee (In re Newman)*, 2022 Bankr. LEXIS 1634, 2022 WL 2100905, at *7-*8.

The state-court judgment does not contain express findings on those issues. Nor has Plaintiff shown that those issues were essential to the judgment. Because the judgment does not identify the cause of action on which judgment was entered, the Court cannot determine that the state court necessarily decided circumstances indicating fraud or wrongful intent for purposes of § 523(a)(4) embezzlement. Summary judgment under § 523(a)(4) is therefore not warranted.

**C. The Alternative Request for Partial Summary Adjudication is Denied**

Plaintiff alternatively requests partial summary adjudication of discrete facts and issues. The Court declines to enter a Rule 56(g) order deeming facts established. The alternative request would not materially simplify the remaining issues for trial. The principal issue is not whether the state-court judgment exists, whether the state court entered terminating sanctions, or whether Plaintiff claims to be the assignee. The principal issue is whether Plaintiff can prove nondischargeability under the claims asserted in the adversary proceeding. Because the Motion does not establish that the state-court judgment necessarily decided the elements of § 523(a)(2)(A) or § 523(a)(4) embezzlement, partial adjudication of background or procedural facts would not meaningfully narrow the adversary proceeding. Those matters may be addressed, as

appropriate, through the pretrial process. The request for partial summary adjudication is therefore denied.

### V. Conclusion

Plaintiff has not established that the state-court judgment necessarily decided the elements required for nondischargeability under § 523(a)(2)(A) or § 523(a)(4). The Lam prove-up declaration may be considered as part of the state-court record, but it does not substitute for express findings or establish that the state court necessarily decided the nondischargeability issues presented by the Motion. Because Plaintiff has not met his burden under Rule 56, the Motion is denied.

Accordingly, the Court orders as follows:

1. Plaintiff Paul Nguyen's Motion for Partial Summary Judgment or, in the Alternative, Partial Summary Adjudication is DENIED.

2. The hearing set for June 9, 2026, at 1:30 p.m. is VACATED.

**IT IS SO ORDERED.**

###

Date: June 8, 2026

Scott C. Clarkson
United States Bankruptcy Judge