United States Bankruptcy Court

Central District of California

Nguyen,

    Plaintiff

Nguyen,

    Defendant

Adv. Proc. No. 26-01027-SC

# CERTIFICATE OF NOTICE

| District/off: 0973-8 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Jul 20, 2026 | Form ID: pdf031 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol        Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 22, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Minh Tuong Nguyen, c/o Directions Law, 9140 Trask Ave Ste 100, Garden Grove, CA 92844-2202 |
| pla | + | Paul Nguyen, 16027 Brookhurst St Ste I-104, Fountain Valley, CA 92708-1551 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 22, 2026                    Signature:            /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 20, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jeffrey I Golden (TR) | lwerner@go2.law  kadele@go2.law;C205@ecfcbis.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 2

FILED & ENTERED

JUL 20 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  8:26-bk-10347-SC<br>Adv. No.:  8:26-ap-01027-SC<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [DK. 23] WITH LEAVE TO AMEND, AND (2) CONTINUING STATUS CONFERENCE** |
| Paul Nguyen,<br><br>Plaintiff(s),<br>    v.<br><br>Minh Tuong Nguyen,<br><br>Defendant(s). | Vacated Hearings:<br>Date:        July 28, 2026<br>Time:        1:30 PM<br>Courtroom:  5C<br><br>Continued Status Conference:<br>Date:        September 22, 2026<br>Time:        1:30 PM<br>Courtroom:  5C |

The Court has considered Defendant Minh Tuong Nguyen's Motion for Judgment on the Pleadings filed June 2, 2026 [Dk. 23] ("Motion"), directed to Plaintiff Paul Nguyen's Complaint to Determine Non-Dischargeability of Debt filed March 12, 2026 [Dk. 1] ("Complaint"), Plaintiff's Opposition filed July 16, 2026 [Dk. 31], together with the pleadings and papers on file in this adversary proceeding.

-1-

The Court has determined that this matter is appropriate for disposition without oral argument. For the reasons set forth below, the Court concludes that the Complaint does not allege sufficient facts to state plausible claims for relief under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), or 523(a)(6). The Court therefore GRANTS the Motion, with leave to amend, and VACATES the July 28, 2026, hearing. The July 28, 2026, status conference is CONTINUED to October 13, 2026, at 1:30 p.m.

## I.   BACKGROUND

Plaintiff commenced this adversary proceeding on March 12, 2026, seeking a determination that a state-court judgment against Defendant in the amount of $2,086,793.75, plus interest and costs, is nondischargeable under §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). [Dk. 1]. According to the Complaint, Plaintiff is the assignee of the judgment originally entered in favor of Ngoc Tuyet Lam in an action pending in the Orange County Superior Court, *Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.,* Case No. 30-2022-01253059-CU-OR-CJC ("State Court Action"). [Dk. 1, ¶ 5].

The Complaint alleges generally that the underlying State Court Action arose from Defendant's allegedly fraudulent conduct involving real-property transactions and financial dealings with the original plaintiff. [Dk. 1, ¶ 8]. It alleges that Defendant misrepresented material facts concerning the ownership, value, and status of certain properties; concealed information concerning encumbrances, third-party interests, and escrow arrangements; breached fiduciary duties arising from a confidential relationship; converted funds and property; and engaged in willful and malicious conduct. [Dk. 1, ¶¶ 9-13].

The Complaint further alleges that the state court imposed terminating sanctions against Defendant for discovery misconduct, struck Defendant's answer, and thereafter entered a default judgment against Defendant in the amount of $2,086,793.75. [Dk. 1, ¶¶ 15-17]. Plaintiff contends that the nature of the underlying allegations and the terminating sanctions render the resulting judgment nondischargeable. [Dk. 1, ¶ 21].

Defendant filed the Motion [Dk. 23] on June 2, 2026, seeking relief under Federal Rule of Civil Procedure ("Rule") 12(c). Defendant, who is pro se, argues that the Complaint relies principally on conclusory allegations and generalized references to the underlying state-court action and judgment rather than pleading facts sufficient to establish the elements of the asserted nondischargeability claims. Defendant therefore seeks judgment on the pleadings as to all three causes of action.

Plaintiff filed his Opposition [Dk. 31] on July 16, 2026. The late-filed Opposition argues that the Motion should be denied, or alternatively, granted with leave to amend. Plaintiff attaches a proposed First Amended Complaint [Dk. 31, Exhibit "A"], narrowing Plaintiff's § 523(a)(4) claim to embezzlement and adding additional facts for each cause of action. The Opposition argues that this proposed First Amended Complaint satisfactorily pleads claims under §§ 523(a)(2)(A), (a)(4), and (a)(6).

**II.      LEGAL STANDARDS**

The standard governing a Federal Rule of Civil Procedure ("Civil Rule") 12(c) motion for judgment on the pleadings is functionally identical to the standard governing a Civil Rule 12(b)(6) motion. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Civil Rule 12(c) motion may be based on either the absence of a cognizable legal theory or insufficient facts supporting a cognizable legal claim. *In re Dobos*, 603 B.R. 31, 38 (B.A.P. 9th Cir. 2019).

For a complaint to withstand a Rule 12(c) motion for judgment on the pleadings, it must contain more detail than "bare assertions" that are "nothing more than a formulaic recitation of the elements" required for the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). To survive a Rule 12(c) motion, a complaint must contain sufficient factual matters that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer liability based on the alleged conduct. *Iqbal*, 556 U.S. at 663. The factual allegations must present more than "the mere possibility of

misconduct." *Id.* at 679. When evaluating a Rule 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).

When evaluating a motion for judgment on the pleadings, the court "may consider information contained in materials of which the court may take judicial notice and documents attached to the complaint." *In re Dobos*, 603 B.R. 31, 38 (B.A.P 9th Cir. 2019). "It is well-settled that materials properly attached as exhibits to the complaint and matters that are subject to judicial notice may…be considered in evaluating a motion for judgment on the pleadings." *Id.* (citing *Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 1144 (C.D. Cal. 2015)). However, judgment on the pleadings is improper "when the [court] goes beyond the pleadings…such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Where a claim sounds in fraud, Civil Rule 9(b), made applicable by Federal Rule of Bankruptcy Procedure 7009, requires the circumstances constituting fraud to be stated with particularity. The fraud allegations in the complaint must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Although Civil Rule 12(c) does not expressly provide for leave to amend, a court has discretion to grant a motion for judgment on the pleadings with leave to amend. *See Aboyan v. Citigroup, Inc.*, 2025 U.S. Dist. LEXIS 230027, at *12-13 (C.D. Cal. Oct. 16, 2025). "If a court grants a motion for judgment on the pleadings, leave to amend should be granted unless such amendment would be futile." *SEC v. Payward, Inc.*, 763 F.

///

Supp. 3d 901, 907 (N.D. Cal. 2025) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). Courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15.

### III.   DISCUSSION

#### a.  First Cause of Action Under § 523(a)(2)(A)

Section 523(a)(2)(A) excepts from discharge a debt for money, property, services, or credit to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition. False representations generally involve express misrepresentations, whereas false pretenses may involve implied misrepresentations. *Reingold v. Shaffer (In re Reingold)*, 2013 Bankr. LEXIS 1660, at *9 n.4 (B.A.P. 9th Cir. Mar. 19, 2013).

To establish nondischargeability based on a misrepresentation or deceptive conduct, a creditor must establish: (1) a misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) the debtor's knowledge of the falsity or deceptiveness of the representation or conduct; (3) an intent to deceive; (4) the creditor's justifiable reliance; and (5) resulting damage proximately caused by that reliance. *Oney v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009) (quoting *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)).

To the extent Plaintiff relies on false representations or omissions, the Complaint alleges generally that Defendant misrepresented material facts concerning the "ownership, value, and status of certain real properties" and concealed information concerning encumbrances, third-party interests, and escrow arrangements. [Dk. 1, ¶¶ 9-10, 22-26]. But the Complaint does not identify the particular representation or omission, when or where it occurred, the property or transaction to which it related, or the circumstances under which the representation was made. Nor does it allege sufficient facts showing what Defendant knew at the time, how the original plaintiff relied upon the particular representation or omission, or how that reliance proximately caused the debt

embodied in the state-court judgment.

To the extent the Complaint may instead be construed as asserting "actual fraud" independent of a misrepresentation, the allegations remain deficient. The Complaint does not identify with sufficient factual specificity the alleged fraudulent scheme, Defendant's participation in that scheme, or how the debt represented by the judgment was obtained by or traceable to that fraud. The existence of a state-court judgment arising from broadly characterized "fraudulent conduct" does not itself supply those missing allegations.

Accordingly, the Motion is GRANTED as to the First Cause of Action under § 523(a)(2)(A), with leave to amend.

### b. Second Cause of Action Under § 523(a)(4)

Section 523(a)(4) excepts from discharge debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." These constitute distinct theories of nondischargeability.

### 1. Fraud or Defalcation While Acting in a Fiduciary Capacity

For purposes of § 523(a)(4), the term "fiduciary" is construed narrowly. Not every person treated as a fiduciary under state law acts in a fiduciary capacity within the meaning of § 523(a)(4). The fiduciary relationship generally must arise from an express or technical trust imposed before and independently of the wrongdoing giving rise to the debt. *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003).

The Complaint alleges that Defendant owed fiduciary duties arising from a "confidential relationship." [Dk. 1, ¶¶ 11, 31]. That allegation, without more, does not establish the type of fiduciary relationship required by § 523(a)(4). The Complaint does not identify an express or technical trust, the trust property, the beneficiary, or another legally sufficient basis establishing that Defendant was acting in the requisite fiduciary capacity before the alleged wrongdoing occurred.

Accordingly, the Complaint does not sufficiently state a claim for fraud or defalcation while acting in a fiduciary capacity.

## 2. Embezzlement

Federal law controls the definition of embezzlement under § 523(a)(4). Embezzlement is the fraudulent appropriation of property by a person to whom the property has been entrusted or into whose hands the property has lawfully come. *First Del. Life Ins. Co. v. Wada (In re Wada)*, 210 B.R. 572, 576 (B.A.P. 9th Cir. 1997). To establish embezzlement, a creditor must show: (1) property rightfully in the possession of a nonowner; (2) the nonowner's appropriation of the property to a use other than that for which it was entrusted; and (3) circumstances indicating fraud. *Id*.

The Complaint generally alleges that Defendant converted "funds and property," including "escrow deposits and proceeds from property sales." [Dk. 1, ¶ 12]. But it does not identify the specific property allegedly entrusted to Defendant, the circumstances under which Defendant lawfully obtained possession of it, the purpose for which it was entrusted, or the manner in which Defendant appropriated the property to an unauthorized use. Thus, the allegations therefore do not sufficiently plead embezzlement under § 523(a)(4).

## 3. Larceny

Whereas embezzlement involves property that initially comes into the debtor's possession lawfully, larceny requires that the original taking itself be unlawful. *Lucero v. Montes (In re Montes)*, 177 B.R. 325, 331 (Bankr. C.D. Cal. 1994). A claim for larceny therefore requires facts showing a fraudulent and wrongful taking of another's property, with the intent to convert it to the taker's use, and without the owner's consent. *Allure Labs, Inc. v. Aviles (In re Aviles),* 595 B.R. 383, 392 (Bankr. N.D. Cal. 2018), *rev'd on other grounds,* 606 B.R. 51 (N.D. Cal. 2019).

Here, the Complaint does not identify the specific property Defendant allegedly took unlawfully, when or how the taking occurred, or facts showing that Defendant lacked lawful possession of the property at the outset. Generalized allegations concerning conversion and misappropriation do not state a plausible claim for larceny.

The Complaint's broad references to "funds and property" and "escrow deposits and proceeds from property sales" do not establish which § 523(a)(4) theory Plaintiff intends to pursue or allege the facts necessary to support any particular theory. Accordingly, the Motion is GRANTED as to the Second Cause of Action under § 523(a)(4), with leave to amend.

### c.  Third Cause of Action Under § 523(a)(6)

Section 523(a)(6) excepts from discharge debts arising from a "willful and malicious injury by the debtor to another entity or to the property of another entity." To prevail under § 523(a)(6), a creditor must establish willfulness, malice, and causation. *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1146–47 (9th Cir. 2002); *Albarran v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 705 (9th Cir. 2008). The willfulness component requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Barboza*, 545 F.3d at 706. Malice requires a wrongful act, done intentionally, which necessarily causes injury and is done without just cause or excuse. *Su*, 290 F.3d at 1146-47.

Here, the Complaint alleges that Defendant's conduct, including intentional fraud, conversion, and infliction of emotional distress, was "willful, deliberate, and intended to cause harm, or [was] substantially certain to cause harm," and that the conduct was wrongful and without just cause or excuse. [Dk. 1, ¶¶ 13, 35-40]. While those allegations substantially track the governing legal standard, they are conclusory. The Plaintiff does not identify the particular injury-producing conduct from which the Court could plausibly infer Defendant's subjective state of mind. The Complaint does not explain what Defendant specifically did, what particular injury Defendant allegedly intended to cause, or what facts support an inference that Defendant subjectively believed the injury was substantially certain to result.

The Complaint's reliance on the state court's terminating sanctions does not cure this deficiency. As alleged, the terminating sanctions arose from Defendant's failure to comply with discovery obligations and court orders. [Dk. 1, ¶ 39]. The allegation that

Defendant intentionally engaged in litigation misconduct does not, without more, establish that Defendant subjectively intended the injury underlying the judgment or believed that such injury was substantially certain to occur.

Nor does the resulting default judgment, as described in the Complaint, establish the elements of § 523(a)(6). Plaintiff alleges that the underlying State Court Action involved claims including breach of fiduciary duty, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, actual fraud, constructive fraud, constructive trust, quiet title, conversion, accounting, money had and received, intentional infliction of emotion distress, and negligent infliction of emotional distress. [Dk. 1, ¶ 7]. Plaintiff alleges that the Superior Court entered a default judgment on July 23, 2025, against Debtor in the State Court Action. [Dk. 1, ¶ 17]. However, the default judgment is not attached to the Complaint, and it is unclear upon which claims and factual allegations the Superior Court entered default judgment. The mere existence of the alleged default judgment therefore does not relieve Plaintiff of the obligation to plead facts sufficient to establish that the debt arose from a willful and malicious injury within the meaning of § 523(a)(6).

Accordingly, the Motion is GRANTED as to the Third Cause of Action under § 523(a)(6), with leave to amend.

## IV.    LEAVE TO AMEND

Dismissal without leave to amend is not warranted. Although Civil Rule 12(c) does not expressly provide for leave to amend, a court has discretion to grant a motion for judgment on the pleadings with leave to amend. *See Aboyan*, 2025 U.S. Dist. LEXIS 230027, at *12-13. "If a court grants a motion for judgment on the pleadings, leave to amend should be granted unless such amendment would be futile." *Payward, Inc.*, 763 F. Supp. 3d at 907. Courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15. Here, Plaintiff's proposed First Amended Complaint [Dk. 31, Exhibit "A"] adds substantial factual detail concerning his claims under §§ 523(a)(2)(A), (a)(4), and (a)(6), including his allegations regarding the Teal and Flamingo transactions.

Accordingly, amendment would not be futile, and the Motion is GRANTED with leave to amend.

**V.     CONCLUSION**

The Complaint does not plead sufficient facts to state plausible claims for relief under §§ 523(a)(2)(A), 523(a)(4), or 523(a)(6). Although the Complaint identifies broad categories of alleged misconduct and relies substantially on the underlying state-court judgment and terminating sanctions, it does not plead the particular facts necessary to establish the distinct elements of the nondischargeability theories asserted.

Specifically, the Complaint does not sufficiently identify the fraudulent conduct and its causal connection to the debt under § 523(a)(2)(A); a qualifying fiduciary relationship or facts supporting embezzlement or larceny under § 523(a)(4); or Defendant's subjective intent to cause the particular injury underlying the debt under § 523(a)(6). Because the identified deficiencies may potentially be cured by additional factual allegations, however, the Court will permit Plaintiff an opportunity to amend.

///

///

///

Accordingly, IT IS ORDERED that:

1. Defendant Minh Tuong Nguyen's Motion for Judgment on the Pleadings [Dk. 23] is GRANTED.

2. Plaintiff's First, Second, and Third Causes of Action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), respectively, are DISMISSED WITH LEAVE TO AMEND.

3. Plaintiff shall file any amended complaint within twenty-one (21) days of entry of this Order. If Plaintiff fails to timely file an amended complaint, the continued status conference may be vacated, and this adversary proceeding may be dismissed and closed without further notice or hearing.

4. If Plaintiff does not timely file an amended complaint, Defendant may seek entry of judgment consistent with this Order.

5. The July 28, 2026, status conference is CONTINUED to October 13, 2026, at 1:30 p.m., with a status report due fourteen (14) days in advance.

**IT IS SO ORDERED.**

Date: July 20, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-11-