United States Bankruptcy Court
Central District of California

Nguyen,
Plaintiff

Adv. Proc. No. 26-01027-SC

Nguyen,
Defendant

# CERTIFICATE OF NOTICE

District/off: 0973-8 User: admin Page 1 of 1
Date Rcvd: Sep 11, 2026 Form ID: pdf031 Total Noticed: 3

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 13, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Heidi H.L. Griffith, Directions Law, 9140 Trask Ave Ste 100, Garden Grove, CA 92844-2202 |
| dft | + | Minh Tuong Nguyen, c/o Directions Law, 9140 Trask Ave Ste 100, Garden Grove, CA 92844-2202 |
| pla | + | Paul Nguyen, 16027 Brookhurst St Ste I-104, Fountain Valley, CA 92708-1551 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 11, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jeffrey I Golden (TR) | lwerner@go2.law kadele@go2.law;C205@ecfcbis.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 2

FILED & ENTERED

SEP 11 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.: 8:26-bk-10347-SC<br>Adv. No.: 8:26-ap-01027-SC<br><br>**ORDER DENYING MINH TUONG NGUYEN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DK. 39] AND VACATING HEARING**<br><br><u>Vacated hearing</u>:<br>Date: September 15, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5C |
| Paul Nguyen,<br><br>Plaintiff(s),<br><br>v.<br><br>Minh Tuong Nguyen,<br><br>Defendant(s). | |

//

//

//

The Court has considered Defendant Minh Tuong Nguyen's Motion to Dismiss Plaintiff's First Amended Complaint Under Federal Rules of Civil Procedure 12(b)(6) and 9(b), filed August 20, 2026 [Dk. 39] (the "Motion"), Plaintiff Paul Nguyen's First Amended Complaint to Determine Nondischargeability of Debt Under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), filed August 6, 2026 [Dk. 38] (the "FAC"), Plaintiff's Opposition filed August 27, 2026 [Dk. 41] (the "Opposition"), the Court's Order Denying Plaintiff's Motion for Partial Summary Judgment or, in the Alternative, Partial Summary Adjudication entered June 8, 2026 [Dk. 27] (the "Summary Judgment Order"), the Court's Order Granting Defendant's Motion for Judgment on the Pleadings With Leave to Amend entered July 20, 2026 [Dk. 33] (the "Prior Pleading Order"), and the pleadings and papers on file in this adversary proceeding. No reply was filed.

The Court finds this matter appropriate for disposition without oral argument. For the reasons set forth below, the Motion is DENIED and the September 15, 2026 hearing is VACATED.

**I. Background**

Plaintiff commenced this adversary proceeding on March 12, 2026, seeking a determination that a state-court judgment debt owed by Defendant is nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6). [Dk. 1]. Plaintiff alleges that he is the assignee of a judgment originally entered in favor of Ngoc Tuyet Lam and against Defendant in the Orange County Superior Court. [Dk. 1, ¶ 5].

On June 8, 2026, the Court denied Plaintiff's Motion for Partial Summary Judgment. [Dk. 27]. The Summary Judgment Order held that Plaintiff had not established that the existing state-court judgment actually and necessarily decided the elements required for nondischargeability under § 523(a)(2)(A) or § 523(a)(4). [Dk. 27, 8:4-8]. The Summary Judgment Order did not adjudicate the truth of the underlying transaction allegations. [Dk. 27].

On July 20, 2026, the Court granted Defendant's Motion for Judgment on the Pleadings as to the original Complaint, with leave to amend. [Dk. 33]. The Prior Pleading Order held that the original Complaint did not allege sufficient facts to state plausible claims under

§§ 523(a)(2)(A), 523(a)(4), or 523(a)(6). [Dk. 33, 10:4-5]. The Prior Pleading Order permitted amendment because Plaintiff's proposed amended complaint added substantial factual detail and amendment was not futile. [Dk. 33, 9:26-28; 10:1-2]. Plaintiff then filed the FAC. [Dk. 38]. The FAC asserts three claims: (1) false representations, false pretenses, and actual fraud under § 523(a)(2)(A); (2) embezzlement under § 523(a)(4); and (3) willful and malicious injury under § 523(a)(6). [Dk. 38].

Defendant moves to dismiss all three claims with prejudice. [Dk. 39]. Defendant argues that the FAC remains legally insufficient because it adds detail but still does not plausibly allege fraudulent intent, embezzlement, or willful and malicious injury. [Dk. 39, 6:12-16]. Defendant also argues that the FAC relies on an oral statement respecting Defendant's financial condition, fails to plead causation and reliance, relies on unadjudicated state-court prove-up allegations, and is contradicted by the judgment exhibit attached to the FAC. [Dk. 39].

Plaintiff opposes the Motion. [Dk. 41]. Plaintiff argues that the FAC now pleads the transaction-specific facts the Prior Pleading Order found missing, including specific representations and omissions, the entrusted funds, alleged retention or diversion, Lam's reliance, and facts supporting Defendant's alleged intent. [Dk. 41, 6:2-5]. Plaintiff further argues that Defendant's Motion raises competing factual inferences, proof issues, and allocation issues that cannot be resolved on a Rule 12(b)(6) motion. [Dk. 41].

## II. Legal Standards

Federal Rule of Bankruptcy Procedure 7012 incorporates Federal Rule of Civil Procedure 12(b). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *See Davis v. Monroe County Bd. Of Educ.,* 526 U.S. 629, 633 (1999). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, but it need not accept legal conclusions, conclusory allegations, unwarranted deductions, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004); *Sprewell v. Golden State*

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal Rule of Bankruptcy Procedure 7009 incorporates Federal Rule of Civil Procedure 9(b). Where a claim sounds in fraud, the circumstances constituting fraud must be pleaded with particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). FRCP 9(b) requires sufficient detail to give the defendant notice of the particular misconduct alleged so that the defendant may prepare a meaningful response. *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b).

The Court does not decide whether Plaintiff can prove the allegations, whether the alleged facts are true, or what portion of any judgment debt is nondischargeable. The Court's main inquiry is whether plausible claims have been alleged in the FAC, for which Defendant would be provided fair notice on the grounds on which the claims rest.

## III. Discussion

### A. First Claim for Relief Under § 523(a)(2)(A)

The Motion is DENIED as to the First Claim for Relief.

Section 523(a)(2)(A) excepts from discharge a debt for money, property, services, or credit to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition. To state a claim based on misrepresentation or deceptive conduct, Plaintiff must allege a misrepresentation, fraudulent omission, or deceptive conduct by Defendant; knowledge of falsity or deceptiveness; intent to deceive; justifiable reliance; and resulting damage proximately caused by the reliance. *Turtle Rock Meadows Homeowners Ass'n v. Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). A promise of future conduct may support a fraud claim if the promise was made without a present intent to perform. *In re Rubin*, 875 F.2d 755, 759 (9th Cir. 1989). Later nonperformance alone is not enough. *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30-31 (1985).

In the Prior Pleading Order, the Court dismissed the original Complaint because it did not identify the particular representation or omission, when or where it occurred, the property or transaction to which it related, what Defendant allegedly knew at the time, how Lam relied,

or how that reliance proximately caused the debt embodied in the state-court judgment. [Dk. 33, 5:26-28; 6:1].

Defendant argues that the FAC still fails because it relies on conclusory labels and later nonperformance rather than dated, particularized facts showing Defendant's intent when the alleged promises were made. [Dk. 39, 10:5-20]. Defendant further argues that the FAC does not allege when any mortgage application or escrow structure was arranged relative to the alleged all-cash representation, and that an ordinary explanation remains available on the face of the pleading. [Dk. 39, 10:20-28].

Plaintiff responds that the FAC now identifies the transaction-specific representations and omissions and alleges contemporaneous facts supporting a plausible inference of present intent not to perform. [Dk. 41]. Plaintiff relies on allegations that Defendant promised to return Lam's $600,000 after the Teal replacement buyer closed, that the Teal transaction later closed, and that Defendant did not return the funds. [Dk. 38, ¶¶ 39-45, 80(c)]. Plaintiff also relies on allegations that Defendant represented Flamingo would be purchased with cash and that Defendant would contribute approximately $402,000, while the transaction closed with an approximately $870,000 mortgage, no promised contribution, and only $459,047.52 of Lam's $946,000 deposited into Flamingo escrow. [Dk. 38, ¶¶ 47-57, 80(d)]. Plaintiff further relies on allegations that Defendant presented English-language documents as ordinary escrow and closing papers while allegedly failing to disclose the mortgage financing, Lam's co-borrower status, Defendant's failure to contribute, and the amount of Lam's funds actually deposited into escrow. [Dk. 38, ¶¶ 51-52, 80(e), 81].

The Court concludes that the FAC pleads enough to survive dismissal. The FAC identifies the alleged representations, the transactions to which they related, the approximate timing of the representations, the alleged omissions, Lam's alleged reliance, and the alleged resulting injuries. [Dk. 38, ¶¶ 80-90]. The allegations are not limited to later nonperformance. They include the alleged transaction structure, alleged nondisclosures, alleged escrow shortfall, alleged mortgage financing, alleged failure to contribute, and alleged retention of funds. [Dk. 38, ¶¶ 80-90]. Those allegations plausibly support the § 523(a)(2)(A) claim at the

pleading stage.

Defendant's argument that an ordinary explanation exists does not require dismissal. The Court does not choose among competing plausible inferences on this Motion. Defendant may later contest intent, reliance, causation, and the factual basis for Plaintiff's allegations, but those issues are not resolved under Rule 12(b)(6).

Defendant also argues that the FAC relies on an oral statement that Defendant maintained a $10 million revolving cash fund, and that the statement is excluded from § 523(a)(2)(A) because it concerns Defendant's financial condition. [Dk. 39, 11-13]. Plaintiff responds that the FAC does not rely on that statement as an independent actionable representation and that the operative representations concern the use and disposition of specific funds, the transaction structure, and Defendant's then-existing intent. [Dk. 41, 9:13-28; Dk. 38 ¶ 89].

The Court need not determine, for purposes of this Motion, whether the alleged cash-fund statement is a statement respecting Defendant's financial condition. The FAC expressly states that Plaintiff does not rely on that statement as an independent actionable statement under § 523(a)(2)(A). [Dk. 38, ¶¶ 28, 89]. The FAC alleges other representations and omissions concerning the Teal and Flamingo transactions. [Dk. 38, ¶ 80]. Those allegations are sufficient to plead the First Claim for Relief without treating the alleged cash-fund statement as an independent basis for nondischargeability.

Defendant also argues that the FAC's "actual fraud" theory falls outside the category of actual fraud recognized in *Husky International Electronics, Inc. v. Ritz*, 578 U.S. 355 (2016). [Dk. 39]. The Court need not decide on this Motion whether paragraph 88 in the FAC, standing alone, states an independent actual-fraud theory. The First Claim for Relief also rests on alleged false representations, false pretenses, and omissions identified in paragraphs 80 through 87. [Dk. 38]. Those allegations are sufficient to allow the First Claim for Relief to proceed at the pleading stage.

Defendant also argues that Lam's alleged conduct after discovering the mortgage breaks the chain of reliance and causation, particularly as to the alleged mortgage payments.

[Dk. 39, 13:12-28; 14:1-10]. Plaintiff responds that the FAC alleges Lam made the payments to avoid foreclosure after discovering the concealed financing and that allocation and traceability are proof issues. [Dk. 41, 10:13-16; 11:2-3].

The Court agrees that the causation and allocation issues do not require dismissal at the pleading stage. The FAC alleges that Lam relied by delivering funds, withdrawing from the Teal transaction, signing documents, and proceeding with the transactions under Defendant's direction. [Dk. 38, ¶¶ 71, 80-87]. The FAC further alleges that Lam paid the mortgage after discovering the financing to prevent foreclosure. [Dk. 38, ¶¶ 63, 75]. Whether Plaintiff can prove that any particular component of the judgment debt is legally traceable to the alleged fraud is not decided on this Motion.

The First Claim for Relief states a plausible claim under § 523(a)(2)(A).

**B. Second Claim for Relief Under § 523(a)(4)**

The Motion is DENIED as to the Second Claim for Relief.

Section 523(a)(4) excepts from discharge debts arising from fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. The FAC proceeds only on an embezzlement theory. [Dk. 38, ¶ 94]. Embezzlement requires property rightfully in the possession of a nonowner, appropriation of the property to a use other than that for which it was entrusted, and circumstances indicating fraud. *Transamerica Commercial Finance Corp. v. Littleton*, 942 F.2d 551, 555 (9th Cir. 1991); *First Delaware Life Insurance Co. v. Wada*, 210 B.R. 572, 576 (B.A.P. 9th Cir. 1997).

In the Prior Pleading Order, the Court dismissed the original Complaint because it did not identify the specific property allegedly entrusted to Defendant, the circumstances under which Defendant lawfully obtained possession, the purpose for which it was entrusted, or the manner in which Defendant appropriated the property to an unauthorized use. [Dk. 33].

Defendant argues that the FAC still does not plead embezzlement because it does not say what Defendant did with the funds. [Dk. 39, 14:21-23]. Defendant contends that allegations of retention, refusal to return funds, and assertion of ownership merely describe a disputed debt. [Dk. 41, 14:23-27]. Defendant also argues that Defendant's alleged statement

that Lam owed him money negates circumstances indicating fraud. [Dk. 41, 15:16-27].

Plaintiff responds that the FAC identifies the property, the restricted purposes for which Lam allegedly delivered the funds, Defendant's lawful initial possession as a nonowner, the alleged unauthorized retention or diversion, and circumstances indicating fraud. [Dk. 41, 7:17-20]. Plaintiff also argues that embezzlement does not require the pleading to identify the final destination of every dollar. [Dk. 41, 11:17-19].

The Court concludes that the FAC adequately pleads embezzlement. The FAC identifies the property as the $600,000 delivered for Teal and the $946,000 delivered for Flamingo. [Dk. 38, ¶ 95]. It alleges that Lam lawfully delivered the funds to Defendant, that Defendant lawfully received them as a nonowner and transaction representative for restricted purposes, and that Lam did not give, loan, or transfer the funds to Defendant for unrestricted personal use. [Dk. 38, ¶¶ 96-97]. The FAC alleges that the authorized Teal purpose ended when the replacement buyer closed, but Defendant retained the $600,000 and did not transfer it to Flamingo. [Dk. 38, ¶¶ 98, 100]. The FAC further alleges that Defendant was authorized to deposit Lam's $946,000 into the Flamingo escrow, but deposited only $459,047.52 and retained or diverted the remaining $486,952.48. [Dk. 38, ¶¶ 99-100].

The FAC also alleges circumstances indicating fraud, including concealment of the actual deposits and mortgage financing, misrepresentation of the all-cash structure, presentation of loan documents as ordinary closing papers, withholding of closing information, refusal to return or account for funds, and assertion of ownership after demand. [Dk. 38, ¶¶ 101-102].

Defendant may dispute Lam's ownership interest, the restricted purpose, Defendant's entitlement to retain funds, the alleged diversion, and Plaintiff's ability to trace the funds. Those disputes do not require dismissal on the pleadings. The FAC identifies the property, the alleged entrusted purpose, the alleged unauthorized retention or diversion, and the alleged circumstances indicating fraud. That is sufficient at this stage.

The Second Claim for Relief states a plausible embezzlement claim under § 523(a)(4).

//

**C. Third Claim for Relief Under § 523(a)(6)**

The Motion is DENIED as to the Third Claim for Relief.

Section 523(a)(6) excepts from discharge debts arising from a debtor's willful and malicious injury to another entity or to the property of another entity. The willfulness requirement requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). In the Ninth Circuit, the debtor must subjectively intend the injury or subjectively believe that injury is substantially certain to result. *Carrillo v. Su*, 290 F.3d 1140, 1142, 1146 (9th Cir. 2002). Malice requires a wrongful act, done intentionally, that necessarily causes injury and is done without just cause or excuse. *Petralia v. Jercich*, 238 F.3d 1202, 1209 (9th Cir. 2001).

In the Prior Pleading Order, the Court dismissed the original Complaint because it did not identify the particular injury-producing conduct, what injury Defendant allegedly intended to cause, or what facts supported an inference that Defendant subjectively believed the injury was substantially certain to result. [Dk. 33].

Defendant argues that the FAC alleges only an intentional refusal to pay a disputed debt, which is insufficient under § 523(a)(6). [Dk. 39, 16:6-20]. Defendant further argues that the FAC does not allege a specific, traceable sum sufficient to plead conversion under California law, and that the alleged threats are not pleaded with enough detail to support willfulness or malice. [Dk. 39, 16-18].

Plaintiff responds that the FAC alleges more than nonpayment. [Dk. 41, 8:7]. Plaintiff points to allegations that Defendant intentionally deprived Lam of identified funds, continued the mortgage burden and foreclosure risk after allegedly knowing the consequences, and threatened Lam and her family after repayment demands. [Dk. 41, 8:7-19].

The Court concludes that the FAC adequately pleads the Third Claim for Relief. The FAC alleges specific injury-producing conduct: Defendant's alleged retention of identified funds, alleged refusal to contribute funds needed to refinance after the mortgage was discovered, alleged continuation of the mortgage burden and foreclosure risk, and alleged threats directed to Lam and her family. [Dk. 38, ¶¶ 107-115]. The FAC also alleges that

Defendant knew Lam had discovered the mortgage and demanded return of her savings, knew Lam would have to make mortgage payments to prevent foreclosure, and subjectively intended the economic injury or believed it was substantially certain to occur. [Dk. 38, ¶¶ 108-110]. The FAC further alleges threats and resulting emotional injury. [Dk. 38, ¶¶ 111-112].

Defendant's *Lockerby* and *Voris* arguments do not require dismissal at this stage. The FAC does not allege only a generalized failure to pay money. It identifies the sums allegedly delivered for Teal and Flamingo, alleges Defendant retained or diverted specified amounts outside the alleged restricted purposes, and alleges threats and continued mortgage-related injury after Lam demanded return of the funds. [Dk. 38, ¶¶ 95-102, 107-115]. The Court does not decide whether Plaintiff can prove conversion, an independent tort, willfulness, malice, causation, damages, or traceability. The Court concludes only that the Third Claim for Relief is not subject to dismissal as merely a disputed debt on the allegations now pleaded.

The Third Claim for Relief states a plausible claim under § 523(a)(6).

**D. State-Court Judgment, Prove-Up Declaration, and Attached Judgment**

Defendant also argues that the FAC should be dismissed because the underlying state-court judgment arose from terminating sanctions and a default prove-up, not an adjudication on the merits of the nondischargeability elements. [Dk. 39, 19:14-24]. Defendant further argues that the damages figures come from Lam's untested Section 585(d) declaration and that Plaintiff's preservation of possible future issue preclusion confirms that the FAC is not presently sufficient. [Dk. 39, 19:25-28; 20:1-7].

Plaintiff responds that the FAC does not presently depend on issue preclusion. [Dk. 41, 6:15-16; 13:18-19]. Plaintiff argues that the FAC pleads the underlying transaction facts directly and preserves issue preclusion only if a later final state-court clarification or amended judgment satisfies applicable law. [Dk. 41, 13:18-26].

The Court agrees with Plaintiff on this limited point. The Summary Judgment Order held that Plaintiff had not established issue preclusion based on the existing state-court judgment record. [Dk. 27]. That ruling does not require dismissal of the FAC. The FAC pleads the underlying transaction facts directly and states that Plaintiff does not rely on the pending state-

court clarification motion as presently having preclusive effect. [Dk. 38, ¶¶ 21-25]. The fact that the state-court judgment does not presently establish issue preclusion does not bar Plaintiff from attempting to prove the underlying facts in this adversary proceeding.

Defendant also argues that the judgment attached to the FAC contradicts Plaintiff's property-impairment allegations because it quieted title to the Flamingo Property in favor of Lam and extinguished Tran's asserted interest. [Dk. 39, 20:19-28; 21:1-14]. Plaintiff responds that the judgment does not contradict the allegations concerning the mortgage, escrow shortfall, mortgage-payment injury, or retained funds. [Dk. 41, 13:28; 14:1-7].

Even assuming the quiet-title provision limits Plaintiff's property-impairment theory, it does not require dismissal of the First or Third Claim for Relief. The FAC also alleges retained or diverted funds, mortgage-payment injury, and threats. [Dk. 38, ¶¶ 63, 75, 95-102, 107-115]. The Court does not decide on this Motion the availability, amount, allocation, or traceability of any particular damages category.

The Court does not decide the preclusive effect of the existing state-court judgment, any pending state-court request, or any later state-court ruling. The Court also does not decide the admissibility or weight of Lam's prove-up declaration or the amount of any nondischargeable debt.

**IV. Conclusion**

The FAC pleads sufficient facts to state plausible claims under §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). This ruling determines only that the FAC survives dismissal under Rules 12(b)(6) and 9(b). Plaintiff must still prove the elements of each claim and any necessary allocation or traceability of the judgment debt.

//

//

//

//

//

//

Accordingly, IT IS ORDERED that:

1. Defendant Minh Tuong Nguyen's Motion to Dismiss Plaintiff's First Amended Complaint [Dk. 39] is DENIED.
2. The September 15, 2026 hearing on the Motion is VACATED.
3. Defendant shall file and serve a responsive pleading to the First Amended Complaint within fourteen (14) days after entry of this Order.

**IT IS SO ORDERED.**

###

Date: September 11, 2026

Scott C. Clarkson
United States Bankruptcy Judge